The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DIBAKAR BARUA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,<br><br>　　　　　Defendants. | Civil Action No. 2:21-CV-01551-TSZ<br><br>**MOTION OF LEE MCCORMICK FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**<br><br>NOTE ON MOTION CALENDAR: February 4, 2022<br><br>ORAL ARGUMENT REQUESTED |
| STEVEN SILVERBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,<br><br>　　　　　Defendants. | Civil Action No. 2:21-cv-01567-TSZ |
| AARON WINSTON HILLIER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,<br><br>　　　　　Defendants. | Civil Action No. 2:22-cv-00014-TSZ |

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 1

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

## MOTION

Lead Plaintiff Movant Lee McCormick ("McCormick") respectfully moves this court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (i) consolidating the above-captioned actions; (ii) appointing McCormick as Lead Plaintiff; (iii) approving McCormick's selection of Glancy Prongay & Murray LLP as Lead Counsel and Rossi Vucinovich, P.C. as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper. This motion is noted on the Court's motion calendar for February 4, 2022, before the Honorable Thomas S. Zilly, located at the United States Courthouse, 700 Stewart Street, Suite 15229, Seattle, WA 98101-9906. McCormick respectfully requests oral argument.

This Motion is made on the grounds that McCormick believes that he is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, McCormick believes that he has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the significant losses that he incurred on his investments in the securities of Zillow Group, Inc. ("Zillow" or the "Company"). McCormick also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.

In support of this Motion, McCormick submits the accompanying memorandum of law submitted herewith, the Declaration of Benjamin T.G. Nivison ("Nivison Decl.") and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 2

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

# MEMORANDUM OF LAW

## I. PRELIMINARY STATEMENT

The above-captioned actions are securities class actions brought on behalf of all persons who purchased or otherwise acquired Zillow securities between August 7, 2020 and November 2, 2021, inclusive ("Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that McCormick is the "most adequate plaintiff" as defined by the PSLRA.

McCormick has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, McCormick satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, McCormick respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, McCormick's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND[1]

Zillow is a real estate company that purports to offer customers "an on-demand experience for selling, buying, renting or financing with transparence." The Company's "Zillow Offers"

---

[1] This section has been adapted from the complaints filed in the above-captioned actions.

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 3

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

business "buys and sells homes directly in dozens of markets across the country, allowing sellers control over their timeline." The Company directly purchases homes from sellers, makes certain repairs and updates to these properties, and subsequently resells the homes to purchasers.

On October 4, 2021, analysts from RBC Capital Markets lowered their price target for the Company, warning that Zillow Offers would likely miss quarterly expectations. On this news, Zillow's Class A share price fell $5.72, or more than 6%, to close at $85.68 per share on October 4, 2021, and its Class C share price fell $4.98, or about 5.5%, to close at $85.38 per share on October 4, 2021.

Then, on October 18, 2021, the Company announced that Zillow Offers suspended signing of new contracts through 2021 and would focus on its current inventory, citing "a backlog in renovations and operational capacity restraints." Zillow claims that "[p]ausing new contracts will enable us to focus on sellers already under contract with us and our current home inventory." On this news, Zillow's Class A share price fell $8.84, or 9.4%, to close at $85.46 per share on October 18, 2021, and its Class C share price fell $8.97, or 9.4%, to close at $86.00 per share on October 18, 2021.

Then, on November 1, 2021, media outlets reported that most of the homes in Zillow Offers' inventory were now worth less than the Company paid for them and that Zillow was looking to sell off 7,000 homes. On this news, Zillow's Class A share price fell $20.24, or more than 19%, to close at $85.48 per share on November 2, 2021, and its Class C share price fell $16.43, or nearly 16%, to close at $87.20 per share on November 2, 2021.

Then, on November 2, 2021, after the market closed, Zillow announced that it would wind-down Zillow Offers because "the unpredictability in forecasting home prices far exceeds what we anticipated and continuing to scale Zillow Offers would result in too much earnings and balance-sheet volatility." As a result, third quarter 2021 financial results included "a write-down of inventory of approximately $304 million within the Homes segment as a result of purchasing homes in Q3 at higher prices than the [C]ompany's current estimates of future selling prices." Moreover, the "[C]ompany further expects an additional $240 million to $265 million of losses to

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 4

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

be recognized in Q4 primarily on homes it expects to purchase in Q4." On this news, Zillow's Class A share price fell $19.62, or 23%, to close at $65.86 per share on November 3, 2021, and its Class C share price fell $21.73, or 25%, to close at $65.47 per share on November 3, 2021.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that, despite operational improvements, the Company experienced significant unpredictability in forecasting home prices for its Zillow Offers business; (2) that such unpredictability, as well as labor and supply shortages, led to a backlog of inventory; (3) that, as a result of the foregoing, the Company was reasonably likely to wind-down the Zillow Offers business, which would have a material adverse impact on its financial results; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

### III. PROCEDURAL HISTORY

On November 16, 2021, plaintiff Dibakar Barua commenced a securities fraud class action against Zillow and certain of its officers, captioned *Barua v. Zillow Group, Inc.*, Case No. 2:21-cv-01551 (the "*Barua* Action"). It is brought on behalf of persons and entities that purchased or otherwise acquired Zillow securities between February 10, 2021 and November 2, 2021.

On November 19, 2021, plaintiff Steven Silverberg filed a substantially similar class action, captioned *Silverberg v. Zillow Group, Inc.*, Case No. 2:21-cv-01567 (the "*Silverberg* Action"). It is also brought on behalf of persons and entities that purchased or otherwise acquired Zillow securities between February 10, 2021 and November 2, 2021.

On January 6, 2022, plaintiff Aaron Winston Hillier filed a substantially similar class action, captioned *Hillier v. Zillow Group, Inc.*, Case No. 2:22-cv-00014 (the "*Hillier* Action," and together with the *Barua* and *Silverberg* Actions, the "Related Actions"). It is brought on behalf of persons and entities that purchased or otherwise acquired Zillow securities during the Class Period.

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 5

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See e.g.*, *Sabbagh v. Cell Therapeutics, Inc.*, 2010 WL 3064427, at *3 (W.D. Wash. Aug. 2, 2010) (consolidating cases "alleging the same violations of federal securities laws against the same defendants during substantially the same period of time").

### B. McCormick Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 6

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

    (aa)    will not fairly and adequately protect the interest of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, McCormick has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. McCormick, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, McCormick respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. McCormick's Motion Is Timely

On November 16, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Nivison Decl., Ex. A. Therefore, McCormick had sixty days (i.e., until January 18, 2022), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Zillow securities during the Class Period, McCormick is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, McCormick attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Nivison Decl., Ex. B. Accordingly, McCormick satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. McCormick Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 7

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, McCormick believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

McCormick purchased Zillow securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. See Nivison Decl., Ex. C. To the best of his knowledge, McCormick is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, McCormick believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. McCormick Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, "[a]t the lead plaintiff stage, . . . all that is required is a prima facie showing that the lead plaintiff's claims are typical and adequate." *In re Coinstar Inc. Sec. Litig.*, 2011 WL 13233156, at *2 (W.D. Wash. Apr. 19, 2011).

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 8

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

### a) McCormick's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See id*. Under Rule 23 a lead plaintiff's claims are typical "if he is reasonably coextensive with those of the absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, McCormick's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, McCormick purchased Zillow securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, McCormick alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Zillow's operations and financial prospects. McCormick's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Zillow securities caused by defendants' alleged misrepresentations and omissions. Accordingly, McCormick's interests and claims are typical of the interests and claims of the Class.

### b) McCormick is an Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)); *see also Schonfield v. Dendreon Corp.*, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007) (Adequacy requires a demonstration that: "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation.").

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 9

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

Here, McCormick easily satisfies the adequacy requirements. McCormick's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "[t]here are no facts suggesting any actual or potential conflict of interest or other antagonism exists between [McCormick] and other Class members." *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1076 (W.D. Wash. 2011). Moreover, McCormick has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Nivison Decl., Ex. D (the firms' résumé). McCormick resides in Placer County, California. He has been a sales representative for PING Inc. for 32 years and has a Bachelor's of Science degree in Business Administration. He has been managing his investment portfolio for approximately 7 years. In addition, McCormick is not aware of any conflict between his claims and those asserted on behalf of the Class.

### C. The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, McCormick selected Glancy Prongay & Murray LLP as lead counsel for the class and Rossi Vucinovich, P.C. as liaison counsel. Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Nivison Decl., Ex. D. GPM will consult Rossi Vucinovich, P.C. regarding compliance with local rules. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve McCormick's selection of counsel.

### V. CONCLUSION

For the foregoing reasons, Lee McCormick respectfully asks the Court to grant his motion and enter an Order: (1) consolidating the Related Actions; (2) appointing McCormick as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel and Rossi Vucinovich,

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 10

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

P.C. as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  January 18, 2022           Respectfully submitted,

**ROSSI VUCINOVICH, P.C.**
By:   /s/ *Benjamin T.G. Nivison*
Benjamin T.G. Nivison, WA Bar No. 39797
bnivison@rvflegal.com
1000 Second Avenue, Suite 1420
Seattle, WA 98104
Phone (425) 646-8003
Fax (425) 646-8004

*Liaison Counsel for Movant Lee McCormick and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Phone (310) 201-9150
Fax (310) 201-9160

*Counsel for Movant Lee McCormick and Proposed Lead Counsel for the Class*

MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (2:21-CV-01551-TSZ) - 11

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003 / Fax (425) 646-8004

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On January 18, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Western District of Washington, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 18, 2022, at Seattle, Washington.

<i>/s/ Benjamin T.G. Nivison</i><br>
Benjamin T.G. Nivison