# EXHIBIT A

Townsend Decl. 3

DocuSign Envelope ID: 2BAC1952-D47B-4FF2-BD00-C5B429E2F807

## CERTIFICATION PURSUANT TO SECURITIES LAWS

Alex Ambrose _____ ("Plaintiff") declares, as to the claims asserted under the federal securities law, that:

1. Plaintiff has fully reviewed the facts of the complaint(s) filed in this action alleging violations of the securities laws, and retains the firm of Kahn Swick and Foti, LLC to pursue such action on a contingent fee basis.

2. Plaintiff did not purchase securities of _Zillow Group, Inc._____ at the direction of Plaintiff's counsel or in order to participate in a private action under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. During the Class Period, Plaintiff has executed transactions in the securities of _Zillow Group, Inc._____ The transactions in the attached Schedule set forth all of the transactions of Plaintiff in _Zillow Group, Inc._____ securities during the Class Period specified in the complaint(s).

5. In the last three years, Plaintiff has not sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws, except as indicated herein.

6. Plaintiff will not accept payment for serving as a representative beyond his/her/its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _1/11/2022_____

DocuSigned by:

_Alex Ambrose_____

4689933AF1CD4C6...

Signature

Alex Ambrose
_____
Printed Name

Alex Ambrose
_____
Plaintiff

**Townsend Decl. 4**

| SCHEDULE A | | | | | |
|---|---|---|---|---|---|
| **Transactions of Zillow Group, Inc. Class A Stock (NasdaqGS: ZG)** | | | | | |
| DATE | TRANSACTION | QUANTITY | SYMBOL | PRICE | |
| 5/5/2021 | BOUGHT | 3,400 | ZG | $ | 120.76 |
| 5/5/2021 | BOUGHT | 100 | ZG | $ | 120.60 |
| 5/5/2021 | BOUGHT | 175 | ZG | $ | 120.56 |
| 5/5/2021 | BOUGHT | 175 | ZG | $ | 120.55 |
| 5/5/2021 | BOUGHT | 275 | ZG | $ | 120.54 |
| 5/5/2021 | BOUGHT | 115 | ZG | $ | 120.53 |
| 5/5/2021 | BOUGHT | 100 | ZG | $ | 120.51 |
| 5/5/2021 | BOUGHT | 100 | ZG | $ | 120.50 |
| 5/5/2021 | BOUGHT | 60 | ZG | $ | 120.49 |
| 5/5/2021 | BOUGHT | 400 | ZG | $ | 120.42 |
| 5/5/2021 | BOUGHT | 825 | ZG | $ | 120.40 |
| 5/5/2021 | BOUGHT | 75 | ZG | $ | 120.39 |
| 5/5/2021 | BOUGHT | 100 | ZG | $ | 120.37 |
| 5/5/2021 | BOUGHT | 1 | ZG | $ | 120.36 |
| 5/5/2021 | BOUGHT | 99 | ZG | $ | 120.35 |
| 5/13/2021 | BOUGHT | 1,000 | ZG | $ | 110.99 |

# EXHIBIT B

**Zillow Securities Litigation**
**Loss Chart (NasdaqGS: ZG)**
**Class Period Begins:** 8/7/2020
**Class Period Ends:** 11/2/2021
**90-Day Ends:** 1/31/2022
**Mean Trading Price:** $ 59.58

| DATE | TRANSACTION | QUANTITY | SYMBOL | PRICE | TOTAL (COST) | DATE | TRANSACTION | QUANTITY | PRICE | TOTAL PROCEEDS | TOTAL GAIN or (LOSS) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/5/2021 | BOUGHT | 3,400 | ZG | $ 120.76 | $ (410,584.00) | | HELD | (3,400) $ | 59.58 | 202,560.00 | $ (208,024.00) |
| 5/5/2021 | BOUGHT | 100 | ZG | $ 120.60 | $ (12,060.00) | | HELD | (100) $ | 59.58 | 5,957.65 | $ (6,102.35) |
| 5/5/2021 | BOUGHT | 175 | ZG | $ 120.56 | $ (21,098.00) | | HELD | (175) $ | 59.58 | 10,425.88 | $ (10,672.12) |
| 5/5/2021 | BOUGHT | 175 | ZG | $ 120.55 | $ (21,096.25) | | HELD | (175) $ | 59.58 | 10,425.88 | $ (10,670.37) |
| 5/5/2021 | BOUGHT | 275 | ZG | $ 120.54 | $ (33,148.50) | | HELD | (275) $ | 59.58 | 16,383.53 | $ (16,764.97) |
| 5/5/2021 | BOUGHT | 115 | ZG | $ 120.53 | $ (13,860.95) | | HELD | (115) $ | 59.58 | 6,851.29 | $ (7,009.66) |
| 5/5/2021 | BOUGHT | 100 | ZG | $ 120.51 | $ (12,051.00) | | HELD | (100) $ | 59.58 | 5,957.65 | $ (6,093.35) |
| 5/5/2021 | BOUGHT | 100 | ZG | $ 120.50 | $ (12,050.00) | | HELD | (100) $ | 59.58 | 5,957.65 | $ (6,092.35) |
| 5/5/2021 | BOUGHT | 60 | ZG | $ 120.49 | $ (7,229.40) | | HELD | (60) $ | 59.58 | 3,574.59 | $ (3,654.81) |
| 5/5/2021 | BOUGHT | 400 | ZG | $ 120.42 | $ (48,168.00) | | HELD | (400) $ | 59.58 | 23,830.59 | $ (24,337.41) |
| 5/5/2021 | BOUGHT | 100 | ZG | $ 120.40 | $ (12,040.00) | | HELD | (100) $ | 59.58 | 5,957.65 | $ (6,082.35) |
| 5/5/2021 | BOUGHT | 725 | ZG | $ 120.40 | $ (87,290.00) | | | | | | |
| 5/5/2021 | BOUGHT | 75 | ZG | $ 120.39 | $ (9,029.25) | | | | | | |
| 5/5/2021 | BOUGHT | 100 | ZG | $ 120.37 | $ (12,037.00) | | | | | | |
| 5/5/2021 | BOUGHT | 1 | ZG | $ 120.36 | $ (120.36) | | | | | | |
| 5/5/2021 | BOUGHT | 99 | ZG | $ 120.35 | $ (11,914.65) | | | | | | |
| 5/13/2021 | BOUGHT | 1,000 | ZG | $ 110.99 | $ (110,990.00) | | | | | | |
| | | | | | | 12/30/2021 | Post-CP Sale | (2,000) $ | 60.14 | $ 120,271.00 | $ (111,110.26) |
| | | **7,000** | | | **$ (834,767.36)** | | | | | | **$ (416,614.01)** |

| | |
|---|---|
| **Gross Share Purchased During CP:** | 7,000 |
| **Net Shares Retained At End of CP:** | 7,000 |
| **Net Funds Expended:** $ | (834,767.36) |
| **Losses Suffered:** $ | (416,614.01) |

**HELD** = For shares purchased during the Class Period and retained through the end of the 90-day period immediately thereafter, damages have been determined using the the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." *See* 15 U.S.C. § 78u-4(e)(1).

**Post-CP Sale** = For shares purchased during the Class Period, but sold during the 90-day period immediately therafter, damages have limited by using the greater of either the actual sales price ($59.74) or the "the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security" ($60.14, as of December 30, 2021). *See* 15 U.S.C. § 78u-4(e)(2).

**Townsend Decl. 7**

# EXHIBIT C

**Townsend Decl. 8**

DocuSign Envelope ID: 97B1B215-A1B8-4073-B6AB-9B3E367ED991

The Honorable Thomas S. Zilly

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DIBAKAR BARUA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, <br><br> Defendants. | Case No. 2:21-cv-01551-TSZ <br><br> **DECLARATION OF ALEX AMBROSE IN SUPPORT OF HIS MOTION TO CONSOLIDATE ACTIONS, APPOINT LEAD PLAINTIFF, AND APPROVE HIS SELECTION OF LEAD COUNSEL** <br><br> NOTE ON MOTION CALENDAR: February 4, 2022 |
| STEVEN SILVERBERG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, <br><br> Defendants. | Case No. 2:21-cv-01567-TSZ |

ALEX AMBROSE'S DECL. ISO MOT. TO CONSOLIDATE, APPOINT LEAD PLAINTIFF, AND APPROVE COUNSEL
CASE NO. 2:21-cv-1551-TSZ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**Townsend Decl. 9**

DocuSign Envelope ID: 97B1B215-A1B8-4073-B6AB-9B3E367ED991

| | | |
|---|---|---|
| AARON WINSTON HILLIER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 2:22-cv-00014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZILLOW GROUP, INC., RICHARD N. BARTON, LLOYD D. FRINK, ALLEN W. PARKER, and JEREMY WACKSMAN, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ALEX AMBROSE'S DECL. ISO MOT. TO CONSOLIDATE, APPOINT LEAD PLAINTIFF, AND APPROVE COUNSEL
CASE NO. 2:21-cv-1551-TSZ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**Townsend Decl. 10**

DocuSign Envelope ID: 97B1B215-A1B8-4073-B6AB-9B3E367ED991

I, Alex Ambrose, hereby declare as follows:

1.      I respectfully submit this Declaration in support of my Motion to Consolidate Actions, Appoint Lead Plaintiff, and Approve Selection of Lead Counsel in the instant class action on behalf of investors in Zillow Group, Inc. ("Zillow" or "the Company") securities pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2.      I am informed of and understand the requirements and duties imposed by the PSLRA. A Lead Plaintiff's primary obligations under the PSLRA is to act as a fiduciary for the Class.

3.      I am a resident of North Carolina. I earned my Bachelor's degree and my Master's in Business Administration from Ohio University. My previous work experience includes twelve years as a business manager for an engineering firm. I have spent the last twenty-five years investing in the capital markets. For the past six years, I have owned and operated my own real estate brokerage in Cary, North Carolina. I believe that my background in real estate and detailed understanding of the allegations in this matter—including Zillow's business profile—will inure to the benefit of the Class.

4.      I believe that the securities class actions against Zillow are meritorious and should be led by an investor that is committed to maximizing the recovery on behalf of the Class. I purchased thousands of shares of Zillow securities during the class period and suffered substantial losses on my Zillow investment. For this reason, I decided to seek appointment as Lead Plaintiff in this action. I understand the responsibilities and duties of serving as a Lead Plaintiff.

5.      I have selected and retained Kahn Swick & Foti, LLC ("KSF") as Lead Counsel due to their proven history of handling this type of complex securities litigation.

6.      Based on the firm's experience in achieving substantial recoveries in securities class actions, I believe KSF is well-qualified to represent the Class. As part of my due diligence, prior to selecting KSF, I assessed the firm's qualifications and communicated with KSF's managing partner.

7.      I will direct Lead Counsel to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class. I will supervise Lead Counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing

ALEX AMBROSE'S DECL. ISO MOT. TO CONSOLIDATE, APPOINT LEAD PLAINTIFF, AND APPROVE COUNSEL
CASE NO. 2:21-cv-1551-TSZ

1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**Townsend Decl. 11**

DocuSign Envelope ID: 97B1B215-A1B8-4073-B6AB-9B3E367ED991

substantive filings before they are filed with the Court, attending key hearings, and leading settlement discussions, if any, that will take place in this matter.

8.     I understand that a Lead Plaintiff's share of any recovery is the same as any other potential Class member. As my certification states, I will not accept and have not accepted any payment for serving as a representative party beyond my *pro rata* share, except any reasonable costs and expenses directly related to the Class representation, as may be ordered or approved by the Court.

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on ____1/14/2022_____, in Cary, North Carolina.

DocuSigned by:

*alex ambrose*
4680033AF1CD4C6...
Alex Ambrose

ALEX AMBROSE'S DECL. ISO MOT. TO CONSOLIDATE, APPOINT LEAD PLAINTIFF, AND APPROVE COUNSEL
CASE NO. 2:21-cv-1551-TSZ

2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**Townsend Decl. 12**

# EXHIBIT D





## Z, ZG CLASS ACTION NOTICE: Glancy Prongay & Murray LLP Files Securities Fraud Lawsuit Against Zillow Group, Inc.

November 16, 2021 10:12 PM Eastern Standard Time

LOS ANGELES--(BUSINESS WIRE)--Glancy Prongay & Murray LLP ("GPM") announces that it has filed a class action lawsuit in the United States District Court for the Western District of Washington at Seattle captioned *Barua v. Zillow Group, Inc., et al.* (Case No. 21-cv-01551) on behalf of persons and entities that purchased or otherwise acquired Zillow Group, Inc. ("Zillow" or the "Company") (NASDAQ: Z, ZG) securities between **February 10, 2021 and November 2, 2021**, inclusive (the "Class Period"). Plaintiff pursues claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Investors are hereby notified that they have **60 days from this notice** to move the Court to serve as lead plaintiff in this action.

If you suffered a loss on your Zillow investments or would like to inquire about potentially pursuing claims to recover your loss under the federal securities laws, you can submit your contact information at www.glancylaw.com/cases/zillow-group-inc/. You can also contact Charles H. Linehan, of GPM at 310-201-9150, Toll-Free at 888-773-9224, or via email at shareholders@glancylaw.com or visit our website at www.glancylaw.com to learn more about your rights.

On October 18, 2021, the Company announced that Zillow Offers suspended signing of new contracts through 2021 and would focus on its current inventory, citing "a backlog in renovations and operational capacity restraints." Zillow claimed that "[p]ausing new contracts will enable us to focus on sellers already under contract with us and our current home inventory."

On this news, Zillow's Class A share price fell $8.84, or 9.4%, to close at $85.46 per share on October 18, 2021, and Zillow's Class C share price fell $8.97, or 9.4%, to close at $86.00 per share on October 18, 2021, on unusually heavy trading volume.

Then, on November 2, 2021, Zillow announced that it was winding down Zillow Offers because "the unpredictability in forecasting home prices far exceeds what we anticipated and continuing to scale Zillow Offers would result in too much earnings and balance-sheet volatility." As a result, third quarter 2021 financial results included a $304 million inventory writedown, and the Company further expected "an additional $240 million to $265 million of losses to be recognized in Q4."

On this news, Zillow's Class A share price fell $19.62, or 23%, to close at $65.86 per share on November 3, 2021, thereby injuring investors. Zillow's Class C share price fell $21.73, or 25%, to close at $65.47 per share on November 3, 2021, on unusually heavy trading volume.

The complaint filed in this class action alleges that throughout the Class Period, the defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that, despite operational improvements, the Company experienced significant unpredictability in forecasting home prices for its Zillow Offers business; (2) that such unpredictability, as well as labor and supply shortages, led to a backlog of inventory; (3) that, as a result of the foregoing, the Company was reasonably likely to wind-down its Zillow Offers business, which would have a material adverse impact on its financial results; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Follow us for updates on LinkedIn, Twitter, or Facebook.

If you purchased or otherwise acquired the Zillow securities during the Class Period, you may move the Court no later than **60 days from this notice** to ask the Court to appoint you as lead plaintiff. To be a member of the Class you need not take any action at this time; you may retain counsel of your choice or take no action and remain an absent member of the Class. If you wish to learn more about this action, or if you have any questions concerning this announcement or your rights or interests with respect to these matters, please contact Charles Linehan, Esquire, of GPM, 1925 Century Park East, Suite 2100, Los Angeles California 90067 at 310-201-9150, Toll-Free at 888-773-9224, by email to shareholders@glancylaw.com, or visit our website at www.glancylaw.com. If you inquire by email please include your mailing address, telephone number and number of shares purchased.

This press release may be considered Attorney Advertising in some jurisdictions under the applicable law and ethical rules.

Contacts
Glancy Prongay & Murray LLP, Los Angeles
Charles H. Linehan, 310-201-9150 or 888-773-9224
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
www.glancylaw.com
shareholders@glancylaw.com

#Hashtags

#CLASSACTION    #NOTICE    #INVESTORS    #FRAUD

$Cashtags

$ZG    $Z

**Townsend Decl. 15**



*Source:* *Kessler Topaz Meltzer & Check LLP*

*January 06, 2022 19:00 ET*

## Kessler Topaz Meltzer & Check, LLP Announces the Filing of a Securities Fraud Class Action Lawsuit Against Zillow Group, Inc. With Expanded Class Period

RADNOR, Pa., Jan. 06, 2022 (GLOBE NEWSWIRE) -- The law firm of Kessler Topaz Meltzer & Check, LLP informs investors that the firm has filed a securities class action lawsuit against Zillow Group, Inc. ("Zillow") on behalf of investors who purchased or acquired Zillow (NASDAQ: ZG; Z) securities between **August 7, 2020, and November 2, 2021**, inclusive (the "Class Period"). This action, captioned *Aaron Winston Hillier v. Zillow Group, Inc., et al.*, Case No. 2:22-cv-00014 (the "*Hillier* Action"), was filed in the United States District Court for the Western District of Washington.

There are two other related class action cases pending against Zillow in the United States District Court for the Western District of Washington. That first-filed action issued a notice of its filing pursuant to the federal securities laws which triggered the deadline of January 18, 2022, for any investors who purchased Zillow securities to seek to be appointed as a lead plaintiff representative of the class. **The filing of the *Hillier* Action *does not change* the January 18, 2022 lead plaintiff deadline.**

**CLICK HERE** TO SUBMIT YOUR ZILLOW LOSSES

**LEAD PLAINTIFF DEADLINE: January 18, 2022**

**CONTACT AN ATTORNEY TO DISCUSS YOUR RIGHTS**:
**James Maro, Esq. (484) 270-1453 or Toll Free (844) 887-9500 or Email at info@ktmc.com**

**ZILLOW'S MISCONDUCT**
Zillow, a Washington corporation with principal executive offices in Seattle, Washington, is a real estate services company that operates popular real estate websites including Zillow and Trulia. In addition to the generation of advertising revenue from these websites, Zillow earns referral fees when matching prospective buyers and sellers with real estate agents and brokers. Since April 2018, Zillow has also operated its Zillow Offers program, through which Zillow directly purchases homes from sellers, makes certain repairs and updates to these properties, and subsequently resells the homes to purchasers.

The Class Period commences on August 7, 2020, the day after Zillow published its second quarter 2020 financial results after the market closed on August 6, 2020. In connection with its quarterly results, Zillow reported that "quarterly revenue grew 28% year over year to $768 million, driven primarily by a continued increase in Zillow Offers resale volume." Critically, the company explained that while "Zillow Offers entered Q2 with home acquisitions temporarily paused due to market uncertainty" resulting from the COVID-19 pandemic, "[d]uring the quarter, the company sold 1,437 homes and purchased 86 homes through Zillow Offers, ending Q2 with 440 homes in inventory" and "is now actively purchasing homes in all 24 markets where it previously operated."

Thereafter, and throughout the Class Period, Zillow continued to tout the strength and sustainability of its Zillow Offers business.

Investors began to learn the truth about the defendants' false and/or misleading statements on October 4, 2021, when analysts from RBC Capital lowered their price target for Zillow, warning that Zillow Offers would likely miss quarterly expectations.

Finally, after the market closed on November 2, 2021, Zillow released its third quarter 2021 financial results and announced that it was "winding down" the Zillow Offers program. In doing so, Zillow revealed that it would need to take writedowns of approximately $569 million and would be reducing its workforce by 25%.

Following this news, the price of Zillow common stock (ZG) fell an additional $19.62 per share, or approximately 23%, to close at $65.86 per share on November 3, 2021. Similarly, the price of Zillow capital stock (Z) fell $21.73 per share, or approximately 25%, to close at $65.47 per share on November 3, 2021.

The *Hillier* Action alleges that, throughout the Class Period, the defendants repeatedly, falsely touted the strength and sustainability of the company's Zillow Offers business and failed to disclose to investors that: (1) Zillow knew that it did not have the ability to properly price homes for its Zillow Offers business; (2) this inability, in addition to labor and supply shortages, resulted in a backlog of inventory in the Zillow Offers business; (3) as a result of the foregoing, Zillow was reasonably likely to wind-down its Zillow Offers business, which would have a material adverse impact of Zillow's financial results; and (4) as a result of the foregoing, the defendants positive Class Period statements about Zillow's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

**WHAT CAN I DO?**
Zillow investors may, *no later than January 18, 2022* seek to be appointed as a lead plaintiff representative of the class through Kessler Topaz Meltzer & Check, LLP or other counsel, or may choose to do nothing and remain an absent class member. Kessler Topaz Meltzer & Check, LLP encourages Zillow investors who have suffered significant losses to contact the firm directly to acquire more information.

**CLICK HERE** TO SIGN UP FOR THE CASE

**WHO CAN BE A LEAD PLAINTIFF?**
A lead plaintiff is a representative party who acts on behalf of all class members in directing the litigation. The lead plaintiff is usually the investor or small group of investors who have the largest financial interest and who are also adequate and typical of the proposed class of

**Townsend Decl. 16**

investors. The lead plaintiff selects counsel to represent the lead plaintiff and the class and these attorneys, if approved by the court, are lead or class counsel. Your ability to share in any recovery is not affected by the decision of whether or not to serve as a lead plaintiff.

**ABOUT KESSLER TOPAZ MELTZER & CHECK, LLP**
Kessler Topaz Meltzer & Check, LLP prosecutes class actions in state and federal courts throughout the country and around the world. The firm has developed a global reputation for excellence and has recovered billions of dollars for victims of fraud and other corporate misconduct. All of our work is driven by a common goal: to protect investors, consumers, employees and others from fraud, abuse, misconduct and negligence by businesses and fiduciaries. At the end of the day, we have succeeded if the bad guys pay up, and if you recover your assets.

For more information about Kessler Topaz Meltzer & Check, LLP please visit www.ktmc.com.

**CONTACT:**
Kessler Topaz Meltzer & Check, LLP
James Maro, Jr., Esq.
280 King of Prussia Road
Radnor, PA 19087
(844) 887-9500 (toll free)
info@ktmc.com

**Townsend Decl. 17**

# EXHIBIT E

**BRESKIN | JOHNSON | TOWNSEND** PLLC

## OUR FIRM

Breskin Johnson & Townsend PLLC was founded in 2007 and has been appointed class counsel in dozens of cases in state and federal courts in Washington and around the country. Breskin Johnson & Townsend specializes in representing plaintiffs in consumer, employment, insurance and securities class actions. Below are a few of BJT's representative cases

## REPRESENTATIVE CLASS ACTIONS CASES

- *Pisano v. Zulily, Inc., et al.* Federal securities law class action against Zulily, Inc. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement to be filed with the SEC.

- *Griffith v. IsoRay, Inc., et al.* Class action against IsoRay and current and Former members of its Board of Directors for breaches of fiduciary duty and violations of the Minnesota Business Corporations Act.

- *In re: WSB Financial Group Securities Litigation*. Federal securities law class action against WSB Financial Group relating to its misrepresentations and disclosures in SEC filings about its initial public offering.

- *Hill v. Garda CL Northwest*. Armored car drivers in Washington challenge Garda's break and wage practices.

- *Sump v. Affiliated Computer Services, Inc*. Class action by Washington state customer service representatives paid under ACS's "Activity Based Compensation" or "ABC" pay plan, which they claim is deceptive and violates Washington wage laws.

- *In re: Former Washington Mutual Employees* Lead Counsel in a consolidated lawsuit against the FDIC for failing to pay compensation due to former employees of Washington Mutual Bank.

- *Barker v. Skype*.Settled. Reached nationwide settlement in federal lawsuit against Skype, for alleged violations of state laws due to Skype's policy of expiring consumer credits. Settlement includes refunding expired customer credits and a nationwide practice change.

- *Volkswagen Motor Company*. Class Action filed by owners of 1999 and 2000 model year Volkswagens with a diesel (TDI) engine for defects to the intake manifold.

- *MySpine, PS v. Allstate Insurance*. Washington class actions for failure to pay all reasonable and necessary medical expenses under an Allstate PIP insurance policy. Preliminary Approval Granted.

- *MySpine, PS v. Hartford Insurance.* Washington class actions for failure to pay all reasonable and necessary medical expenses under a Hartford PIP insurance policy.

Preliminary Approval Granted. *Randolph v. AT&T Wireless / Schnall v. AT&T Wireless*. California and national class actions by AT&T Wireless subscribers challenging ATT's practice of adding undisclosed "universal connectivity" charges to monthly price of service.

- *Udlinek v. AT&T Wireless*. Washington consumers challenging "cramming" of unwanted features and charging for calls that were supposed to be free.

- *Peck/Bowden v. Cingular / Riensche v. Cingular*. Class actions on behalf of Washington consumers challenging Cingular's practice of billing them an additional fee for its state B&O tax obligations (the so-called "B&O Surcharge").

- *Baxter Air, Inc. v. NOS Communications*. Class action by small businesses in Washington who were deceived into purchasing long distance services at inflated prices through "call unit" billing scheme.

- *Short v. Sprint*. Action by Washington consumers challenging Sprint's practice of "contract renewal" without their knowledge or consent, to prevent them from switching carriers or require them to pay large Early Termination Fees.

- *Hesse/Olson v. Sprint*. Class action by Washington consumers challenging Sprint's practice of billing them an additional fee for its state B&O tax obligations.

- *eNIC Shareholders v. Verisign, Inc.*, United States District Court, Western District of Washington; obtained summary judgment in favor of Plaintiffs in enforcement action under Earnout Clauses to Merger Agreement.

- *Douglas v. Xerox.* Employees across the county challenge Xerox's wage practices.

- *Douglas v. Hill.* Washington employees challenge Xerox's wage practices.

- *MySpine v. USAA.* Washington class action for failure to pay all reasonable and necessary medical expenses under an USAA insurance policy

- *Chan v. Liberty Mutual.* Washington class action for failure to pay all reasonable and necessary medical expenses under a Liberty Mutual insurance policy

- *Chan v. Safeco.* Washington class action for failure to pay all reasonable and necessary medical expenses under a Safeco  insurance policy

- *Folweiler Chiropractic v. FairHealth.* A class action by Washington providers whose bills were improperly reduced based on the FairHealth database.

- *Folweiler Chiropractic v. Allstate.* Washington class action for failure to pay all reasonable and necessary medical expenses under an Allstate insurance policy

- *Folweiler Chirporactiv v. Progressive.* Washington class action for failure to pay all reasonable and necessary medical expenses under a Progressive insurance policy

- *Sonosite, Inc. Shareholder Litigation.* Federal securities law class action against Sonosite, Inc  Financial Group relating to their breach of fiduciary duties arising out of their attempt to sell the Company to FUJIFILM Holdings Corporation ("Fujifilm") (the "Proposed Transaction"); and Fujifilm and Salmon Acquisition Corporation for aiding and abetting these breaches of fiduciary duties.

- *In Re Superclick, Inc. Shareholder Litigation.* Federal securities law class action against Superclick Board of Directors relating to their breach of fiduciary duties arising out of their attempt to sell the Company to AT&T Corp. ("AT&T") by means of an unfair process and for an unfair price.

- *Daks v. Seabright Holdings, Inc. Et Al.* Federal securities law class action against Seabright Holdings, Inc. relating to its breach of fiduciary duties arising out of their attempt to sell the Company to Enstar by means of an unfair process and for an unfair price.

- *In Re Emeritus Corp. Shareholder Litigation.* Federal securities law class action against Emeritus Board of Directors relating to its for their breach of fiduciary duties arising out of their attempt to sell the Company to Brookdale by means of an unfair process and for an unfair price.

Roger M. Townsend, Partner

Roger Townsend has been a respected complex litigation attorney in Seattle since 1995. Mr. Townsend has represented individuals and businesses in partnership, breach of contract, intellectual property, privacy rights, professional malpractice, shareholder, employment, non-compete, trade secret and related matters.

Mr. Townsend has been appointed class counsel in multiple class actions including, *Pisano v. Zulily, Inc., et al.; Griffith v. IsoRay, Inc., et al.; In re: WSB Financial Group Securities Litigation*; *Barker v. Skype*; *Volkswagen Motor Company TDI litigation; MySpine, PS v. Allstate Insurance; MySpine, PS v. Hartford Insurance; Peck/Bowden v. Cingular / Riensche v. Cingular*; *Hesse/Olson v. Sprint*; *MySpine v. USAA; Sonosite, Inc. Shareholder Litigation; In Re Superclick, Inc. Shareholder Litigation; Daks v. Seabright Holdings, Inc. Et Al.; In Re Emeritus Corp. Shareholder Litigation*.

Professional Honors and Affiliations

- Ninth Circuit Lawyer Representative, Exeutive Committee, 2020-present
- Ninth Circuit Lawyer Representative, Co-Chair Western District of Washington (2017-2019)
- President (2017 Term), Federal Bar Association, Western District of Washington
- Named "Super Lawyer" by Washington Law & Politics, 2008–present
- "AV" rated by Martindale-Hubbell Peer Review (highest rating)
- AVVO rating: 10.0 (highest rating)
- Member, Bainbridge Island City Council (2013-2017)
- Law Clerk to the Honorable William L. Dwyer, United States District Judge, Western District of Washington, 1996–1997
- Law Clerk to the Honorable Robert R. Beezer, United States Circuit Judge, Ninth Circuit Court of Appeals, 1997–1998

Education
- Northwestern University School of Law
- Wesleyan University B.A., Economics

# EXHIBIT F

Townsend Decl. 22



### New Orleans, Louisiana

1100 Poydras, Suite 3200
New Orleans, LA 70163

### New York, New York

250 Park Avenue, 7th Floor
New York, NY 10177

### San Francisco, California

580 California Street, Suite 1200
San Francisco, CA 94104

### Paramus, New Jersey

61 S. Paramus Rd., Suite 250
Paramus, NJ 07652

Toll Free: (866) 467-1400
Phone: (504) 455-1400
Fax: (504) 455-1498

www.ksfcounsel.com

**Townsend Decl. 23**

**Table of Contents**

**The Firm** ...................................................................................................1

**Securities Litigation** .................................................................................1

    Current Cases .........................................................................................1

    Recent Victories .....................................................................................2

    Settled Cases .........................................................................................4

**Corporate Governance and Derivative Litigation**.................................6

    Current Cases .........................................................................................6

    Settled Cases .........................................................................................7

**Consumer Protection Litigation** ............................................................11

    Settled Cases .........................................................................................11

**Shareholder M&A Class Action Litigation** ...........................................12

    Current Cases .........................................................................................12

    Recent Victories .....................................................................................12

    Settled Cases .........................................................................................12

**Antitrust Litigation** .................................................................................14

    Current Cases .........................................................................................14

    Recent Victories .....................................................................................15

**Attorneys** ...............................................................................................15

    Partners...................................................................................................15

        Lewis S. Kahn........................................................................15

        Michael A. Swick....................................................................16

        Charles C. Foti, Jr..................................................................17

        Kim E. Miller...........................................................................18

        Ramzi Abadou .......................................................................20

        Melinda A. Nicholson ............................................................21

        Michael J. Palestina ..............................................................25

        J. Ryan Lopatka......................................................................26

        Craig J. Geraci.......................................................................27

    Special Counsel......................................................................................28

        Vincent Giblin........................................................................28

    Of Counsel .............................................................................................29

Melissa Harris ................................................................................29

Daniel Kuznicki ...............................................................................30

C. Mark Whitehead III ....................................................................31

Andrew J. Gibson............................................................................31

Associates ............................................................................................32

Alexander L. Burns .........................................................................32

Morgan M. Embleton.......................................................................33

Alayne Gobeille...............................................................................33

Jyoti Kehl .......................................................................................34

Nicolas Kravitz ...............................................................................34

Anton Martynenko...........................................................................34

Brian C. Mears ...............................................................................35

Matthew P. Woodard ......................................................................35

Staff Attorneys .....................................................................................36

Tyler M. Landrieu............................................................................36

Caitlin Zetzmann..............................................................................36

# The Firm

Kahn Swick & Foti, LLC ("KSF") (www.ksfcounsel.com) is a boutique law firm with offices in New York City, San Francisco and Louisiana. KSF focuses predominantly on class actions, in the areas of securities and mergers & acquisitions, and on shareholder derivative and other complex litigation. Since its inception in 2000, KSF has recovered hundreds of millions of dollars for its clients.

KSF's Lawyers have extensive experience litigating complex cases in the following practice

*"[Kahn Swick & Foti] earned my unyielding admiration and respect in this case for the efficient and exceptionally reasonable way in which they found a prompt, fair, and equitable solution to the complex problems their clients faced..."*

*Hon. Mark W. Bennett,*
*United States District Judge*
*In Re: Elgaouni v. Meta Financial Group, Inc.*

areas: (i) securities litigation; (ii) corporate governance and derivative litigation; (iii) consumer protection litigation; (iv) shareholder merger and acquisition class action litigation; and (v) antitrust litigation. A sampling of the firm's current cases and recent recoveries is set forth below.

# Securities Litigation

## CURRENT CASES

**Bellingham v. Qudian Inc., et al.,** 1:20-cv-0577-GHW
*Southern District of New York*
*Co-Lead Counsel*

**In re CarLotz, Inc. Securities Litigation,** Case No. 1:21-cv-05906-RA
*Southern District of New York*
*Lead Counsel*

**In re Chicago Bridge & Iron Co. N.V. Securities Litigation**, No. 1:17-cv-1580-LGS
*Southern District of New York*
*Lead Counsel*

**In Re Cloudera Securities Litigation**, 5:19-cv-03221-LHK
*Northern District of California*
*Lead Counsel*

**Farrar v. Workhorse Group Inc., et al**, No. 2:21-cv-02072-CJC-PVC
*Central District of California*
*Lead Counsel*

**Townsend Decl. 26**

***Hogan v. Pilgrim's Pride Corp., et al,*** 1:16-cv-02611-RBJ
*District of Colorado*
*Lead Counsel*

***Kanefsky v. Honeywell International, Inc., et al.,*** Case No. 2:18-cv-15536-WJM-JAD
*District of New Jersey*
*Lead Counsel*

***Moradpour v. Velodyne Lidar, Inc., et al.,*** Case No. 3:21-CV-01486-SI
*Northern District of California*
*Lead Counsel*

***In re Pareteum Securities Litigation,*** Case No. 1:19-cv-09767-AKH-GWG
*Southern District of New York*
*Lead Counsel*

***Pearlstein v. Blackberry Ltd., et al.,*** 1:13-CV-07060-TPG
*Southern District of New York*
*Lead Counsel*

***Sandoz v. Waterdrop Inc. et al.,*** Case No. 1:21-cv-7683-VSB
*Southern District of New York*
*Lead Counsel*

***Siegel v. The Boston Beer Company, Inc. et al.,*** Case No. 1:21-cv-7693-VSB
*Southern District of New York*
*Lead Counsel*

***Welch v. Meaux, et al.,*** No. 19-1260
*Western District of Louisiana*
*Lead Counsel*

## RECENT VICTORIES

***Siegel v. The Boston Beer Company, Inc. et al.,*** Case No. 1:21-cv-7693-VSB (S.D.N.Y.). On December 14, 2021, the Hon. Vernon S. Broderick, United States District Judge for the Southern District of New York, entered an Order approving the selection of KSF as Lead Counsel for the putative Class. Boston Beer and certain of its executives are charged with violating the federal securities laws through misrepresentations and omissions during the Class Period regarding rapidly decelerating hard seltzer sales.

***Sandoz v. Waterdrop Inc. et al.,*** Case No. 1:21-cv-7683-VSB (S.D.N.Y.). On December 8, 2021, the Hon. Vernon S. Broderick, United States District Judge for the Southern District of New York, entered an Order approving the selection of KSF as Lead Counsel for the putative Class. Waterdrop and certain of its executives are charged with violating the federal securities laws through misrepresentations and omissions concerning the Company's short-term financial results leading up to the Company's Initial Public Offering.

**Townsend Decl. 27**

***Farrar v. Workhorse Group, Inc. et al.,*** Case No. 2:21-cv-02072-CJC-PVC (C.D. Cal.). On December 2, 2021, the Hon. Cormac J. Carney, United States District Judge for the Central District of California, entered an Order denying, in substantial part, Defendants' motion to dismiss against Workhorse Group, Inc. and individual defendants Duane Hughes and Steve Schrader. This matter, in which Kahn Swick & Foti, LLC is Lead Counsel, alleges that Defendants made materially false and misleading statements and failed to disclose material information regarding the Company's manufacturing capabilities and its capacity to deliver electric vehicles. The matter further alleges that when the full truth was finally brought to light on February 23, 2021, the Company's stock declined over 47% from February 22 to February 23. Judge Carney agreed, finding Lead Plaintiff's allegations were "indicative of scienter, because they tend to show that Workhorse and its executives knew they did not have the manufacturing capability to meet their production projections or the touted demand for their vehicles."

***In re CarLotz, Inc. Securities Litigation***, Case No. 1:21-cv-05906-RA (S.D.N.Y.). On October 15, 2021, the Hon. Ronnie Abrams, United States District Judge for the Southern District of New York, entered an Order approving the selection of KSF as Lead Counsel for the putative Class. CarLotz and certain of its executives are charged with violating the federal securities laws through misrepresentations and omissions during the Class Period regarding their business and business model in order to garner investor support for a merger between CarLotz and SPAC Acamar and artificially inflate the price of their stock.

***In re Chicago Bridge & Iron Co. N.V. Secs. Litig.***, Case No. 1:17-cv-1580-LGS (S.D.N.Y). On August 23, 2021, the Honorable Lorna G. Schofield entered an Opinion and Order substantially denying a motion for summary judgment filed by Defendant Chicago Bridge & Iron Company N.V. ("CBI") and Individual Defendants Philip K. Asherman, Ronald A. Ballschmiede, and Westley S. Stockton. In their Motion, Defendants argued that no reasonable jury could find 16 statements about the performance of, and accounting relating to, CBI's nuclear business (the "Challenged Statements") were false and misleading or made with scienter. The District Court rejected most of Defendants' arguments and held a reasonable jury could find that all but one of the Challenged Statements were made with scienter, and that all but one of the Challenged Statements "provided inadequate context, with the effect of suggesting facts starkly at odds with much of the record evidence."

***Dougherty v. Esperion Therapeutics, Inc., et al.***, No. 2:16-cv-10089 (E.D. Mich.). On August 24, 2021, the Hon. Arthur J. Tarnow, United States District Court Judge for the Eastern District of Michigan, entered a final judgment in the securities class action lawsuit, approving Lead Plaintiffs' $18.25 million recovery for investors stating that KSF "pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy."

**Townsend Decl. 28**

***Abramson v. NewLink Genetics Corp.***, 2020 U.S. App. LEXIS 21545, at *3 (2d Cir. July 13, 2020). On July 13, 2020, a three-judge panel for the Second Circuit Court of Appeals vacated in part the dismissal order of Hon. William H. Pauley III, reviving investors' Exchange Act claims against NewLink Genetics Corp. The detailed 26-page opinion written by Hon. John M. Walker, Jr., and designated for publication, holds that "Plaintiffs plausibly pled material misrepresentation and loss causation for Defendants' statements about the scientific literature and the design of their clinical trial," contrary to the holding of the district court. Notably, the Second Circuit credited KSF's loss causation theory as "persuasive" and "compelling," and provided significant development on this element of securities fraud cases going forward.  Id. at *28.

***Kanefsky v. Honeywell International Inc. et al.***, Case No. 2:18-cv-15536-WJM-JAD (D. N.J.). On May 18, 2020, Hon. William J. Martini, United States District Judge for the District of New Jersey, entered an Order denying Defendants' motion to dismiss by Honeywell, and individual defendants Darius Adamczyk, and Thomas A. Szlosek. A third individual defendant was dismissed from the action. This matter, in which Kahn Swick & Foti is Lead Counsel, alleges that Defendants made materially false and misleading statements and failed to disclose material information regarding Honeywell's liabilities relating to former subsidiary Bendix Friction Materials' use of asbestos in certain automotive products. The matter further alleges that when the truth was finally brought to light on October 19, 2018 (after Honeywell released its quarterly report for the third quarter of 2018), the stock fell from an opening price of $151.25 per share to $140.83 per share as of market close on October 24, 2018. Judge Martini agreed, finding Lead Plaintiff's "alleged facts raise a strong inference of scienter."

## SETTLED CASES

***In re Petrobras Securities Litigation***, No. 1:14-cv-9662 (S.D.N.Y.). Member of Plaintiffs' Steering Committee for the Individual Actions ("PSC"), federal securities class action against Brazil's state-controlled petrochemical company arising from "Operação Lava Jato," the largest corruption scandal in the history of Latin America, whereby Plaintiffs alleged Defendants deliberately overpaid on various construction contracts in return for kickbacks. The Class action settled in 2018 for **$3 billion** and, as a member of the PSC, KSF was found by the Court to have "made a substantial contribution to the class," June 22, 2018 Opinion and Order at 39 (D.E. 834).

***Erica P. John Fund, Inc. v. Halliburton Co., et al.***, No. 3:02-cv-1152 (N.D. Tex.). *Co-Class Counsel*, federal securities class action against oilfield services company and a high-level officer, in which Class Counsel obtained a unanimous decision by the U.S. Supreme Court in *Erica P. John Fund, Inc. v. Halliburton Co., et al.*, 563 U.S. 804 (2011) vacating and remanding a decision of the Fifth Circuit, and then successfully defeated Defendants' attack on the *Basic v. Levinson* presumption of reliance in

*Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014). These two Supreme Court decisions led to certification of the class, and ultimately resulted in a cash settlement of **$100 million** for investors.

***Dr. Joseph F. Kasper, et. al. v. AAC Holdings, Inc., et. al.***, 3:15-cv-00923 (Consolidated) (M.D. Tenn.). *Co-Lead Counsel*, federal securities class action against a for-profit substance abuse treatment provider, and certain officers and directors, arising from Defendants' misleading statements regarding a criminal investigation into the death of a patient, resulting in a settlement of **$25 million** for investors.

***In re Virgin Mobile USA IPO Litigation,*** 2:07-cv-05619-SDW-MCA (D.N.J.), *Co-Lead Counsel*, federal securities IPO-related class action against a company providing wireless communication services, certain officers and directors, certain controlling shareholder entities, and Virgin's underwriters, resulting in a cash settlement of **$19.5 million** for investors.

***Dougherty v. Esperion Therapeutics, Inc., et al.***, No. 2:16-cv-10089 (E.D. Mich.). Co-Lead Counsel, federal securities action against a pharmaceutical company and its chief executive officer, arising from misleading statements assuring the market that its sole drug candidate would not require a completed (and costly) cardiovascular outcomes trial prior to approval, resulting in a settlement of **$18.25 million** for investors.

***In Re Eletrobras Securities Litigation***, Case No. 1:15-cv-05754 (Consolidated) (S.D.N.Y.). Co-Lead Counsel, federal securities class action against Centrais Eletricas Brasileiras S.A. and several of its former directors and officers, by U.S. investors after the company reported large losses related to a sprawling corruption scandal in Brazil. Nearly three years of protracted litigation resulted in a settlement of **$14.75 million** for investors.

***Abramson v. NewLink Genetics Corp., et al.,*** 1:16-cv-03545-AJN (S.D.N.Y.). Lead Counsel, federal securities action against a pharmaceutical company and certain officers arising from Defendants' misleading statements regarding the about the scientific literature and the design of their clinical trial for a pancreatic cancer treatment candidate, resulting in a settlement of **$13.5 million** for investors.

***In re Tesco PLC Securities Litigation,*** 14 Civ. 8495 (RMB) (S.D.N.Y.), *Lead Counsel*, federal securities class action against one of the world's largest grocery and general merchandise retailers based in the U.K., resulting in an all-cash settlement of **$12 million** for investors in ADRs and F shares in the United States.

***In re BigBand Networks, Inc Securities Litigation,*** 3:07-CV-05101-SBA (C.D. Cal.), *Co-Lead Counsel,* federal securities class action brought against a computer hardware corporation, certain

**Townsend Decl. 30**

officers and directors of the Company, and the Company's Underwriters, resulting in a cash settlement of **$11 million** for investors.

*In re U.S. Auto Parts Networks, Inc. Securities Litigation,* 2:07-cv-02030-GW-JC (C.D. Cal.), *Lead Counsel*, federal securities IPO-related class action against an online automotive supply company, certain members of its board of directors, and its underwriters, resulting in a cash settlement of **$10 million** for investors.

*In re CytRx Corp. Securities Litigation,* 2:14-CV-01956-GHK (PJWx) (C.D. Cal.), *Lead Counsel*, federal securities class action brought against biotechnology corporation, certain officers and directors of the Company, and the Company's Underwriters, resulting in a settlement of **$8.5 million** for investors.

*Khoja v. Orexigen Therapeutics, Inc., et al.*, No. 3:15-cv-00540-JLS-AGS (S.D. Cal.). *Lead Counsel*, federal securities class action against a pharmaceutical company, certain of its officers, and one its directors, arising from Defendants' misleading statements regarding their release and interpretation of interim clinical study data purportedly demonstrating the cardiovascular benefits of the Company's obesity drug. The litigation spanned six years and multiple venues, including a lengthy and successful appeals process before the Ninth Circuit Court of Appeals—which overturned much of the District Court's initial Order dismissing all claims against Defendants—and a successful defense of that victory before the United States Supreme Court. Additionally, KSF took steps to protect the interests of the class in bankruptcy court after Orexigen filed for Chapter 11 bankruptcy. When the District Court granted final approval of the **$4.8 million** settlement in 2021, it highlighted the "significant results for the Settlement Class," noting KSF's "significant skill and extensive work" and that the "settlement may not have been reached without Lead Counsel's skill and expertise."

# Corporate Governance and Derivative Litigation

## CURRENT CASES

**Anthony v. Tritton, et al. (Bed Bath & Beyond Inc. Derivative Action)**, Index No. 514167/2021
   *New York Supreme Court, Kings County*
   *Plaintiff's Counsel*

*In re Cabot Oil & Gas Corp. Derivative Litigation*, No. 21- 02046
   *Southern District of Texas*
   *Additional Plaintiffs' Counsel*

*In re Conduent Inc. Stockholder Derivative Litigation*, Lead Case No. 650903/2021
   *New York Supreme Court, New York County*
   *Co-Lead Counsel*

***Dalton v. Surgner, et al. (Altria Group Inc. Derivative Litigation),*** No. CL21-5548-00
   *Circuit Court for Henrico County, Virginia*
   *Plaintiffs' Counsel*

***Lyon v. AMC Entertainment Holdings, Inc., et al.,*** No. 21-7940
   *Southern District of New York*
   *Plaintiffs' Counsel*

***In re Mattel, Inc. Stockholder Derivative Litigation,*** No. 2021-0417
   *Delaware Court of Chancery*
   *Co-Lead Counsel*

***Pfenning v. Jacobs, et al. (Acadia Healthcare Company, Inc. Derivative Litigation),*** C.A. No. 2020-0915
   *Delaware Court of Chancery*
   *Plaintiff's Counsel*

***Weber, et al. v. Polk, et al. (Newell Brands, Inc. Derivative Litigation),*** C.A. No. 20-cv-01792
   *District of Delaware*
   *Plaintiffs' Counsel*

## SETTLED CASES

***Orrego v. Lefkofsky (Groupon, Inc. Derivative Litigation)***, No. 12 CH 12420 (Ill. Cir. Ct, Cook Cnty., Ch. Div.). KSF acted as Co-Lead Counsel in the consolidated shareholder derivative action filed in the Chancery Division of the Cook County Circuit Court in Illinois, which was brought derivatively on behalf of Groupon, Inc. against certain of its current and former directors and officers for allegedly breaching their fiduciary duties by, among other things, causing Groupon to issue or make materially false and misleading statements and failing to implement necessary controls over Groupon's accounting function. KSF facilitated a settlement comprising of comprehensive corporate governance reforms with an estimated value of **$159 million**, including changes to the Compensation Committee Charter, implementation of director education requirements, enhanced Independent Director meeting obligations, augmentations to the Audit Committee and Disclosure Committee rules and procedures, creation of a new Director of Compliance position, and the retention of an independent auditing firm to conduct an assessment of the company's internal audit department.

***In re Bank of America Corp. Securities, Derivative, & Employment Retirement Income Security Act (ERISA) Litigation***, 09 Civ.580 (DC) (S.D.N.Y.). KSF served as court appointed Co-Lead Counsel in the Southern District of New York, and sued current and former executive officers and directors of the company, on behalf of shareholders. The substance of this action focused on Bank of America's January 1, 2009, acquisition of Merrill Lynch & Co., Inc. in a stock-for-stock transaction. This action alleged, among other things, that certain material information was omitted from the proxy statement filed with the Securities and Exchange Commission and mailed to stockholders on November 3, 2008. This proxy was critical in allowing defendants to obtain shareholder consent for the issuance of shares

necessary to consummate the Merger. KSF was successful in resolving this action after defeating motions to dismiss by multiple defendants. In addition to major corporate governance reforms, KSF was also able to recover over **$62.5 million** for the company.

***Bassett Family Trust v. Costolo, et al. (Twitter, Inc. Derivative Litigation)***, C.A. No. 2019-0806 (Del. Ch.). As counsel for the plaintiff in this demand wrongfully-refused shareholder derivative action, KSF brought breach of fiduciary claims derivatively on behalf of Twitter, Inc. ("Twitter") against certain of its current and former directors and officers for breaches of duties involving false and misleading statements about Twitter's user engagement and growth and for insider trading. Plaintiffs were able to secure a settlement providing that Twitter's board of directors will pay **$38 million** in cash to Twitter. Twitter's board will also adopt a series of corporate governance reforms, which include (among other things): (i) enhanced board independence and oversight reforms, including amendments to the charters for the Disclosure Committee and the Audit Committee; (ii) enhancements to oversight of corporate strategy and risk, internal controls, and disclosures, including the creation of the Independent Chief Compliance Officer; and (iii) enhancements to corporate policies regarding compliance training, compensation, insider trading, and recapture of cash-based incentive compensation.

***In re Barnes & Noble Stockholder Derivative Litigation***, C.A. No. 4813 (Del. Ch.). As Co-Lead Counsel in this shareholder derivative action filed in the Court of Chancery of the State of Delaware on behalf of Barnes & Noble, Inc. against certain of its officers and directors, including Chairman Leonard Riggio, related to the company's 2009 acquisition of Mr. Riggio's private company Barnes & Noble College Booksellers, Inc., alleging that the purchase price, and the process by which it was agreed to, was not entirely fair to Barnes & Noble, Inc. and harmed shareholders, KSF helped obtain a settlement resulting in the recovery of **$29 million** for Barnes & Noble, Inc. in the form of reductions to the principal and interest payable to Mr. Riggio.

***Weil v. Baker (ArthroCare Corporation Derivative Litigation)***, No. 08-CA-00787 (W.D. Tex.). As Co-Lead Counsel in the consolidated federal derivative action on behalf of ArthroCare Corporation against certain of its officers and directors arising from alleged improprieties in the company's marketing of spine wands, KSF helped obtain a cash settlement of **$8 million**, along with important corporate governance changes.

***In re Fitbit, Inc. Stockholder Derivative Litigation***, Consolidated C.A. No. 2017-0402 (Del. Ch.). As Co-Lead Counsel in this shareholder derivative action filed in the Court of Chancery of the State of Delaware on behalf of Fitbit, Inc. ("Fitbit") against certain of its officers and directors, KSF alleged that certain insiders made stock sales in the company's initial public offering and—after agreeing to release the insiders from lock-up agreements that barred them from trading for 180 days after the initial public

offering—an early secondary offering, taking take advantage of an artificially positive market response to Fitbit's flagship PurePulse heartrate monitoring technology. KSF was successful in resolving this action after defeating the defendants' motion to dismiss, recovering **$5 million** for Fitbit.

*In re FAB Universal Corporation Shareholder Derivative Litigation*, Lead Case No. 14-cv-687 (S.D.N.Y.). As sole Lead Counsel in this consolidated action, KSF brought breach of fiduciary claims derivatively on behalf of FAB Universal Corporation against certain of its current and former directors and officers. Claims brought included breaches of duties of loyalty, due care, good faith, independence, candor and full disclosure to shareholders; misappropriation of material, non-public information of the Company by certain individual defendants; and violations of Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder. The action focused on defendants' publication of false and misleading statements concerning the Company's kiosk business in China, and the failure to disclose the issuance of $16.4 million worth of bonds to Chinese investors in April 2013. KSF obtained a settlement involving numerous corporate governance reforms, including the creation a new Disclosure Committee to put effective procedures and protocols in place and designed to ensure that all of the Company's public statements are vetted for accuracy, integrity and completeness. KSF was also able to cause the Company to modify the Charter of the Audit Committee to provide that at least one non-executive member of the Audit Committee has general expertise in accounting or financial management. Modifications were also caused to be made to the Company's Corporate Governance Committee and to the Company's Code of Conduct.

*In re Fifth Street Finance Corp. Stockholder Litigation,* Consolidated C.A. No. 12157 (Del. Ch.). As Co-Lead Counsel in this shareholder derivative action filed in the Delaware Court of Chancery on behalf of Fifth Street Finance Corporation ("FSC") against certain current and former directors of FSC, its investment advisor, Fifth Street Asset Management Inc. ("FSAM"), and current and former directors and officers of FSAM, KSF alleged that certain FSC and FSAM officers and directors caused FSC to pursue reckless asset growth strategies, to employ aggressive accounting and financial reporting practices, and to pay excessive fees under FSC's investment advisory agreement with FSAM, in order to inflate the perceived value of FSAM in the lead up to FSAM's initial public filing. KSF was instrumental in obtaining a settlement consisting of certain changes to FSC's investment advisory agreement and governance enhancements. The changes to the investment advisory agreement include a waiver by FSAM of fees equal to $10 million and an acknowledgment that plaintiffs were a substantial and remedial factor in the reduction of base management fees from 2% to 1.75%. The governance enhancements include additional Board governance provisions, enhanced policies, practices and procedures regarding FSC's valuation of its investments, increased disclosure of relevant issues, and increased consultation with outside advisors and independent third parties.

**Townsend Decl. 34**

***Lowry v. Basile (Violin Memory, Inc. Derivative Litigation)***, No. 4:13-cv-05768 (N.D. Cal.). As counsel for the plaintiff in this shareholder derivative action, KSF brought breach of fiduciary claims derivatively on behalf of Violin Memory, Inc. against certain of its current and former directors and officers for breaches of duties and waste of corporate assets. The action focused on defendants' publication of false and misleading statements concerning the Company's operating results and financial condition and alleged waste of corporate assets by granting outsized compensation to the CEO that was not in line with the performance of the Company. KSF obtained a settlement involving numerous corporate governance reforms, including the formalization of a Disclosure Committee to put effective procedures and protocols in place and designed to ensure that all of the Company's public statements are vetted for accuracy, integrity and completeness. KSF was also able to cause the Company to modify the Charter of the Compensation Committee to provide that the committee will create annual and long-term performance goals for the CEO, whose compensation will be based on whether those performance goals are achieved. Modifications were also caused to be made to the Company's Audit Committee and to the Company's Corporate Governance Guidelines.

***In re Moody's Corporation Shareholder Derivative Litigation***, No. 1:08-CV-9323 (S.D.N.Y.). As Lead Counsel for the demand-excused shareholder derivative actions filed on behalf of Moody's Corporation against current and former executive officers and directors of the company, asserting various claims, including for breach of fiduciary duty, in connection with, inter alai, Moody's credit ratings on various mortgage-backed securities, KSF helped obtain a settlement in which the settling defendants agreed that Moody's had implemented or will adopt, enhance and/or maintain certain governance, internal control, risk management and compliance provisions, designed to identify, monitor and address legal, regulatory and internal compliance issues throughout the business and operations of Moody's Investors Service, Inc., the credit rating agency operating subsidiary of the company.

***In re Morgan Stanley & Co., Inc. Auction Rate Securities Derivative Litigation***, No. 1:08-CV-07587 (S.D.N.Y.). As Lead Counsel for shareholders in this federal derivative action against a prominent broker-dealer to redress harms to the company from its sales and marketing of auction rate securities, KSF obtained substantial corporate governance reforms that promised to avoid a recurrence of similar harms in the future.

***In re Star Scientific, Inc. Virginia Circuit Court Derivative Litigation,*** Lead Case No. CL13-2997-6 (Va. Cir. Ct., City of Richmond). KSF acted as court appointed Lead Counsel in the consolidated state court shareholder derivative action filed on behalf of Star Scientific, Inc. against certain current and former directors and officers. This action focused on defendants' false statements and misrepresentations concerning the Company's product Anatabloc. Specifically, the action stated that defendants had caused or allowed the Company concealed: (i) private placements and related-party

**Townsend Decl. 35**

transactions; (ii) government investigations of the Company; and (iii) a December 2013 warning letter from the U.S. Food and Drug Administration. In resolving this matter, KSF obtained sweeping corporate governance changes, including but not limited to, the creation of a new board-level committee to review and oversee the Company's legal, regulatory, compliance, and government affairs functions. KSF also caused the Company to modify the charter of the Audit Committee to strengthen disclosure oversight and risk management. Modifications were also caused to be made to the Company's Compensation Committee. The Company was caused to adopt a set of Corporate Governance Guidelines. A new Governance and Nominating Committee was created and the position of Compliance Officer tasked with oversight and administration of the Company's corporate governance policies was added. Changes were also made to the Company's Corporate Code of Business Conduct and Ethics.

*In re ProQuest Co. Shareholder Derivative Litigation*, No. 2:06-cv-11845-AC (E.D. Mich.). As Co-Lead Counsel in a federal derivative action filed on behalf of ProQuest (now Voyager Learning Company) against certain of its officers and directors, KSF helped obtain a settlement including important corporate governance changes.

# Consumer Protection Litigation

## SETTLED CASES

*In re: General Motors Corp. Speedometer Products Liability Litigation,* MDL No. 1896, *Co-Lead Counsel*. Appointed co-lead counsel for national class of 4.2 million purchasers of certain GM trucks with defective speedometers. The case was resolved successfully by GM agreeing to fix defective speedometers for free and to reimburse class members for all past repair costs.

*Rose Goudeau, et. al. v. The Administrators of the Tulane Educational Fund, et. al.*, No. 2004-04758, Sec. 13, Div. J (Civil District Court for the Parish of Orleans), *Class Co-Counsel*. Nationwide class action certified on behalf of near relatives of individuals who donated their bodies to the Tulane Willed Body Program. The complaint alleged that the Tulane Willed Body Program sold the donated bodies and/or body parts to third parties. A settlement of **$8,300,000** was obtained for the class members.

*Barbara Thomas, et. al. v. ClearCredit, et. al.*, No. 03-2580 (E.D. La.). Co-Lead Counsel in national class action involving violations of the Fair Credit Reporting Act. Settled for approximately **$6 million** in benefits to the consumer class along with injunctive relief.

*Sterling Savings Bank v. Poleline Self-Storage LLC*, No. CV-09-10872 (Idaho Dist. Ct.), *Class Counsel*. In this putative class action, a borrower alleged that the Bank improperly used the 365/360

method of interest calculation on several commercial loans. A settlement of **$3.5 million** was recovered for bank customers.

## Shareholder M&A Class Action Litigation

### CURRENT CASES

***Helen Moore v. Macquarie Infrastructure and Real Assets, et al. (Cleco Corporation Merger)***, Case No. 251,417, c/q 251,456 and 251,515, Div. "C"
    *Ninth Judicial District Court for the Parish of Rapides, State of Louisiana*
    *Interim Co- Lead Counsel*

***In re USG Corp. Stockholder Litigation (USG Corp. Merger)***, Consol. C.A. No. 2018-0602
    *Delaware Court of Chancery*
    *Counsel for Plaintiff*

***Lisa Guzman v. Robert L. Johnson, et al. (RLJ Entertainment Merger)***, Case No. A-18-783643-B
    *Clark County, Nevada District Court, Dept. 11*
    *Counsel for Plaintiff*

***Nadav Poms v. Dominion Diamond Corporation, et al.***, Index No. 655733/2017
    *Supreme Court of the State of New York, County of New York*
    *Counsel for Plaintiff*

### RECENT VICTORIES

***Helen Moore, et al v. Macquarie Infrastructure and Real Assets, et al***. No. 251,417. On September 9, 2019, Hon. Patricia Koch, District Judge for the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana, appointed KSF as co-lead counsel for the class. The class representatives allege that Defendants, the former Board of Directors of Cleco Corporation, breached their fiduciary duties in connection with the sale of Cleco to an investment consortium by, inter alia, failing to maximize the consideration that Cleco shareholders would receive in the transaction, and by making misleading statements and failing to disclose material information regarding a conflicted sales process in the definitive proxy statement filed with the Securities and Exchange Commission thereby resulting in a shareholder vote on the transaction that was not fully informed.

### SETTLED CASES

***In re Saba Software, Inc. Stockholder Litigation***, Consol. Case No. 10697 (Delaware Court of Chancery 2015). *Member of Executive Committee.* Class action for breach of fiduciary duties to shareholders relating to a proposed merger of software company. Settlement consisted of **$19.5 million** common fund.

*In re American Capital, Ltd. Shareholder Litigation*, Case No. 422598-V (Circuit Court for Montgomery County, Maryland 2016). *Co-Lead Counsel.* Class action for breach of fiduciary duties to shareholders against both the target board and senior management and an activist investor fund (as a controller) relating to a proposed merger of a publicly traded private equity company. Settlement consisted of **$17.5 million** common fund from the target's board and the activist investor.

*Kenneth Riche, et al v. James C. Pappas, et al.*, C.A. No. 2018-0177 (Del. Ch). Co-Lead Counsel. Class action for breach of fiduciary duties to shareholders against the target board and activist investors relating to a proposed merger of a publicly traded geothermal company. Settlement consisted of **$6.5 million** common fund, which represented a significant 7.7% premium to the $84 million adjusted enterprise value of the merger to the non-defendants shareholders/class members.

*Rice v. Genworth Financial Incorporated, et al.*, Consol. Case No. 3:17-cv-00059 (Eastern District of Virginia 2017). *Co-Lead Counsel.* Class action for violation of Section 14(a) relating to a proposed merger of insurance company. Settlement consisted of additional material disclosures to proxy statements.

*Wojno v. FirstMerit Corp., et al.*, Case No. 5:16-cv-00461 (Northern District of Ohio 2016). *Co-Lead Counsel.* Class action for violation of Section 14(a) relating to a proposed merger of bank holding company. Settlement consisted of additional material disclosures to proxy statements.

*In re BTU International, Inc. Stockholders Litigation*, Consol. C.A. No. 10310-CB (Delaware Court of Chancery 2014). *Co-Lead Counsel.* Class action for breach of fiduciary duties to shareholders relating to a proposed merger of electronics and solar goods companies. Settlement consisted of additional material disclosures to proxy statements. First known settlement to pass the exacting Trulia standards articulated by the Court of Chancery.

*In re EnergySolutions, Inc. Shareholder Litigation*, C.A. 8203 (Delaware Court of Chancery 2014). *Plaintiff's Co-Lead Counsel.* Class action for breach of fiduciary duties to shareholders relating to a proposed merger of nuclear energy related companies worth $1.1 billion ($375 million in proposed shareholder consideration). Settlement consisted of $0.40 price bump which increased the consideration to shareholders by more than 10% or approximately $38 million. Settlement also included over 20 pages of additional disclosures to proxy statement relating to process and pricing claims.

*Hill v. Cohen, et al. (Summit Financial Services Group, Inc.),* 2013 CA 017640 (15th Judicial Circuit Court, Florida). *Co-lead Counsel.* Class action for breach of fiduciary duties to shareholders relating to a proposed merger of a financial services company. Contingent and delayed aspects of the proposed merger consideration, worth several million dollars, were accelerated and paid to shareholders ahead

of schedule and settlement involved several pages of additional disclosures were made to the proxy statement.

*In re InSite Vision Inc. Consolidated Shareholder Litigation*, Lead Case No. RG-15774540 (c/w Case No. RG-15777471). *Counsel for Plaintiffs*. Class action for breach of fiduciary duties to shareholders relating to a proposed merger of medical companies. Litigation was followed by a public bidding war that resulted in a $30 million increase in merger compensation.

*In re Medtox Scientific, Inc. Shareholders Litigation*, Court File No. 62-CV-12-5118 (Minnesota District Court 2013). *Plaintiffs' Lead Counsel*. Class action for breach of fiduciary duties to shareholders relating to a proposed merger of medical technology companies. Settlement consisted of additional material disclosures to proxy statement.

*Heron v. International Rectifier Corporation, et al.*, Case No. BC556078 (Superior Court of the State of California, County of Los Angeles). *Co-Lead Counsel*. Class action for breach of fiduciary duties to shareholders relating to a proposed merger of electronics companies. Settlement consisted of additional material disclosures to proxy statements.

*Sachs Investment Group v Sun Healthcare Group, Inc., et al*. 30-2012-580354-CU-SL (Superior Court of the State of California 2013). *Plaintiffs' Counsel*. Class action for breach of fiduciary duties to shareholders relating to a proposed merger of healthcare companies. Settlement consisted of additional material disclosures to proxy statement.

*In re Susser Holdings Corp. Stockholders Litigation*, C.A. 9613 (Delaware Court of Chancery 2014). *Co-Lead Counsel*. Class action for breach of fiduciary duties to shareholders relating to a proposed merger of convenience store and gas station companies. Settlement consisted of additional material disclosures to proxy statements regarding hidden value of individual distribution rights in limited partnership.

# Antitrust Litigation

## CURRENT CASES

*Oliver, et al. v. American Express Company, et al.*, No. 1:19-cv-00566
    *Eastern District of New York*
    *Member of Plaintiffs' Executive Committee*

**Townsend Decl. 39**

## RECENT VICTORIES

***Oliver, et al. v. American Express Company, et al***., No. 1:19-cv-00566-NGG-SMG (E.D.N.Y). On April 30, 2020, the Hon. Nicholas G. Garaufis, United States District Court Judge for the Eastern District of New York, entered an Order denying, in part, defendants' motion to dismiss. This matter, in which Kahn Swick & Foti, LLC is a member of Plaintiffs' Executive Committee, seeks damages, restitution, and injunctive relief against the American Express Company and American Express Travel Related Services Company, Inc. (collectively, "Amex"), on behalf of persons that used an electronic form of payment other than an Amex charge or credit card to purchase goods and services sold by merchants across the country at prices allegedly inflated by Amex's non-discrimination provisions. Judge Garaufis ruled that plaintiffs adequately pled violations of 22 state antitrust and/or consumer protection laws and allowed plaintiffs' case to proceed against Amex for these violations.

# Attorneys

## PARTNERS

### Lewis S. Kahn

Lewis Kahn is a founding partner of KSF and serves as the firm's managing partner. Mr. Kahn's practice is devoted to representing institutional and retail investors in connection with damages suffered as a result of securities fraud, breaches of fiduciary duties by corporate boards, and other egregious corporate conduct.

Mr. Kahn oversees the firm's securities practice, which has been responsible for settlements including the long-running securities class action against Halliburton where Mr. Kahn was Co-Class Counsel with David Boies, a case in which the firm twice beat back [Halliburton's attempt in the United States Supreme Court to eviscerate shareholder rights](), and obtained a **$100 million** settlement for the Class after prior and subsequently replaced national securities counsel attempted to settle the case for $6 million. Other matters have included: *In re Virgin Mobile USA IPO Litigation*, 2:07-cv-05619-SDW-MCA (**$19.5 million settlement**), *In re Tesco PLC Securities Litigation*, 14 Civ. 8495 (**$12 million settlement**), *In re BigBand Networks, Inc Securities Litigation*, 3:07-CV-05101-SBA (**$11 million settlement**), *In re U.S. Auto Parts Networks, Inc. Securities Litigation*, 2:07-cv-02030-GW-JC (**$10 million settlement**), *In re Bank of America Corp. Securities, Derivative, and Employment Retirement Income Security Act (ERISA) Litigation*, 09 Civ.580 (DC) (S.D.N.Y.) (**$62.5 million** cash payment to Bank of America o/b/o Board), *In re Barnes & Noble Stockholder Derivative Litigation*, C.A. No. 4813-VCS (Del. Ch. Ct.) (recovery of **$29 million** for Barnes & Noble, Inc. in the form of reductions to the principal and interest payable to CEO), and *In re EnergySolutions, Inc. Shareholder Litigation*, C.A.

**Townsend Decl. 40**

8203-VCG (Del. Ch. 2014) ($0.40 price bump which increased the consideration to shareholders by more than 10% or approximately **$38 million**).

In addition to securities lawsuits, Mr. Kahn has significant experience with consumer fraud and mass tort class actions. Mr. Kahn has been appointed to various leadership positions in federal class action litigation over the years.

Mr. Kahn holds a Bachelor's degree from New York University in 1990 and received a Juris Doctor from Tulane Law School in 1994. Mr. Kahn is a member of the Louisiana Bar and is licensed to practice in all Louisiana state courts, as well as the United States Supreme Court, the United States Courts of Appeal for the Second, Fifth and Ninth Circuits, and the United States District Courts for the Eastern, Middle and Western Districts of Louisiana.

## Michael A. Swick

Michael A. Swick is a co-founding partner of KSF and heads the firm's case starting department, overseeing case evaluation and initiation in the firm's securities, shareholder derivative and mergers & acquisitions practice groups. Prior to founding KSF, Mr. Swick had a distinguished career working at several of the nation's premiere class action litigation firms.

Relying on analytical skills honed at Tulane Law School and Columbia University's Graduate program of Arts & Sciences, throughout his career, Mr. Swick has played an important role in investigating large securities frauds and in developing and initiating litigations against the nation's largest corporations. Over his career, Mr. Swick has also participated in the litigation of cases that have resulted in hundreds of millions of dollars in recoveries for aggrieved shareholders and institutional investors.

Mr. Swick also works closely with the firm's institutional investor clients and participates in the management and development of KSF's portfolio monitoring systems.

In addition to his unique educational background, following law school, Mr. Swick also worked on the New York Mercantile Exchange, where he was involved first-hand, in the open-outcry trading of crude oil and natural gas futures and options contracts.

Mr. Swick received a Juris Doctor from Tulane Law School in 1994, and a Master of Political Philosophy from Columbia University Graduate School of Arts & Sciences in 1989 as well as a joint B.A. in Philosophy and Political Science from State University of New York at Albany in 1988. Mr. Swick was admitted to the State Bar of New York in 1997 and is admitted to practice before the United States District Court for the Southern District of New York, and the United States Supreme Court.

**Charles C. Foti, Jr.**

Charles C. Foti, Jr. served as the Attorney General for the state of Louisiana from 2004-2008, after serving for 30 years as one of the most innovative law enforcement officials in the United States as Orleans Parish Criminal Sheriff. Throughout his career, General Foti has remained committed to public service.

As Attorney General for the state of Louisiana, General Foti's achievements include:

- Recovering over **$24 million** for Louisiana consumers in consumer fraud matters, **$8 million** in anti-trust litigation, **$9.1 million** for state employees through Office of Group Benefits, over **$2 million** for auto complaints, over **$33 million** in Medicaid Fraud.

- Investigating and apprehending numerous contractor fraud criminals in the wake of one of the worst natural disasters in United States history, Hurricane Katrina.

- Doubling the number of arrests for crime against children through the Louisiana Internet Crimes Against Children Task Force.

Prior to serving as Louisiana Attorney General, over the course of a distinguished career spanning decades, General Foti took countless cases to trial. General Foti served as the head of the criminal division of the city of New Orleans Attorney's Office. He served as the police attorney for the city of New Orleans and prosecuted federal cases including prisoner overcrowding cases. He also served as an assistant District Attorney for Orleans Parish. Even early in his career, he tried cases as in house counsel for the nationally-known insurance carrier, Allstate.

In his tenure as Orleans Parish Criminal Sheriff, General Foti oversaw the enormous expansion of the parish jail, growing from 800 prisoners in 1973 to more than 7,000 currently. As the prison expanded, so did the need for education and rehabilitation skills for prisoners. As Sheriff, General Foti started the first reading and GED programs, work release programs, drug treatment programs and the nation's first boot camp at the local level, all to prepare prisoners for a future without crime. Administratively, General Foti managed a multi-million dollar budget and a complex organization of more than 1,400 employees.

General Foti has for many years been an advocate for the elderly. As Sheriff, he and a small army of volunteers provided Thanksgiving meals for senior citizens in the New Orleans area. He started a back-to-work program for senior citizens that helps people over the age of 55 get back into the workforce.

General Foti received his Juris Doctor degree from Loyola University Law School in 1965, after serving his country in the United States Army from 1955 through 1958.

## Kim E. Miller

Kim E. Miller is a KSF partner who specializes in securities litigation and other complex class action litigation. Ms. Miller also supervises the New York City office of KSF. Prior to joining the firm in 2006, Ms. Miller was a partner at one of the nation's leading plaintiff class action firms. Ms. Miller also spent two years as a securities litigator on the defense side.

*"One of the best lawyers to appear in front of me in a long time..."*

**Hon. Charles R. Breyer,
United States District Judge
In Re:ShoreTel, Inc. Sec. Litig.**

Over the course of her career, Ms. Miller has represented many thousands of harmed investors in class actions filed throughout the country. In a recent Order and final judgment in which KSF served as Lead Counsel, *Elgaouni v. Meta Financial Group, Inc.*, 10-4108-MWB (N.D. Iowa) (June 29, 2012) (Bennett, J.), the Federal District Court noted:

> "Indeed, I find that this action has been a model of how complex class actions should be conducted. Counsel for the Lead Plaintiff, Kim Miller, and her firm, Kahn Swick & Foti, L.L.C., and [Defense Counsel] showed the utmost professionalism and civility, required very limited court intervention while diligently pursuing their objectives, and sought and obtained a fair and reasonable settlement before incurring substantial costs for discovery and trial preparation, all to the benefit of the Lead Plaintiff, Class Members, and the Defendants....I applaud their skill, expertise, zealousness, judgment, civility, and professionalism in putting the best interests of their respective clients first and not only foremost, but exclusively ahead of their law firms' financial interests. Ms. Miller and [Defense Counsel] and their respective law firms earned my unyielding admiration and respect in this case for the efficient and exceptionally reasonable way in which they found a prompt, fair, and equitable solution to the complex problems their clients faced in this litigation, and they accomplished all of this with virtually no judicial intervention. In sum, my only deeply held regret in this case is that bioscience has not sufficiently advanced to allow the cloning of Ms. Miller and [Defense Counsel] for lead counsel roles in all complex civil class action litigation in the Northern District of Iowa."

At another recent settlement hearing in which KSF served as Lead Counsel, *In re ShoreTel, Inc. Sec. Litig.*, 3:08-cv-00271-CRB (N.D. Cal.), the Federal District Court (Breyer, J.) noted, with respect to Ms. Miller, "You're one of the best lawyers to appear in front of me in a long time...."

**Townsend Decl. 43**

In addition to litigating many securities fraud and IPO-related securities cases, Ms. Miller has worked extensively on cases involving allegations of improper directed brokerage arrangements and excessive charges in mutual fund cases brought pursuant to the 1934 Securities Exchange Act and/or the Investment Company Act of 1940. She was also involved in the mutual funds late trading/market timing litigation. Ms. Miller's class action trial experience includes participating as a trial team member in a four-month jury trial involving fraud-based claims the resulted in a jury verdict in favor of Plaintiffs and the Class.

In the course of her career, Ms. Miller has been involved in a variety of cases in which large settlements were reached, including:

- **Settlement value of $127.5 million.** *Spahn v. Edward D. Jones & Co.*, L.P., 04-cv-00086-HEA (E.D. Mo.)

- **$110 Million Recovery.** *In re StarLink Corn Prods. Liab. Litig.*, MDL No. 1403 (N.D. Ill.)

- **$100 Million Recovery.** *In re American Express Financial Advisors*, Inc. Sec. Litig., 1:04-cv-01773-DAB (S.D.N.Y.)

Ms. Miller is KSF's lead litigator in its securities class action practice. While at KSF, Ms. Miller has supervised all aspects of the following successful litigations, among many others: *Erica P. John Fund, Inc. v. Halliburton Company, et al.*, 3:02-CV-1152-M (N.D. Tex.) **($100 million)**; *In re Virgin Mobile USA IPO Litig.*, 2:07-cv-05619-SDW-MCA (D.N.J.) **($19.5 million settlement)**; *In re BigBand Networks, Inc. Sec. Litig.*, 3:07-CV-05101-SBA (N.D. Cal.) **($11 million settlement)**; and *In re U.S. Auto Parts Networks, Inc. Sec. Litig.*, 2:07-cv-02030-GW-JC (C.D. Cal.) **($10 million settlement)**.

After graduating with honors from Stanford University in 1992 with a double major in English and Psychology, Ms. Miller earned her Juris Doctor degree from Cornell Law School, *cum laude*, in 1995. While at Cornell, Ms. Miller was the Co-Chair of the Women's Law Symposium, Bench Brief Editor of the Moot Court Board, and a member of the Board of Editors of the Cornell Journal of Law & Public Policy. She was also a judicial intern for The Honorable David V. Kenyon in the Central District of California. Her *pro bono* work includes representing families of 9/11 victims at *In re September 11 Victim Compensation Fund* hearings. Ms. Miller has also served as a fundraiser for the New York Legal Aid Society. She is admitted to practice before the United States Supreme Court, the States of California and New York, and before the United States District Courts for the Southern and Eastern Districts of New York and the Northern, Southern, and Central Districts of California. She is also admitted to the United States Courts of Appeal for the Second, Fifth, Ninth and Eleventh Circuits.

## Ramzi Abadou

Mr. Abadou is a KSF partner who oversees KSF's San Francisco office. He specializes in securities litigation and has been responsible for securing securities recoveries exceeding **$1.5 billion** for investors. Before joining KSF, Mr. Abadou was the managing partner of an east coast-based plaintiff class action firm's San Francisco office and a partner at a prominent plaintiff class action firm in San Diego.

He is responsible for numerous precedent-setting decisions at all stages of securities litigation, including *In re HP Secs. Litig.*, 2013 U.S. Dist. LEXIS 168292 (N.D. Cal. 2013); *In re MGM Mirage Sec. Litig.*, 2013 U.S. Dist. LEXIS 139356 (D. Nev. 2013); *Dobina v. Weatherford Int'l*, 909 F. Supp. 2d 228 (S.D.N.Y. 2012); *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 278 F.R.D. 454 (D. Minn. 2011); *In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d 1276 (N.D. Okla. 2010); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201 (S.D.N.Y. 2007); and *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298 (S.D. Ohio 2005). Mr. Abadou also prevailed before the United States Court of Appeals for the Ninth Circuit and the United States Supreme in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) cert. denied sub nom. *Hagan v. Khoja*, 139 S. Ct. 2615 (2019), which significantly altered the securities law and civil pleading practice landscapes in the Ninth Circuit.

In 2010, Mr. Abadou was named one of the *Daily Journal's* Top 20 Lawyers in California under 40 and, since 2012, has been selected for inclusion in either *Super Lawyers* or *Benchmark Litigation* as a leading securities litigation practitioner. He also has *AV Preeminent Peer Review Rating* from Martindale-Hubbell. He has lectured on securities litigation at Stanford University Law School, the University of San Diego School of Law, Boston College Law School and is a Law Lecturer at U.C. Berkeley Law School.

Over the years, federal courts have also commended Mr. Abadou for his handling of securities matters. In Minneapolis Firefighters' Relief Association v. Medtronic, Inc. et al. Case No. 0:08-cv-06324-PAM-AJB (D. Minn.) (November 8, 2012), the Hon. Chief Magistrate Judge Arthur Boylan stated:

> "I've been a judge, as you know, either in state or federal court, for over 26 years, and you get a feel for [] the quality of representation before you. But more than that, the quality of the people, personally and professionally. And [] the gentlemen who are here in the courtroom, [] Ramzi [Abadou], exhibited such professionalism and such hard work and such good faith in pursuing this."

Similarly, in *Tripp, et al. v. IndyMac Bancorp, Inc., et al.,* Case No. 2L07-CV-1635-GW (VBK) (January 28, 2013), the Hon. George H. Wu stated in reference to Mr. Abadou that:

"Counsel actively, thoroughly and impressively litigated a complex subject matter (both factually and legally), all the while confronting formidable defense counsel. Obviously, the plaintiff class did not face a simple path if it continued with this litigation into further discovery, summary judgment motions and, eventually, trials and, potentially appeals. Counsel has obtained a not insubstantial settlement figure as the result of their hard, and capable, work."

Mr. Abadou attended Pitzer College where he earned a B.A. in Pan-African Studies in 1994 and later obtained an M.A. in political science from Columbia University in 1997. He received his J.D. from Boston College Law School in 2002.

Mr. Abadou is a member of the San Francisco Bar Association, the Federal Bar Association for the Northern District of California and is a pro bono panelist with Federal Bar Association Justice & Diversity Project. He is admitted to the California Bar and is licensed to practice in all California state courts, as well as all United States District Courts in California, the Eastern District of Michigan, the United States Court of Appeals for the Ninth and Eleventh Circuits, and the Supreme Court of the United States.

## Melinda A. Nicholson

Melinda A. Nicholson, a partner in KSF's Louisiana office, focuses on shareholder derivative and class action litigation, representing institutional and individual shareholders in corporate governance litigation and securities fraud actions, and antitrust matters. Ms. Nicholson also oversees KSF's shareholder derivative practice.

Ms. Nicholson has been involved in a number of significant derivative and class action cases throughout the country seeking recovery for harmed shareholders and individuals, obtaining seminal decisions in shareholders' favor, including:

- *Oliver, et al. v. American Express Company, et al.,* No. 1:19-cv-00566 (E.D.N.Y). On April 30, 2020, the Hon. Nicholas G. Garaufis, United States District Court Judge for the Eastern District of New York, entered an Order denying, in part, defendants' motion to dismiss. This matter, in which Kahn Swick & Foti, LLC is a member of Plaintiffs' Executive Committee, seeks damages, restitution, and injunctive relief against the American Express Company and American Express Travel Related Services Company, Inc. (collectively, "Amex"), on behalf of persons that used an electronic form of payment other than an Amex charge or credit card to purchase goods and services sold by merchants across the country at prices allegedly inflated by Amex's non-discrimination provisions. Judge Garaufis ruled that plaintiffs adequately pled violations of 22

**Townsend Decl. 46**

state antitrust and/or consumer protection laws and allowed plaintiffs' case to proceed against Amex for these violations.

▪ *In re Fitbit, Inc. Stockholder Derivative Litigation*, Consolidated C.A. No. 2017-0402 (Del. Ch.). On December 14, 2018, Vice Chancellor Joseph R. Slights III of the Delaware Chancery Court rejected a motion to dismiss a stockholder derivative suit alleging insider trading and breach of fiduciary duty claims against executive officers and directors of Fitbit, Inc. ("Fitbit"). The lawsuit, in which Ms. Nicholson serves as co-lead counsel, alleges that certain insiders made $385 million in stock sales in the company's initial public offering and—after agreeing to release the insiders from lock-up agreements that barred them from trading for 180 days after the initial public offering—an early secondary offering, taking take advantage of an artificially positive market response to Fitbit's flagship PurePulse heartrate monitoring technology. Vice Chancellor Slights held that the plaintiffs' complaint—bolstered by internal company documents obtained by KSF and its co-counsel—reasonably alleges that, while Fitbit was actively promoting its PurePulse technology, the company internally was struggling to correct and contain news about serious problems with the accurate functioning of their devices containing PurePulse. In the opinion, Vice Chancellor Slights further held that the complaint adequately pled that the directors and officers who sold stock traded on inside information, and "designed the secondary offering to accommodate sellers' interests."

▪ *Dougherty v. Esperion Therapeutics, Inc., et al.,* No. 16-10089 (E.D. Mich.). On September 27, 2018, the Sixth Circuit Court of Appeals reversed and remanded the lower court's dismissal of the securities class action filed on behalf of a putative class of Esperion Therapeutics, Inc. investors. In a decision written by Senior Circuit Judge Eugene Edward Siler, Jr., the Sixth Circuit held that the district court erred by concluding that lead plaintiffs had not adequately alleged scienter, stating that, "Esperion has offered no innocent inference stronger than Plaintiffs' inference that Esperion knowingly or recklessly made material misrepresentations or omissions in its [] communications with investors." The Court further held that defendants' "innocent inference" explanations were either implausible or actually supported lead plaintiffs' allegation of recklessness.

Ms. Nicholson is actively involved in cases pending before various federal and state courts across the United States, including:

▪ *Anthony v. Tritton, et al. (Bed Bath & Beyond Inc. Derivative Action),* Index No. 514167/2021; New York Supreme Court, Kings County; Plaintiffs' Counsel

- *In re Cabot Oil & Gas Corp. Derivative Litigation, No. 21- 02046; Southern District of Texas; Additional Plaintiffs' Counsel;*

- *In re Conduent Inc. Stockholder Derivative Litigation, Lead Case No. 650903/2021; New York Supreme Court, New York County; Co-Lead Counsel;*

- *Dalton v. Surgner, et al. (Altria Group Inc. Derivative Litigation), No. CL21-5548-00; Circuit Court for Henrico County, Virginia; Plaintiffs' Counsel;*

- *Lyon v. AMC Entertainment Holdings, Inc., et al.,* No. 21-7940; Southern District of New York; Plaintiffs' Counsel;

- *In re Mattel, Inc. Stockholder Derivative Litigation,* No. 2021-0417 (Del. Ch.); Co-Lead Counsel;

- *Oliver, et al. v. American Express Company, et al.*, No. 1:19-cv-00566 (E.D.N.Y.); Member of Plaintiffs' Executive Committee;

- *In re Pareteum Securities Litigation,* No. 1:19-cv-09767 (S.D.N.Y.); Lead Counsel;

- *Pfenning v. Jacobs, et al. (Acadia Healthcare Company, Inc. Derivative Litigation),* C.A. No. 2020-0915 (Del. Ch.); Plaintiff's Counsel;

- *Weber, et al. v. Polk, et al. (Newell Brands, Inc. Derivative Litigation),* C.A. No. 20-cv-01792 (D. Del.); Plaintiffs' Counsel; and

- *Welch v. Meaux, et al.,* No. 19-1260 (W.D. La.) Lead Counsel.

Since joining KSF, Ms. Nicholson has also been involved in a number of cases which ultimately resulted in successful settlements, including:

- *Orrego v. Lefkofsky (Groupon, Inc. Derivative Litigation)*, No. 12 CH 12420 (Ill. Cir. Ct, Cook Cnty., Ch. Div.) (settlement consisting of broad corporate governance reforms with an estimated value of **$159 million**);

- *In re Bank of America Corporation Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-MD-2058 (S.D.N.Y.) (Court-approved settlement including **$62.5 million cash recovery** and substantial corporate governance changes);

- *Bassett Family Trust v. Costolo, et al. (Twitter, Inc. Derivative Litigation),* C.A. No. 2019-0806 (Del. Ch.) (settlement resulted **$38 million** payment and targeted corporate governance reforms);

**Townsend Decl. 48**

- *In re Fifth Street Finance Corp. Stockholder Litigation*, Consolidated C.A. No. 12157 (Del. Ch.) (settlement resulted in governance enhancements and advisory fee reductions worth an estimated **$30 million**);

- *In re Barnes & Noble Stockholder Derivative Litigation*, C.A. No. 4813 (Del. Ch.) (settlement resulted in **$29 million recovery** for the company);

- *In re Fitbit, Inc. Stockholder Derivative Litigation* Consolidated C.A. No. 2017-0402 (Del. Ch.)  (settlement resulted in **$5 million recovery** for the company);

- *In re FAB Universal Corporation Shareholder Derivative* Litigation, Lead Case No. 14-cv-687 (S.D.N.Y.) (settlement involving broad corporate governance reforms);

- *Lowry v. Basile (Violin Memory, Inc. Derivative Litigation)***,** No. 4:13-cv-05768 (N.D. Cal.) (broad corporate governance reform settlement); and

- *In re Moody's Corporation Shareholder Derivative Litigation*, 1:08-CV-9323 (S.D.N.Y.) (settlement involving comprehensive corporate governance reforms).

Prior to joining the firm in 2010, Ms. Nicholson worked for defense firms in New York, handling complex commercial litigations and regulatory investigations involving a variety of legal issues, including fiduciary obligations, securities violations, contractual breaches, antitrust and insurance coverage. Ms. Nicholson completed a joint B.A./J.D. program at Tulane University, receiving a B.A. in Political Science, with a concentration in American Politics and Policies and a minor in Economics, from Tulane in 2003 and a J.D. from Tulane in 2005. While at Tulane Law School, Ms. Nicholson served as a Notes and Comments Managing Editor for the Tulane Law Review, which published her comment, *The Constitutional Right to Self-Representation: Proceeding Pro Se and the Requisite Scope of Inquiry When Waiving Right to Counsel*, 79 TUL. L. REV. 755 (2005). She has received numerous awards, including the Dean's Medal for attaining the highest grade point average during the third year, the George Dewey Nelson Memorial Award for attaining the highest grade point average in common law subjects throughout the three years of law study, and Order of the Coif. She graduated from the law school *summa cum laude* and ranked second in her class.

Ms. Nicholson is admitted to practice in Louisiana and New York, and before the United States District Courts for the Eastern District of Louisiana, Western District of Louisiana, Southern District of New York, Eastern District of New York, District of Colorado, and Eastern District of Michigan.

**Townsend Decl. 49**

## Michael J. Palestina

Mr. Palestina practices securities and other complex class action litigation. He focuses his practice on securities litigation involving mergers and acquisitions. In his capacity as a KSF partner, Mr. Palestina currently serves as lead, co-lead, or executive committee counsel in several ongoing M&A cases and has previously served in the same capacity in several successfully resolved M&A cases.

For example, Mr. Palestina took part in the successful resolution of *In re EnergySolutions, Inc. Shareholder Litigation*, Consol. C.A. 8203-YCG (Del. Ch. 2013), a securities class action involving claims for breach of fiduciary duties to shareholders relating to a proposed merger of nuclear energy related companies worth $1.1 billion ($375 million in proposed shareholder consideration), where there was a $0.40 price increase, which increased the consideration to shareholders by more than 10%, or approximately $38 million, and over 20 pages of additional disclosures to the proxy statement relating to process and pricing claims. More recently, Mr. Palestina served as one of three co-lead counsel in *In re American Capital, Ltd. Shareholder Litigation*, Case No. 422598-V (Circuit Court for Montgomery County, Maryland 2016), a securities class action involving claims for breach of fiduciary duty in connection with the sale of American Capital Ltd. against both American Capital's board and senior officers and Elliott Management Corporation, the activist investor fund that agitated for the sale. Therein, Mr. Palestina was instrumental in obtaining a **$17.5 million settlement** from American Capital's board members and officers and Elliott, in so doing defeating a motion to dismiss by Elliott and obtaining an unprecedented ruling that Elliott may be considered a controller and subject to entire fairness review at trial.

Several of Mr. Palestina's current cases also implicate evolving and novel areas of corporate merger law. For example, in *Helen Moore v. Macquarie Infrastructure and Real Assets, et al. (Cleco Corporation Merger)*, Case No. 251,417, c/q 251,456 and 251,515, Div. "C" (9th JDC, Louisiana, 2014), in which Mr. Palestina serves as one of two Interim Co-Lead Counsel, he was instrumental in securing a landmark Louisiana appellate decision finding that merger-related challenges are direct, and not derivative, in nature. Similarly, in *Kenneth Riche v. James C. Pappas, et al. (U.S. Geothermal Merger)*, C.A. No. 2018-0177-JTL (Del. Ch. 2018), in which Mr. Palestina serves as counsel for the Plaintiff, Mr. Palestina is litigating one of the few merger challenges to survive a motion to dismiss post-Corwin. Finally, in *Lisa Guzman v. Robert L. Johnson, et al. (RLJ Entertainment Merger)*, Case No. A-18-783643-B (Nevada Dis. Ct. 2018), in which Mr. Palestina again serves as counsel for the Plaintiff, Mr. Palestina is litigating whether Nevada's "inherent fairness" standard survived the Nevada Legislature's 2017 amendment of its business corporation laws.

Prior to joining KSF, Mr. Palestina clerked for the honorable Catherine D. Kimball, former Chief Justice of the Louisiana Supreme Court, and practiced law at a well-respected New Orleans litigation firm.

While there, Mr. Palestina gained valuable trial experience, focused on complex commercial litigation, and represented a number of judges and his fellow lawyers regarding ethical issues before the State's judicial and attorney disciplinary systems.

Mr. Palestina graduated from Tulane University in 2005 with a Bachelor of Arts in Political Science. He earned his J.D. in 2008 from Loyola University of New Orleans College of Law, where he graduated *magna cum laude*, was a William L. Crowe, Sr. Scholar, and was inducted into the Order of Barristers. While in law school, Mr. Palestina was a member of the Loyola Law Review and Loyola Moot Court, was the first place oralist in the Loyola Intramural Moot Court Competition, and represented Loyola at the Stetson International Environmental Moot Court Competition (where he was the fourth place oralist overall) and on the National Team at the New York Bar Association's National Moot Court Competition (where his team advanced to the finals). Mr. Palestina also served as a research assistant to the Leon Sarpy Professor of Law Professor Kathryn Venturatos Lorio, whom he assisted in a revision of her Westlaw treatise on Louisiana Succession and Donations, and as a Judicial Intern to Magistrate Joseph C. Wilkinson, Jr. of the United States Federal District Court for the Eastern District of Louisiana. Mr. Palestina's Law Review article, Of Registry: Louisiana's Revised Public Records Doctrine, was published in the Loyola Law Review. Mr. Palestina is licensed to practice in Louisiana state and federal courts.

## J. Ryan Lopatka

J. Ryan Lopatka, a partner in KSF's New York office, focuses primarily on federal securities class action litigation.

Mr. Lopatka was a member of the team that litigated against Halliburton Company in one of the most closely followed securities cases of all time. The litigation, which spanned more than a decade, included two landmark decisions from the Supreme Court. The first, *Erica P. John Fund, Inc. v. Halliburton*, 1331 S.Ct. 2179 (2011), a 9-0 unanimous opinion, reversed the rulings of the district court and Fifth Circuit Court of Appeals denying the investors' motion for class certification on loss causation grounds. The second, Halliburton Co. v. Erica P. John Fund, Inc., 134 S.Ct. 2389 (2014), preserved the fraud-on-the-market doctrine, and helped pave the way towards a **$100 million recovery** for the class.

Most recently, Mr. Lopatka successfully argued before the United States Court of Appeals for the Second Circuit to reverse an order from the Southern District of New York granting motion to dismiss in a securities class action against NewLink Genetics Corp. The 26-page ruling from the three-judge panel in *Abramson v. NewLink Genetics Corp.,* 2020 U.S. App. LEXIS 21545 (2d Cir. July 13, 2020) revitalized investors' claims against the bio-pharmaceutical company, and further developed the law of the Second Circuit with regard to loss causation and the actionability of opinion statements under the

Supreme Court's 2015 decision in *Omnicare, Inc. v. Laborers Dist. Council Const. Industry Pension Fund*, 575 U.S. 175 (2015).

Mr. Lopatka is actively involved in securities class actions across the United States in which KSF currently serves as Lead or Co-Lead Counsel. Representative matters include:

- *Pearlstein v. BlackBerry Limited, et al.*, No. 13-cv-7060 (S.D.N.Y.)

- *Nguyen v. NewLink Genetics Corp.*, No. 16-cv-3545 (S.D.N.Y.)

- *Hogan v. Pilgrim's Pride Corporation, et. al.*, No. 16-cv-2611 (D. Colo.)

- *In re Chicago Bridge & Iron Company N.V. Sec. Litig.*, No. 17-cv-1580 (S.D.N.Y.)

- *Kanefsky v. Honeywell, et al.*, No. 18-15536 (D. N.J.)

- *Greco, et al. v. Qudian Inc., et al.*, No. 20-cv-577 (S.D.N.Y.)

As an active member of the legal community, Mr. Lopatka also dedicates time to promote best practices in complex litigation. For example, Mr. Lopatka serves alongside attorneys representing both plaintiffs and defendants as a project member with the Electronic Discovery Reference Model (EDRM) to identify common problems and solutions (including potential amendments to the Federal Rules of Civil Procedure) related the process of recording documents withheld from production on a claim that they contain attorney-client communication or work product.

Mr. Lopatka received his J.D. from Tulane University Law School in 2010. During the summer of 2009, he studied international capital markets and securities law at Cambridge University and Queen Mary School of Law in London, England. He received his B.A. with honors in history from Loyola University New Orleans in 2004.

Mr. Lopatka is admitted to practice in Louisiana and Illinois.

## Craig J. Geraci

Craig J. Geraci, Jr. is a partner in KSF's Louisiana office and focuses on federal securities litigation and other complex class action litigation. He is actively involved in cases pending before federal courts across the United States.

Mr. Geraci has litigated numerous securities matters and helped recover more than **$100 million** for shareholders allegedly defrauded by publicly traded companies and their officers. For example, Mr. Geraci was a member of the litigation team in *Halliburton Co. v. Erica P. John Fund, Inc.,* 134 S.Ct.

2389 (2014), a landmark securities-fraud class action, where the U.S. Supreme Court ruled for KSF's client on the most important issue in the case, and in *Erica P. John Fund, Inc. v. Halliburton*, 131 S.Ct. 2179 (2011), where the Court ruled unanimously for KSF's client. The *Halliburton* case ultimately resulted in a **settlement of $100 million**.

Mr. Geraci received his J.D. from Tulane University Law School in 2009 and received a B.S. with a major in finance from the University of New Orleans in 2005.

Prior to joining KSF, Mr. Geraci focused his practice on complex commercial and corporate litigation, primarily for clients in the energy industry. In that role, he litigated numerous matters in state and federal courts across the country, including a case where he helped obtain a unanimous verdict in a three-week jury trial, awarding more than $4 million in contract damages and $2.7 million in fraud and punitive damages. He has also presented oral argument before the U.S. Court of Appeals for the Federal Circuit.

Mr. Geraci is admitted to practice in Louisiana, Mississippi, Alabama, and Texas, and he is a member of those states' bar associations. Further, Mr. Geraci is admitted to practice before the United States Court of Appeals for the Second Circuit, Fifth Circuit, and Federal Circuit and the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana, the Northern, Eastern, and Southern Districts of Texas, and the Northern and Southern Districts of Mississippi.

## SPECIAL COUNSEL

### Vincent Giblin

**Special Counsel to KSF**
**DeCotiis Fitzpatrick Cole & Giblin, LLP**
**Paramus, NJ**

Vincent Giblin, as Special Counsel to KSF, is an experienced trial attorney and partner with DeCotiis Fitzpatrick Cole & Giblin LLP.  Prior to his career in the private sector, Mr. Giblin served as an Assistant U.S. Attorney in the District of New Jersey. For his efforts at the U.S. Attorney's Office, Mr. Giblin received special recognition from the U.S. Secret Service, U.S. Postal Inspection Service and the Federal Bureau of Investigation. He was also bestowed with the 2002 Administrator's Award, one of the highest honors by the U.S. Drug Enforcement Administration, for his outstanding achievement in law enforcement.  Trials that Mr. Giblin participated in include: *United States v. Robert Kosch and Ravidath Ragbir*, a wire fraud conspiracy involving fraudulent mortgage proceeds; *United States v. Luis Cruz*, a gang-related crack cocaine conspiracy; and *Walsh v. Walsh*, a minority shareholder action.

**Townsend Decl. 53**

Mr. Giblin regularly appears as trial counsel in state and federal courts. Mr. Giblin handles complex federal litigation, white collar criminal defense, and compliance matters for private corporate and not-for-profit organizations. Mr. Giblin has substantial experience with class action litigation including securities litigation, trade secret litigation, First Amendment issues, international business torts, and minority shareholder actions and bankruptcy-related litigation. Mr. Giblin currently serves as the outside general counsel for the International Union of Operating Engineers representing over 450,000 members nationally.

Mr. Giblin received a B.A. from Rutgers College in 1992 where he was a member of the Rutgers Intercollegiate Lacrosse Team. Following receiving his J.D. from Seton Hall University School of Law in 1995, he served as a law clerk for the Hon. Clarkson S. Fisher, U.S.D.J. for the U.S. District Court of the District of New Jersey. Mr. Giblin is admitted to practice in New Jersey, and is admitted to practice before the United States Court of Appeals for the Third Circuit, and the United States District Courts for the District of New Jersey, Southern District of New York, and District of Columbia.

## OF COUNSEL

### Melissa Harris

Melissa Harris, Of Counsel in KSF's New Orleans office, practices securities and other complex commercial and class action litigation.

Prior to joining KSF, Ms. Harris worked at a large, well-respected regional law firm in New Orleans, where she handled defense of complex commercial litigation, government contracts matters, and government investigations in state and federal courts around the country, as well as before federal agencies, including the Consumer Financial Protection Bureau, Federal Trade Commission, and United States Department of Justice. Ms. Harris also represented financial institutions and other companies in lawsuits under the federal False Claims Act and related state and local false claims laws. Ms. Harris has extensive experience with ESI and e-discovery and has presented and published on this topic numerous times.

Before moving to New Orleans, Ms. Harris clerked in federal court for four years in Hattiesburg, Mississippi for the Honorable M. Keith Starrett and the Honorable Michael T. Parker. A native New Yorker, Ms. Harris began her career at a large, prestigious defense firm in New York City where she handled complex commercial litigation, including antitrust, securities, and white-collar criminal matters, and regulatory investigations.

Ms. Harris graduated from Fordham Law School *magna cum laude*, in the top 2% of her class. Ms. Harris was a member of the *Fordham Law Review*, was Order of the Coif, and received the Archibald

**Townsend Decl. 54**

R. Murray Public Service Award and the West Award for Outstanding Academic Achievement. Ms. Harris received her undergraduate degree from Vassar College *cum laude*, with a major in Classics and a minor in Religion.

Ms. Harris is admitted to practice in Louisiana and New York state courts, as well as in the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana and the Southern and Eastern Districts of New York, and the United States Court of Federal Claims. She is a member of the Federal Bar Association, American Bar Association, Louisiana State Bar Association, and New Orleans Bar Association.

## Daniel Kuznicki

Mr. Kuznicki earned his juris doctorate from New York University School of Law in 2008 and graduated summa cum laude in 2005 with a bachelor's degree in Talmudic Law from Yeshiva Bnei Torah Institute.

His practice focuses on securities litigation, representing shareholders in class actions concerning allegations of securities fraud and breaches of fiduciary duties in connection with corporate governance and mergers and acquisitions.

Mr. Kuznicki was one of the lead attorneys representing the class in In re Cnova N.V. Securities Litigation, No. 16-cv-0444-LTS (S.D.N.Y.) – a case alleging, inter alia, violations of Section 11 that was successfully resolved for a cash settlement of $28.5 million – where Mr. Kuznicki was actively involved in each stage of the litigation and was instrumental in the development of the damages theory that substantially increased the class' potential recoverable damages and ultimately resulted in class members recovering nearly 100% of their recognized losses.

Mr. Kuznicki was also one of the lead attorneys representing the class in Guevoura Fund Ltd. v. Sillerman, et al., No. 1:15-cv-07192-CM (S.D.N.Y.) – a case alleging, inter alia, violations of Section 10(b) based on defendants' alleged manipulation of the market for SFX securities by making bad-faith bids to acquire the company, which is currently in mediation – by, among other things, persuading the court to apply a lower pleading standard to the manipulation claim.

Before turning his attention to class action litigation, Mr. Kuznicki's practice focused on litigation and corporate matters involving trademarks, licensing, contracts, securities and real estate.

Mr. Kuznicki is admitted to practice law in the State of New York, and the United States District Court for the Southern District of New York, as well as the United States Court of Appeals for the Second Circuit.

## C. Mark Whitehead III

Mark Whitehead, Of Counsel in KSF's New Orleans office, practices complex class action litigation.

Mr. Whitehead has been practicing in the field of mass torts and class actions since 2001. He has been involved in numerous environmental cases involving class claims for property damage and medical monitoring. Mark also represented the Boilermakers' Union Local 1814 in New Orleans, LA. He served on the plaintiff's committee for consolidated Vioxx mass tort litigation in New Jersey and has served on the science committee of the Plaintiff's Steering Committee in the PPA multi-district litigation, as well as serving similar roles in the Bextra/Celebrex, Vioxx, PPA, Fen-Phen, and Avandia MDLs. Mark is currently serving as a member of the science, bellwether trial, and expert witness committees in the Xarelto MDL. Mark has authored and co-authored publications in fields as diverse as aviation, neurosurgery, vascular surgery, and cardiology and was the recipient of the American Venous Forum Research Award. He has also served as acting coroner for Vermilion Parish and was on the Eunice, Louisiana Regional Airport Commission.

Mr. Whitehead received his J.D. from Tulane University Law School in 2000 after receiving his M.D. from Tulane University School of Medicine in 1995 and a B.S. from the University of Georgia in 1991.

Mr. Whitehead is admitted to practice in Louisiana and Florida state courts, as well as in the United States District Courts for the Eastern District of Louisiana, Middle District of Louisiana, Western District of Louisiana, United States District Courts for the Northern and Southern Districts of Florida, and the Fifth Circuit Court of Appeals. He is a member of the American Association for Justice, Louisiana Association for Justice, Florida Justice Association, Louisiana Bar Association, Florida Bar Association, District of Columbia Bar Association, Louisiana State Medical Society, and the Vermilion Parish Medical Society (past treasurer and vice president).

## Andrew J. Gibson

Mr. Gibson is of counsel to KSF. Andrew focuses his practice on merger and acquisition litigation, shareholder derivative actions, and other complex class action litigation.

Mr. Gibson is also responsible for the formation and management of the firm's Business Loss Claim division, wherein he represents hundreds of businesses and non-profit organizations in claims under the Deepwater Horizon Economic and Property Damage Settlement. He also has broad experience representing clients in commercial and casualty litigation in Louisiana state and federal courts and has obtained a consistently successful record for his clients.

Mr. Gibson received his J.D. from Loyola University New Orleans College of Law in 2004. While in school, he served as a Teaching Assistant and Staff member for the Moot Court program, was twice

elected to the Executive Board of the Student Bar Association, and clerked at a nationally recognized law firm. During the summer of 2003, he studied Latin American civil law systems and international arbitration at the University of Costa Rica School of Law in San Jose, Costa Rica. He earned a Bachelor of Science degree in Business with a concentration in Pre-Law from the E.J. Ourso College of Business at Louisiana State University in 1997 and went on to work as a manager in the marketing department of a regional telecommunications company.

Mr. Gibson is a proud veteran of the United States Marine Corps where he served in the infantry as a Non-Commissioned Officer.

Mr. Gibson is very active in the local business community and has served on the Board of Directors and as Chairman of the Governmental Affairs Committee for the Saint Tammany West Chamber of Commerce, as a member of the St. Tammany Parish Home Rule Charter Committee (2014-15) and as a member of the St. Tammany Parish Inspector General Task Force (2013-2014).

## ASSOCIATES

### Alexander L. Burns

Alexander L. Burns is an associate in KSF's Louisiana office and focuses on federal securities class actions.

Mr. Burns graduated with honors from the University of Southern Mississippi in 2000 with a B.S.B.A. in accounting. In 2001, he earned his Master of Professional Accountancy and has been a licensed CPA since 2003. From 2001 to 2004 Mr. Burns was employed by Ernst & Young, L.L.P., auditing the financial statements of both privately held and publicly traded entities spanning a variety of industries including casino gaming, health care, insurance, and energy. Following the Enron scandal of the early 2000s, and anticipating the need for attorneys with a strong understanding of accounting issues, Mr. Burns left E&Y to attend law school in 2004.

Mr. Burns received his J.D. and B.C.L. from Louisiana State University's Paul M. Hebert Law Center in 2007. While at LSU, he was awarded the CALI Award for Academic Excellence in Contracts, served as Treasurer of the Trial Advocacy Board, and competed on various interschool mock trial teams. Mr. Burns has since practiced civil litigation, representing his clients' interests in contentious matters in both state and federal courts.

Mr. Burns is a licensed Certified Public Accountant in Louisiana. As an attorney, he is admitted to practice in Louisiana, the related Federal District Courts, the United States District Court for the Eastern District of Michigan, and the United States Fifth Circuit Court of Appeals.

## Morgan M. Embleton

Morgan M. Embleton is an associate in KSF's New Orleans office and focuses on federal securities class actions.

Ms. Embleton received her J.D. and Environmental Law Certificate from Tulane University Law School in 2014. During her time in law school, Ms. Embleton was a student attorney in the Tulane Environmental Law Clinic, a member of the Journal of Technology and Intellectual Property, and the Assistant Director of Research and Development for the Durationator. She received her B.A. in Sociology, *cum laude*, from the University of Colorado in Boulder, Colorado.

Prior to joining KSF, Ms. Embleton focused her practice on False Claims Act litigation, whistleblower actions, pharmaceutical mass torts, products liability, maritime, and personal injury claims.

Ms. Embleton is admitted to practice in all Louisiana State Courts, the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana, the Eastern District of Michigan, the United States Court of Federal Claims, and the United States Court of Appeals for the Fifth and Ninth Circuits. Ms. Embleton is also a member of the New Orleans Bar Association.

## Alayne Gobeille

Alayne Gobeille is an associate in KSF's New Orleans office and focuses on federal securities class actions.

Ms. Gobeille completed her undergraduate work at the University of California at Davis, earning a B.S. in Fermentation Science in 2000. She went on to earn a Masters Degree in Natural Resources from Cornell University in 2003. After graduate school, Ms. Gobeille worked as a public health researcher, specializing in environmental epidemiology and occupational health.

Ms. Gobeille made the decision to go to law school so that she could better serve the communities she worked with as a scientist. She received her J.D. *cum laude* from Tulane University Law School in 2011. While at Tulane, Ms. Gobeille was awarded the CALI Award for Academic Excellence in Toxic Torts, was an editor of the Tulane Journal of International and Comparative Law, and received a certificate in Environmental Law.

After law school, Ms. Gobeille worked for a boutique environmental non-profit advocacy organization in Washington D.C. She also served as a law clerk to the Honorable Lawrence J. O'Neill, Chief U.S. District Court Judge for the Eastern District of California, for more than two years. Ms. Gobeille has since returned to Louisiana, where her practice focuses on seeking justice for individuals and organizations who have been victims of securities fraud.

Ms. Gobeille is licensed in Louisiana and the related Federal District Courts, as well as the United States District Court for the Eastern District of Michigan.

## Jyoti Kehl

Jyoti Kehl is an associate in KSF's Louisiana office and focuses on federal securities class action litigation.

Ms. Kehl received her J.D. from Tulane University School of Law in 2018, where she was a member of the International Criminal Court appellate moot court team and a Rule XX Student Attorney with the Tulane Criminal Justice Clinic. She received her B.A. in political science with an emphasis in international political economy from the University of California, Santa Barbara.

Ms. Kehl is admitted to practice in Louisiana.

## Nicolas Kravitz

Nicolas Kravitz is an associate in KSF's New Orleans office and focuses primarily on shareholder derivative litigation.

Mr. Kravitz received his J.D., *cum laude*, from Georgetown University Law Center in 2014. During law school, Mr. Kravitz served as an editor for the American Criminal Law Review and worked as a legal extern for the United States Department of Justice. He received his B.S. in Finance from Tulane University.

Prior to joining KSF, Mr. Kravitz practiced corporate and commercial litigation in Wilmington, Delaware, focusing on complex matters in the Delaware Court of Chancery.

## Anton Martynenko

Anton Martynenko is a staff attorney in KSF's New Orleans office and focuses primarily on shareholder derivative litigation, along with federal securities and antitrust class actions.

Prior to joining KSF, Mr. Martynenko practiced general litigation, where he gained invaluable experience litigating consumer protection, personal injury, family, and elder abuse matters.

Mr. Martynenko received his J.D. in 2016 from Tulane University School of Law, where he was a member of the trial moot court team, received several trial advocacy awards, and served indigent defendants as a Rule XX Student Attorney with the Tulane Criminal Justice Clinic.

Mr. Martynenko earned his B.A. in Studio Art from the University of Dallas and is admitted to practice in all Louisiana state courts.

Mr. Kravitz is admitted to practice in Louisiana, Delaware, and the United States District Court for the District of Delaware.

## Brian C. Mears

Brian C. Mears is an Associate Attorney in KSF's New Orleans office and focuses on securities litigation involving mergers and acquisitions.

Mr. Mears received his J.D. from Tulane University Law School in 2014. During his time in law school, Mr. Mears was a member of the Sports Lawyers Journal, and he interned with the general counsel's office at Octagon, Inc., one of the world's largest sports agencies, and with the San Antonio Spurs. Following law school, Mr. Mears clerked for the Honorable Christopher Bruno at the Civil District Court for the Parish of Orleans. Prior to joining KSF, Mr. Mears worked at a boutique civil litigation firm in New Orleans where his practice focused on employment and maritime personal injury matters in federal and state courts.

Prior to attending law school, Mr. Mears received a Master of Business Administration from Tulane University while working as a member of the women's basketball coaching staff at Tulane.

Mr. Mears is admitted to practice in all Louisiana state courts and the United States District Court for the Eastern District of Louisiana. Mr. Mears is a member of the Federal Bar Association, the American Bar Association, the American Association for Justice, the New Orleans Bar Association, and the Academy of New Orleans Trial Lawyers.

## Matthew P. Woodard

Matthew Woodard, an associate in KSF's Louisiana office, focuses on federal securities class action litigation. He is involved in cases pending before federal courts across the United States.

Mr. Woodard received his J.D. from Tulane University School of Law in 2012, where he served as the Senior Managing Editor for the Tulane Journal of Law & Sexuality: Volume 21. He received his B.A. in English, *cum laude* with honors, from The University of the South: Sewanee in 2009.

Mr. Woodard is admitted to practice in Louisiana and is a member of the Louisiana State Bar Association.

**Townsend Decl. 60**

## STAFF ATTORNEYS

### Tyler M. Landrieu

Tyler Landrieu is a staff attorney in the New Orleans office and focuses primarily on shareholder derivative litigation, along with federal securities and antitrust class actions.

Prior to joining KSF, Mr. Landrieu served as judicial clerk for the Hon. Fredericka Homberg Wicker of Louisiana's Fifth Circuit Court of Appeal. Prior to that, he served as an Assistant District Attorney in Orleans Parish.

Mr. Landrieu earned his J.D. from Loyola University New Orleans College of Law in 2018. Mr. Landrieu earned his Bachelor's degree in Economics from New York University in 2014. He earned distinction as one of NYU's Martin Luther King Scholars for Social Justice, for which received a full-tuition award.

Prior to law school, Mr. Landrieu served as a research staffer for the United States Senate's Committee on Finance in Washington, D.C. His research focused primarily on federal tax legislation and policy. He also made contributions to the Caucus Briefing Book on Tax Legislation for the 114th Congress.

Mr. Landrieu is admitted to practice in Louisiana.

### Caitlin Zetzmann

Caitlin Zetzmann is a staff attorney in the New Orleans office and focuses primarily on shareholder derivative litigation, along with federal securities and antitrust class actions.

Ms. Zetzmann received her J.D. from Tulane Law School in 2015. During law school, Ms. Zetzmann served as a managing editor and a board member of the Tulane Maritime Law Journal. Ms. Zetzmann also served as a judicial extern for the Honorable Carl J. Barbier at the United States District Court for the Eastern District of Louisiana.

Prior to joining KSF, Ms. Zetzmann focused her practice on estate planning matters and general litigation.

Ms. Zetzmann received her B.S. in Political Science and Philosophy from Spring Hill College, cum laude, and is admitted to practice in all Louisiana state courts.