1  Steve W. Berman
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  1301 Second Avenue, Suite 2000
   Seattle, WA 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  steve@hbsslaw.com

5  *[Proposed] Lead Counsel for [Proposed]
   Lead Plaintiff Jeremy Jaeger*

6  [Additional counsel on signature page]

7

8  **UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF WASHINGTON
9  AT SEATTLE**

| | |
|---|---|
| 10  DIBAKAR BARUA, individually and on behalf of all others similarly situated, | No. 2:21-cv-01551-TSZ |
| 11 | <u>CLASS ACTION</u> |
| 12           Plaintiff, | **JEREMY JAEGER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| 13      v. | |
| 14  ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, | |
| 15 | NOTE ON MOTION CALENDAR: Friday, Feb. 4, 2022 |
| 16           Defendants. | ORAL ARGUMENT REQUESTED |
| 17  STEVEN SILVERBERG, individually and on behalf of all others similarly situated, | No. 2:21-cv-01567-TSZ |
| 18 | <u>CLASS ACTION</u> |
| 19           Plaintiff, | |
| 20      v. | |
| 21  ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, | |
| 22 | |
| 23           Defendants. | |

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



| | |
|---|---|
| AARON WINSTON HILLIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC., RICHARD N. BARTON, LLYOD D. FRINK, ALLEN W. PARKER, and JEREMY WACKSMAN,<br><br>Defendants. | No. 2:22-cv-00014-TSZ<br><br><u>CLASS ACTION</u> |

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



Jeremy Jaeger ("Movant") hereby moves this Court for an Order: (a) consolidating the Actions; (b) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (c) approving his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel; and (d) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant submits herewith the Declaration of Steve W. Berman, dated January 18, 2022.

## I.   PRELIMINARY STATEMENT

Presently pending before the Court are three securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired Zillow Group, Inc. ("Zillow" or the "Company") common stock between February 10, 2021, and November 2, 2021, inclusive (the "Class Period").[1] Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers (collectively, "Defendants"). As a result of the alleged fraud during the Class Period, Movant, who resides in Loomis, California and serves as the president of a general engineering contractor company based in Roseville, California, lost approximately $6,305,232.[2]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

---

[1] The Actions are entitled *Barua v. Zillow Group, Inc., et al.,* No. 2:21-cv-01551-TSZ (the "*Barua* Action"), *Silverberg v. Zillow Group, Inc., et al.*, No. 2:21-cv-01567-TSZ (the "*Silverberg* Action") and, *Hillier v. Zillow Group, Inc., et al.,* No. 2:22-cv-00014-TSZ (the "*Hillier* Action"). Movant notes that the *Hillier* action alleges a longer class period (August 7, 2020 through November 2, 2021). Movant contends that the class period alleged in both *Baura* and *Silverberg* (February 10, 2021 to November 2, 2021) is more appropriate period based on the facts and evidence uncovered to date in the Actions.

[2] Because Movant did not transact in Zillow securities before February 10, 2021, Movant's losses of $6,305,232 remain the same in the event the Court were to accept the *Hillier* Action's longer alleged class period. *See* Declaration of Steve Berman ("Berman Decl.") dated January 18, 2022, as Exhibit ("Ex.") B (Movant's Loss Chart).

MOT. FOR CONSOL. & APPOINTMENT - 1
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Movant believes that he has the largest financial interest in the outcome of the case. As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.

Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. Additionally, Movant's selection of Hagens Berman as Lead Counsel for plaintiff and the proposed class should be approved by this Court. Lastly, the Court should consolidate the above-captioned Actions.

## II. STATEMENT OF FACTS

Zillow is a real estate company that purports to offer customers "an on-demand experience for selling, buying, renting or financing with transparence." The Company's "Zillow Offers" business "buys and sells homes directly in dozens of markets across the country, allowing sellers control over their timeline." The Company is incorporated under the laws of Delaware with its principal executive offices located in Seattle, Washington. Zillow's Class A common stock trades on the NASDAQ Exchange under the symbol "ZG," and its Class C common stock trades on the NASDAQ Exchange under the symbol "Z."

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that despite operational improvements, the Company experienced significant unpredictability in forecasting home prices for its Zillow Offers business; (2) that such unpredictability, as well as labor and supply shortages, led to a backlog of inventory; (3) that, as a result of the foregoing, the Company was reasonably likely to wind-down its Zillow Offers business, which would have a materially adverse impact on the Company's financial results; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

MOT. FOR CONSOL. & APPOINTMENT - 2
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

The truth began to emerge on October 18, 2021, when the Company announced that Zillow Offers suspended signing of new contracts through 2021 and would focus on its current inventory, citing "a backlog in renovations and operational capacity restraints." Zillow claimed that "[p]ausing new contracts will enable us to focus on sellers already under contract with us and out current home inventory."

On this news, Zillow's Class A share price fell $8.84 (9.4%) to close at $85.46 per share on October 18, 2021, and Zillow's Class C share price fell $8.97 (9.4%) to close at $86.00 per share on October 18, 2021, on unusually heavy trading volume.

Then, on November 2, 2021, the truth fully emerged. After the market closed, Zillow announced that it would wind-down Zillow Offers because "the unpredictability in forecasting home prices far exceeds what we anticipated and continuing to scale Zillow Offers would result in too much earnings and balance-sheet volatility." As a result, third quarter 2021 financial results included "a write-down of inventory of approximately $304 million within the Homes segment as a result of purchasing homes in Q3 at higher prices than the [C]ompany's current estimates of future selling prices." Zillow further stated that the "[C]ompany further expects an additional $240 million to $265 million of losses to be recognized in Q4 primarily on homes it expects to purchase in Q4." Lastly, the Company continued, the "wind-down is expected to take several quarters and will include a reduction of Zillow's workforce by approximately 25%."

On this news, Zillow's Class A share price fell $19.62 (23%) to close at $65.86 per share on November 3, 2021, on unusually heavy trading volume. Zillow's Class C share price fell $21.73 (25%) to close at $65.47 per share on November 3, 2021, on unusually heavy trading volume.

### III.    PROCEDURAL HISTORY

Pending before this Court are the above-captioned Actions against the Defendants. Plaintiff Dibakar Barua ("Barua") commenced the first-filed action on November 16, 2021 (the "*Barua* Action"). On the same day, counsel acting on Barua's behalf published a notice on *Business Wire* (the "Notice") announcing that a securities class action had been initiated against the Defendants. *See* Berman Decl., Ex. D ("Press Release").

MOT. FOR CONSOL. & APPOINTMENT - 3
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

On November 19, 2021, the *Silverberg* Action was filed against the Defendants in this Court. On January 6, 2022, the *Hillier* Action was filed. Movant has requested consolidation of the *Barua, Silverberg*, and *Hillier* Actions.

On December 6, 2021, the *Silverberg* Action was related to the *Barua* Action. On January 13, 2022, the *Hillier* Action was related to the *Barua* and *Silverberg* Actions.

### IV.   ARGUMENT

#### A.   THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B) (ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999). Consolidation is particularly appropriate in securities class action litigation. *See, e.g.*, *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name similar parties as defendants. Because both arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42 (a) is appropriate. *See Johnson v. Costco Wholesale Corp., et al.*, 2:18-cv-01611-TSZ, slip op., ECF No. 16 (W.D. Wash. Jan. 30, 2019) (Zilly, J.) ((order consolidating related securities actions under Rule 42(a)); *Callan v. Motricity, Inc., et al.*, 2:11-cv-01340-TSZ, slip op., ECF No. 35 (W.D. Wash. Nov. 7, 2011) (Zilly, J.) (same).

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a



prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Actions now pending in this District.

**B.   THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

**1.   The Procedure Required by the PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (a)   has either filed the complaint or made a motion in response to a notice;
>
> (b)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (c)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against him. Therefore, Movant is entitled to the

MOT. FOR CONSOL. & APPOINTMENT - 5
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

        **a.**    **Movant Is Willing to Serve As Class Representative**

On November 16, 2021, counsel in the *Barua* Action caused the Notice to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Zillow and the defendants, and advised putative class members that they had until January 18, 2022 to file a motion to seek appointment as a lead plaintiff in the action.[3] Movant has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice.

        **b.**    **Movant Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, Movant purchased Zillow common stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Movant suffered a substantial loss of $6,305,232. *See* Berman Decl., Ex. B ("Loss Chart"). Significantly, even if the Court were to accept the *Hillier* Action's longer alleged class period, Movant's losses would remain the same.

Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest and also satisfy Rule 23. *See Johnson v. Costco Wholesale Corp., et al.*, 2:18-cv-01611-TSZ, ECF No. 16 (W.D. Wash. Jan. 30, 2019) (order appointing movant with largest financial interest as Lead Plaintiff); *Callan v. Motricity, Inc., et al.*, 2:11-cv-01340-TSZ, ECF No. 35 (W.D. Wash. Nov. 7, 2011) (same).

    **2.**    **Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

---

[3] The *Barua* Action was filed in this Court on November 16, 2021. On the same day, plaintiff's counsel in the *Barua* Action caused the Notice to be published over *Business Wire*, a widely-circulated national business-oriented wire service. *See* Berman Decl., Ex. D.

MOT. FOR CONSOL. & APPOINTMENT - 6
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required. *See Takeda,* 67 F. Supp. 2d at 1136. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *Schonfield v. Dendreon Corp.*, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007). The requirement that a proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant and all of the Class members purchased Zillow common stock and suffered damages as a result of these

MOT. FOR CONSOL. & APPOINTMENT - 7
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

purchases due to the defendants' misrepresentations and omissions. Therefore, Movant's claims and injuries "stem from the same course of conduct" from which the other class members' claims and injuries arise. *Schonfield*, 2007 WL 2916533, at *4. Movant is not subject to any unique or special defenses. Therefore, Movant meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other Class members.

### b. Movant Will Adequately Represent The Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *Schonfield*, 2007 WL 2916533, at *4; *see also See Johnson v. Costco Wholesale Corp., et al.*, 2:18-cv-01611-TSZ, ECF No. 16 (W.D. Wash. Jan. 30, 2019) (order stating the movant satisfies the adequacy requirement under the PSLRA and appointing him as Lead plaintiff).

Movant's interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between Movant and the other Class members, but Movant has a significant, compelling interest in prosecuting the action to a successful conclusion based upon the very large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has selected a law firm to represent him and the Class that is highly experienced in prosecuting securities class actions.

Moreover, Movant is an adequate representative for the Class. Movant considers himself to be a sophisticated investor. He resides in Loomis, California, and presently acts as the President of a general engineering contractor company that specializes in underground utility installations, remediation, and repairs for residential, commercial, and municipal clients. *See* Berman Decl., Ex. A and C at ¶ 2 ("Movant's Certification" and "Movant's Declaration"). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

MOT. FOR CONSOL. & APPOINTMENT - 8
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

In sum, because of Movant's common interests with the Class members, his clear motivation and ability to vigorously pursue the action, and his competent counsel, the adequacy requirements of Rule 23(a)(3) and (4) are met. Therefore, because Movant not only meets both the typicality and adequacy requirements of Rule 23(a) and has sustained the largest amount of losses from the defendants' alleged wrongdoing, Movant is the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

**C.      Movant's Choice of Counsel Should be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Johnson v. Costco Wholesale Corp., et al.*, 2:18-cv-01611-TSZ, ECF No. 16 (W.D. Wash. Jan. 30, 2019) (order approving Movant's selection of lead counsel); *Callan v. Motricity, Inc., et al.*, 2:11-cv-01340-TSZ, ECF No. 35 (W.D. Wash. Nov. 7, 2011) (same).

Movant has selected and retained Hagens Berman as Lead Counsel for the Class. The members of Hagens Berman have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. *See* Berman Decl., Ex. E (the firm resume of Hagens Berman). Hagens Berman also possesses substantial complex litigation experience.

**V.      CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions; and (3) approve Hagens Berman as Lead Counsel for the Class.

MOT. FOR CONSOL. & APPOINTMENT - 9
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

| | | |
|---|---|---|
| 1 | Dated: January 18, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 4 | | By: s/ *Steve W. Berman* |
| | | Steve W. Berman |
| 5 | | 1301 Second Avenue, Suite 2000 |
| | | Seattle, WA 98101 |
| 6 | | Telephone: (206) 623-7292 |
| | | Facsimile: (206) 623-0594 |
| 7 | | steve@hbsslaw.com |

Reed R. Kathrein (*pro hac vice* pending)
Lucas E. Gilmore (*pro hac vice* pending)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*[Proposed] Lead Counsel for [Proposed] Lead Plaintiff Jeremy Jaeger*

MOT. FOR CONSOL. & APPOINTMENT - 10
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

