The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIBAKAR BARUA, Individually and on Behalf of All Others Similarly Situated, <br><br>      Plaintiff, <br><br>  v. <br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, <br><br>      Defendants. | Case No. 2:21-cv-01551-TSZ <br><br>**ALEX AMBROSE'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF** <br><br>NOTE ON MOTION CALENDAR: February 4, 2022 |
| STEVEN SILVERBERG, Individually and on Behalf of All Others Similarly Situated, <br><br>      Plaintiff, <br><br>  v. <br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, <br><br>      Defendants. | Case No. 2:21-cv-01567-TSZ |

AMBROSE'S OMNIBUS RESPONSE TO MLPS
CASE NO. 2:21-cv-1551-TSZ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

AARON WINSTON HILLIER, Individually and on Behalf of All Others Similarly Situated,

                   Plaintiff,

          v.

ZILLOW GROUP, INC., RICHARD N. BARTON, LLOYD D. FRINK, ALLEN W. PARKER, and JEREMY WACKSMAN,

                 Defendants.

Case No. 2:22-cv-00014-TSZ

Alex Ambrose respectfully submits this omnibus memorandum in opposition to the remaining motions for appointment as lead plaintiff.[1] As set forth herein, Mr. Ambrose has sustained a substantial loss of $416,614 on his purchase of 7,000 net shares of Zillow Group, Inc. Class A shares ("ZG"), and otherwise satisfies the adequacy and typicality requirements of FED. R. CIV. P. 23. *See* ECF No. 21-1 at 11-12, ¶¶ 3-8. The only remaining movant who has not filed a statement of non-opposition is Jeremy Jaeger – an individual who traded exclusively in Class C shares ("Z"), claiming a purportedly larger loss than Mr. Ambrose of $6,305,232. S*ee* ECF No. 26 at 1 n.2; ECF No. 28-2.

Mr. Jaeger contends that he invested over $19 million in Zillow securities during the Class Period but has not provided any information substantiating his investment of this ***staggering*** sum. Based on the minimal information he timely provided, it is unclear how Mr. Jaeger managed to purchase an astonishing ***174,541*** shares of Zillow Class C common stock during that period. *Id*. By way of comparison, the State of Wisconsin Investment Board – an institutional investor with about $145 ***billion*** in assets – held ***174,169*** shares of Zillow Class C common stock as of September 30, 2021.[2] Mr. Jaeger has also provided scant details about himself, stating only that he is forty years old and is the President of a general engineering contractor company (which he does not identify). *See* ECF No. 28-3 at ¶ 2; s*ee also Camp v. Qualcomm Inc*., 2019 U.S. Dist. LEXIS 10269, at *8 (S.D. Cal. 2019) (declining to appoint individual with largest financial interest as lead plaintiff who did not "include any basic details about himself").

Were he appointed, and in advance of a motion to certify the class, Mr. Jaeger ***will*** be subject to searching discovery as to his financial condition and experience, investing methodologies, and transactions in Zillow securities. *See, e.g., In re Northfield Lab'ys Secs. Litig.,* 264 F.R.D. 407, 409 (N.D. Ill. 2009) (ordering production of account statements to corroborate trade confirmations as

---

[1]     Eight motions in total were filed. On January 20, 2022, Mr. Danev withdrew his motion filed at ECF No. 27. *See* ECF No. 40. Then, on January 27, 2022 he filed a separate statement of non-opposition acknowledging that he did not have the largest financial interest. *See* ECF No. 41. Mr. Hackbarth, Sjunde AP-Fonden (AP7), McCormick and Switzer also filed responses and/or non-oppositions. *See* ECF Nos. 45, 49-51.

[2]     *See* https://www.nasdaq.com/market-activity/stocks/z/institutional-holdings at p. 6 (last accessed January 31, 2022).

AMBROSE'S OMNIBUS RESPONSE TO MLPs      1
CASE NO. 2:21-cv-1551-TSZ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

defendants were entitled to test the accuracy of Plaintiffs' trades). Under such circumstances, and before appointing him as sole lead plaintiff, the Court has discretion to now probe Mr. Jaeger's adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("The district court may need to hold an evidentiary hearing, and to make a renewed determination of typicality and adequacy."); *In re Peregrine Sys. Sec. Litig.*, 2002 U.S. Dist. LEXIS 27690, at *22 (S.D. Cal. 2002) (same); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iv) (authorizing discovery to establish whether a member of the putative class is the "most adequate plaintiff"). Indeed, "[a]ny time the question appears genuinely contestable, we think that a district court would be well within its discretion in requiring that competing movants submit documentation as to their holdings in the defendant company or companies and in seeking further information if it deems the original submissions to be an inadequate basis for an informed decision." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

Assuming Mr. Jaeger can and does provide such documentation, the Court should nevertheless consider appointing Mr. Ambrose alongside Mr. Jaeger because Mr. Jaeger appears to have traded ***exclusively*** in non-voting Class C ("Z") shares (*see* ECF No 28-1), while Mr. Ambrose traded voting Class A shares ("ZG"). *See Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, at *38-41 (N.D. Cal. 2001) (appointing co-lead plaintiffs to represent shareholders and bondholders). The appointment of separate leadership here could offset any possible risk that Mr. Jaeger would be incentivized to resolve this case in a manner favoring Class C Zillow shares at the expense of the typical Class A shares purchased by Mr. Ambrose. *See id*. Further, voting shares like those purchased by Mr. Ambrose enable him to vote on certain corporate matters such as electing the board of directors, while Jaeger's non-voting shares do not allow him to do so, which may impact his decision-making at settlement or trial as the sole Court-appointed lead plaintiff.

Foreign pension fund Sjunde AP-Fonden AP7's "non-opposition" claims that it can and should be appointed were the Court to deny Mr. Jaeger's motion. *Compare* ECF No. 49 *with* W.D. Wash. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

AMBROSE'S OMNIBUS RESPONSE TO MLPs
CASE NO. 2:21-cv-1551-TSZ

2

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Assuming the Court considers its self-styled "non-opposition," AP7's motion can and should be denied because it submitted an inaccurate certification by failing to disclose, as required under the PSLRA, its recent appointment as lead plaintiff in *Plaut v. The Goldman Sachs Grp., Inc.*, 2019 U.S. Dist. LEXIS 160255, at *2 (S.D.N.Y. Sep. 19, 2019). *See In re Cavanaugh*, 306 F.3d at 737-38 ("In passing the Reform Act, Congress made some very significant changes in the way securities class actions are to be litigated, among the most important being . . . a requirement that plaintiffs submit sworn certifications . . . .").

Finally, Mr. McCormick's "response," which as with AP7 does not oppose Mr. Ambrose's motion under W.D. Wash. LCR 7(b)(2), suggests that he has a larger financial interest than Mr. Ambrose. *See* ECF No. 51 at 1; *Sia v. Berhad*, 2017 U.S. Dist. LEXIS 60569, at *2 n.1 (W.D. Wash. Apr. 20, 2017) ("The Court considers plaintiffs' failure to respond to Artus's motion to be an admission that the motion has merit.") (Zilly, J.). Mr. McCormick, however, does not have a larger financial interest as Mr. Ambrose's financial interest is larger under three of the four *Lax-Olsten* factors recently adopted by this Court in *Fan Wang v. Athira Pharm., Inc.*, 2021 U.S. Dist. LEXIS 192248, at *5 (W.D. Wash. 2021) (collecting cases) (Zilly, J.); *see* ECF No. 18-3 *with* ECF No. 21-1 at 7; *see Cortina v. Anavex Life Sci. Corp.*, 2016 U.S. Dist. LEXIS 45906, at *3-4 (S.D.N.Y. 2016) (applying *Lax-Olsten* factors, holding that much higher net shares purchased and net funds expended outweighed a loss, as here, that "only slightly favor[ed]" a competing movant); *Alkhoury v. Lululemon Athletica, Inc.*, 2013 U.S. Dist. LEXIS 144105, at *3-4 (S.D.N.Y. 2013) (same). Indeed, many courts in this Circuit do not consider losses at all and give greater weight to the number of retained shares. *See In re Critical Path*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) (citing *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999)) (the "number of net shares purchased during the class period is determinative"); *Fialkov v. Celladon Corp.*, 2015 U.S. Dist. LEXIS 192311, at *16 (S.D. Cal. 2015) (applying retained shares methodology). Under that approach, Mr. Ambrose also clearly has a larger financial interest than McCormick (7,000 *versus* 4,014, respectively). *See id.*

For the foregoing reasons, Mr. Ambrose's motion should be granted.

AMBROSE'S OMNIBUS RESPONSE TO MLPS    3
CASE NO. 2:21-cv-1551-TSZ

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Dated: January 31, 2022

Respectfully submitted,

**BRESKIN JOHNSON & TOWNSEND, PLLC**

By:    *s/ Roger M. Townsend*
    Roger M. Townsend
    1000 Second Avenue, Suite 3670
    Seattle, Washington 98104
    Telephone: (206) 652-8660
    Facsimile: (206) 652-8290
    rtownsend@bjtlegal.com

    *Proposed Liaison Counsel for Movant,*
    *Alex Ambrose*

      -and-

**KAHN SWICK & FOTI, LLP**

By:    *s/ Ramzi Abadou*
    Ramzi Abadou (admitted *pro hac vice*)
    580 California Street, Suite 1200
    San Francisco, California 94104
    Telephone: (415) 459-6900
    Facsimile: (504) 455-1498
    ramzi.abadou@ksfcounsel.com

    *Proposed Lead Counsel and Counsel*
    *for Movant, Alex Ambrose*