The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| DIBAKAR BARUA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,<br><br>    Defendants. | No. 2:21-cv-01551-TSZ<br><br>CLASS ACTION<br><br>**JEREMY JAEGER'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, Feb. 4, 2022<br><br>ORAL ARGUMENT REQUESTED |
| STEVEN SILVERBERG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,<br><br>    Defendants. | No. 2:21-cv-01567-TSZ<br><br>CLASS ACTION |

OPP. TO COMPETING MOTS. FOR CONSOL. &
APPOINTMENT
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

 

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

| | |
|---|---|
| AARON WINSTON HILLIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC., RICHARD N. BARTON, LLYOD D. FRINK, ALLEN W. PARKER, and JEREMY WACKSMAN,<br><br>Defendants. | No. 2:22-cv-00014-TSZ<br><br><u>CLASS ACTION</u> |

OPP. TO COMPETING MOTS. FOR CONSOL. &
APPOINTMENT
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



1301 Second Avenue, Suite 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

## I.   INTRODUCTION

Eight motions for appointment as lead plaintiff are pending before this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1] Movant Jeremy Jaeger ("Jaeger") is undisputedly the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B)(i).[2]

*First*, with $6,305,232 in claimed losses, Mr. Jaeger is the individual movant with the largest financial interest which is the primary focus of the PSLRA appointment criteria.[3]

|  | **Loss Claimed** |
| --- | --- |
| Jeremy Jaeger | $6,305,231.59 |
| Sjunde AP-Fonden | $4,792,919.21 |
| Lee McCormick | $447,719.31 |
| Alex Ambrose | $416,614.01 |
| Joseph Switzer | $280,270.38 |
| Steven Hackbarth | $236,863.00 |
| Slav Danev | $107,320.00 |

*Second*, Jaeger has made a *prima facie* showing of his typicality and adequacy. Here, Jaeger's claims are typical because, like other class members, they raise the common question of whether Defendants made material misrepresentations that artificially inflated the Company's stock price. Moreover, Jaeger has demonstrated his adequacy given his significant financial stake and ability to zealously prosecute the class's claims.

Having satisfied these two steps, Jaeger is entitled to a strong presumption that he is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Jaeger is

---

[1] There is only one movant who opposes the appointment of Mr. Jaeger, Alex Ambrose.  ECF No. 53. Sjunde AP-Fonden, Steven Hackbarth, and Joseph Switzer filed non-oppositions to Mr. Jaeger's motion.  ECF Nos. 45, 49, 50.  Lee McCormick filed a "response" wherein he does not oppose Mr. Jaeger's appointment. ECF No. 51. Slav Danev, who filed a motion with two separate law firms, withdrew his motion that was filed with one of the law firms and filed a non-opposition with the other firm. ECF No. 40, 41.

[2] All capitalized terms are defined in Jaeger's initial brief, unless otherwise indicated. *See* ECF No. 26.

[3] *See* ECF Nos. 26, 34, 17, 20, 24, 31, 27, 33, respectively.

OPP. TO COMPETING MOTS. FOR CONSOL. &
APPOINTMENT - 1
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

inadequate or atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that Jaeger is somehow unfit to represent the Class.

Accordingly, the Court should appoint Jaeger Lead Plaintiff and approve his choice of counsel.

## II.    ARGUMENT

### A.    Jaeger Is the Most Adequate Plaintiff

The PSLRA creates a presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). The movant that has the largest financial interest need only make a *prima facie* showing that it satisfies Rule 23's typicality and adequacy requirements. *See In re Outerwall Inc. S'holder Litig.,* 2017 WL 881382, at *4 (W.D. Wash. Mar. 6, 2017). Once this presumption is triggered, it can only be rebutted upon offering proof that the selected member "is subject to unique defenses" or is otherwise incapable of "fairly and adequately" representing the class. *See Cavanaugh*, 306 F.3d at 730.

#### 1.    Jaeger Has the Largest Financial Interest in the Relief Sought By the Class

Jaeger has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Consistent with Ninth Circuit precedent, this Court equates financial interest with financial loss. *See, e.g., Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [they are] entitled to lead plaintiff status . . . ."); *Wang v. Athira Pharma, Inc.*, 2021 WL 4726458, at *2 (W.D. Wash. Oct. 5, 2021) (appointing investor as lead plaintiff based on size of investor's loss). As set forth above, Jaeger's loss is larger than the loss claimed by every other lead plaintiff movant.

#### 2.    Jaeger Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Jaeger also satisfies the typicality and adequacy requirements of Rule 23. As demonstrated in Jaeger's moving papers, Jaeger is a typical class representative. *See* ECF No. 26. Here, like all

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

other Class members, Jaeger: (1) purchased Zillow shares during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements; and (3) was harmed when the truth was revealed. *See Lewis v. CytoDyn, Inc.*, 2021 WL 3709291, at *6 (W.D. Wash. Aug. 19, 2021) (typicality is shown if the proposed lead plaintiff's claims arise from the same event or course of conduct and are founded on the same legal theory as the class claims). As such, Jaeger is a typical Class representative.

Jaeger similarly satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Jaeger has a substantial financial stake in the litigation as well as the incentive and ability to vigorously represent the Class' claims. Further, Jaeger's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Jaeger and other Class members. *Lewis*, 2021 WL 3709291, at *6 (adequacy is established if the proposed lead plaintiff does not have any conflicts of interest with other class members and will, along with counsel, vigorously litigate on the class's behalf).

To overcome the strong presumption of appointing Jaeger as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, no such proof exists in this case and there can be no credible arguments to the contrary.

**B.     Jaeger Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA states that a court is not to disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Hagens Berman is a leading securities class action law firm, has previously been appointed as lead counsel in numerous other cases, and has an established track record obtaining successful recoveries for investors in securities class actions. *See* ECF No. 28-5 at Ex. E.

OPP. TO COMPETING MOTS. FOR CONSOL. &
APPOINTMENT - 3
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

### III. CONCLUSION

For the reasons discussed above, Jaeger respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of Hagens Berman as Lead Counsel for the Class.

Dated: January 31, 2022

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: s/ *Steve W. Berman*
       Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (*pro hac vice* pending)
Lucas E. Gilmore (*pro hac vice* pending)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*[Proposed] Lead Counsel for [Proposed]*
*Lead Plaintiff Jeremy Jaeger*

OPP. TO COMPETING MOTS. FOR CONSOL. &
APPOINTMENT - 4
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

