The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

DIBAKAR BARUA, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,

Defendants.

No. 2:21-cv-1551 TSZ

**SJUNDE AP-FONDEN'S REPLY TO ALEX AMBROSE'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

NOTE ON MOTION CALENDAR: February 4, 2022

[CAPTION CONTINUES ON NEXT PAGE]

SJUNDE AP-FONDEN'S REPLY TO ALEX AMBROSE'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF No. 2:21-cv-1551 TSZ, ET AL.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

STEVEN SILVERBERG, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,

Defendants.

2:21-cv-1567 TSZ

AARON WINSTON HILLIER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ZILLOW GROUP, INC., RICHARD N. BARTON, LLOYD D. FRINK, ALLEN W. PARKER, and JEREMY WACKSMAN,

Defendants.

2:22-cv-00014 TSZ

SJUNDE AP-FONDEN'S REPLY TO ALEX AMBROSE'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF No. 2:21-cv-1551 TSZ, ET AL.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

AP7 respectfully submits this reply in response to the opposition brief filed by Alex Ambrose (ECF No. 53).[1]

As set forth in AP7's motion, AP7 suffered substantial losses of approximately $4.8 million in connection with its transactions in both Zillow capital stock (Z) and Zillow common stock (ZG) during the Class Period, and is otherwise adequate and typical in all respects. *See generally* ECF No. 34. Recognizing that *one* of the six competing lead plaintiff movants—Jeremy Jaeger— asserted a larger financial interest than AP7 and was otherwise adequate and typical, AP7 filed a notice of non-opposition to Mr. Jaeger's motion. *See* ECF No. 49 at 1 ("As such, AP7 does not oppose Mr. Jaeger's motion."). Given that AP7 unquestionably possesses the second largest financial interest,[2] AP7 further indicated that "if the Court determines that Mr. Jaeger is inadequate to represent the class in this litigation, AP7 remains willing and able to serve as lead plaintiff." *Id.*; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (explaining that if the movant "with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23"). AP7's motion is still pending.

## I. Mr. Ambrose's Argument Challenging the Accuracy of AP7's Certification Is Frivolous

Desperate to find any basis to disqualify AP7 (and implicitly recognizing that AP7 should be appointed if Mr. Jaeger is not appointed), Mr. Ambrose, without any supporting case law, claims

---

[1]   Unless otherwise noted, references to "ECF No. __" are to docket entries in *Barua v. Zillow Group, Inc.*, C21-1551 TSZ (W.D. Wash.), all capitalized terms are defined in AP7's opening brief, *see* ECF No. 34, and all emphasis is added.

[2]   AP7's losses of $4.8 million are more than *ten* times the size of the losses claimed by the third and fourth largest movants. *Compare* ECF No. 35, Ex. B. *with* ECF Nos. 18-3 (Lee McCormick: claiming losses of $447,719 in Zillow Class C stock only); 21-1, Ex. B (Alex Ambrose: claiming losses of $416,614 in Zillow Class A stock only). In fact, AP7's losses of $4.1 million in Zillow Class A stock are nearly ten times the size of Mr. Ambrose's losses in Zillow Class A stock, and AP7's losses of $674,961 in Zillow Class C stock are 50% larger than Mr. McCormick's losses in Zillow Class C stock. *See* ECF No. 35, Ex. B.

---

SJUNDE AP-FONDEN'S REPLY TO ALEX AMBROSE'S
OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL
OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 2:21-cv-1551 TSZ, ET AL.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

AP7 "submitted an inaccurate certification by failing to disclose, as required under the PSLRA, its recent appointment as lead plaintiff in *Plaut v. The Goldman Sachs Grp., Inc.*, 2019 U.S. Dist. LEXIS 160255, at *2 (S.D.N.Y. Sep. 19, 2019)." ECF No. 53 at 3. This is a frivolous argument.

The PSLRA's certification requirements are found in 15 U.S.C. § 78u-4(a)(2)(A)(i)-(vi). *See also* W*ang v. Athira Pharma, Inc.*, No. C21-861 TSZ, 2021 WL 4726458, at *1 n.2 (W.D. Wash. Oct. 5, 2021) (Zilly, J.) (outlining PSLRA's certification requirements). With respect to the identification of prior cases, the PSLRA requires movants to identify "any other action . . . *filed* during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party." 15 U.S.C. § 78u-4(a)(2)(A)(v). "Filed" does not mean pending, appointed, ordered, or any another nonsensical reading Mr. Ambrose conjures up. *See United States v. Saini*, No. 19-50196, 2022 WL 201072, at *4 (9th Cir. Jan. 24, 2022) ("The plain meaning of the text controls unless it is ambiguous or leads to an absurd result."). Case law interpreting this provision, consistent with its plain meaning, holds that disclosure is triggered from the date the complaint was "filed." *See, e.g.*, *Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293-LJL, 2020 WL 3127808, at *8 (S.D.N.Y. June 12, 2020) (appointing AP7 and noting that the PSLRA "require[s] plaintiffs to identify only actions *filed* in the past three years") (emphasis in original).

To the extent Mr. Ambrose was uncertain about when *Goldman* was "filed," he could have gained clarity (and avoided wasting the Court and the parties' time with his frivolous argument) by reading the very case law cited in his opposition. *See* ECF No. 53 at 3 (citing *Goldman*). The *Goldman* opinion cited by Mr. Ambrose clearly explains that, "[o]n December 20, 2018, Plaintiff

SJUNDE AP-FONDEN'S REPLY TO ALEX AMBROSE'S
OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL
OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 2:21-cv-1551 TSZ, ET AL.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

2

*filed* a class action complaint." 2019 U.S. Dist. LEXIS 160255, at *1. The docket report for *Goldman* further confirms that the action was "filed" on December 20, 2018:

**U.S. District Court**
**Southern District of New York (Foley Square)**
**CIVIL DOCKET FOR CASE #: 1:18-cv-12084-VSB**

Plaut v. The Goldman Sachs Group, Inc. et al          Date Filed: 12/20/2018
Assigned to: Judge Vernon S. Broderick                 Jury Demand: Plaintiff
Related Case: 1:19-cv-01562-VSB                         Nature of Suit: 850 Securities/Commodities
Cause: 15:78j(b)ss Stockholder Suit                    Jurisdiction: Federal Question

Three years from December 20, 2018, is December 20, 2021. AP7's certification for this case was signed on January 13, 2022. *See* ECF No. 35, Ex. A. Since January 13, 2022, is more than three years after *Goldman* was "filed," AP7's certification is accurate under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(2)(A)(v). Mr. Ambrose's challenge to AP7's certification is meritless.[3]

## II.    AP7's Motion Remains Pending

Notwithstanding AP7's clear statement that it "remains willing and able to serve as lead plaintiff" and was not abandoning its motion, ECF No. 49 at 1, Mr. Ambrose misleadingly suggests that—in the event Mr. Jaeger is not appointed—the Court should not "consider[]" AP7's motion because AP7 did not file an opposition brief. ECF No. 53 at 2-3. In addition to disregarding the plain language of AP7's notice of non-opposition, Mr. Ambrose's contention ignores the sequential nature of the lead plaintiff selection process in which a court's "inquiry must focus on [the movant with the largest financial interest] alone" before considering other movants' motions. *Cavanaugh*, 306 F.3d at 732. Indeed, courts have not hesitated to appoint a movant that did not initially contest another movant that claimed a larger loss but was ultimately rejected by the court.

---

[3] Nor can Mr. Ambrose credibly claim that AP7 otherwise concealed its appointment in *Goldman* from the Court since it was prominently discussed in AP7's motion. *See* ECF No. 34 at 11 (noting that "Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including several actions where AP7 is currently serving as a lead plaintiff: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.)").

Sjunde AP-Fonden's Reply to Alex Ambrose's
Omnibus Memorandum of Law in Opposition to All
Other Motions for Appointment as Lead Plaintiff
No. 2:21-cv-1551 TSZ, et al.

Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

3

*In re Pfizer Inc. Securities Litigation*, 233 F.R.D. 334, 336 n.1 (S.D.N.Y. 2005), is instructive. The *Pfizer* court confronted arguments that a movant (ultimately selected as the lead plaintiff) had withdrawn its motion in support of another movant claiming a larger loss. *See id.* (addressing argument that "the [eventual lead plaintiff's] motion may not be considered by this Court"). The court rejected this argument and noted that the eventual lead plaintiff "clearly did not intend a complete withdrawal of his motion" and that the movant "kept [its] motion pending, in the event that the Court would not choose" the group claiming the largest loss. *Id.*

AP7 did the same thing here. AP7's motion "is still pending" and remains so until the Court makes a determination on Mr. Jaeger's ability to serve as lead plaintiff under the PSLRA. *See id.*

Dated: February 4, 2022

Respectfully submitted,

**BYRNES KELLER CROMWELL LLP**

By: s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665
By: s/ John A. Tondini
    John A. Tondini, WSBA #19092
    1000 Second Avenue, 38th Floor
    Seattle, Washington 98104
    Telephone: (206) 622-2000
    Emails: bkeller@byrneskeller.com
           jtondini@byrneskeller.com

**KESSLER TOPAZ MELTZER**
  **& CHECK, LLP**
    Naumon A. Amjed
    Darren J. Check
    Ryan T. Degnan
    Karissa J. Sauder
    280 King of Prussia Road
    Radnor, PA 19087
    Telephone: (610) 667-7706
    Emails: namjed@ktmc.com
           dcheck@ktmc.com
           rdegnan@ktmc.com
           ksauder@ktmc.com

*Attorneys for Sjunde AP-Fonden*

SJUNDE AP-FONDEN'S REPLY TO ALEX AMBROSE'S
OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL
OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 2:21-cv-1551 TSZ, ET AL.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

4

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 4th day of February 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

s/ Bradley S. Keller
Bradley S. Keller, WSBA #10665
**BYRNES KELLER CROMWELL LLP**
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206), 622-2522
Email: bkeller@byrneskeller.com

---

SJUNDE AP-FONDEN'S REPLY TO ALEX AMBROSE'S
OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL
OTHER MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 2:21-cv-1551 TSZ, ET AL.

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
(206) 622-2000

5