**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DIBAKAR BARUA, Individually and on Behalf of All Others Similarly Situated, | Civil Action No.  2:21-CV-01551-TSZ |
| Plaintiff, | **LEE MCCORMICK'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| v. | |
| ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, | |
| Defendants. | |
| STEVEN SILVERBERG, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:21-cv-01567-TSZ |
| Plaintiff, | |
| v. | |
| ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, | |
| Defendants. | |
| AARON WINSTON HILLIER, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 2:22-cv-00014-TSZ |
| Plaintiff, | |
| v. | |
| ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN, | |
| Defendants. | |

LEE MCCORMICK'S REPLY (2:21-CV-01551-TSZ) - 1

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
425-646-8003 / Fax 425-646-8004

Lead Plaintiff Movant Lee McCormick ("McCormick") submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 17), and in response to Alex Ambrose ("Ambrose") and Jeremy Jaeger's ("Jaeger") oppositions to McCormick's motion (Dkt. No. 53, the "Ambrose Opp."; Dkt. No. 54, the "Jaeger Opp.").

As argued in McCormick's Response to Competing Motions for Appointment as Lead Plaintiff and Approval of Counsel (Dk. No. 51, "McCormick Response"), McCormick has a larger financial interest than all other persons and entities that moved for appointment as lead plaintiff except for Jaeger and Sjunde AP-Fonde.[1] Of the three movants who did not withdraw their motions or file notices of non-opposition to the competing motions, McCormick has the second largest financial interest, ahead of Ambrose, but behind Jaeger:

| Movant | Loss (LIFO) |
| --- | --- |
| Jeremy Jaeger | $6,379,765.85 |
| Lee McCormick | $447,719.31 |
| Alex Ambrose | $416,614.01 |

Ambrose argues in his opposition memorandum that Jaeger has failed to demonstrate his adequacy to represent the class. *See* Ambrose Opp at 1-2. Ambrose notes that Jaeger claims he invested more than $19 million in Zillow securities during the class period, "but has not provided any information substantiating his investment of this staggering sum" and that "Jaeger has also provided scant details about himself, stating only that he is forty years old and is the President of a general engineering contractor company (which he does not identify)." *Id.*

If Jaeger is disqualified, McCormick should be considered next for appointment as lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23.").

---

[1] Sjunde AP-Fonde, however, filed a notice of non-opposition. *See* Dkt No. 49.

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
425-646-8003 / Fax 425-646-8004

Ambrose argues, however, that "McCormick . . . does not have a larger financial interest" because "Ambrose's financial interest is larger under three of the four *Lax-Olsten* factors." Ambrose Opp. at 3.

Ambrose is mistaken with respect to the case law. "In this circuit, no case law requires the Court to give equal weight to the first three *Olsten-Lax* factors." *In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, No. 20-cv-8760, 2021 WL 71433, at *2 (C.D. Cal. Jan. 7, 2021) (rejecting a movant that prevailed under the first three *Olsten-Lax* factors in favor of the movant with a larger loss); *In re Cheetah Mobile, Inc. Sec. Litig.*, No. 20-cv-5696, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) ("the Court elects to follow the approach advanced by courts in the Ninth Circuit, elevating the importance of the fourth factor," appointing a movant with a loss of 74,446.62 over a movant with a loss of $69,659.49, even though the movant with the smaller loss prevailed under the other three factors). "While some courts have weighed all of the *Olsten-Lax* factors equally, courts in the Ninth Circuit have tended to give the final factor the most emphasis." *Wrap*, 2021 WL 71433, at *2 (internal brackets and quotation marks omitted) (citing *Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017) (collecting cases)). "[A]pproximate losses suffered is the most important consideration." *Wrap*, 2021 WL 71433, at *2; *see also Robb v. Fitbit Inc.*, No. 16-cv-00151, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016) (losses suffered is the "most important"); *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (citing *Bruce v. Suntech Power Holdings Co.*, No. 12-cv-04061, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012)).

Ambrose does not cite a single in-circuit authority in which a movant with a larger loss was deemed to have a smaller financial interest than a movant who was "larger under three of the four *Lax-Olsten* factors." Ambrose Opp. at 3. For example, Ambrose cites *Cortina v. Anavex Life Sciences. Corp.*, No. 15-cv-10162, 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016), an out-of-circuit case, to claim that "much higher net shares purchased and net funds expended outweighed

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
425-646-8003 / Fax 425-646-8004

a loss." Ambrose Opp. at 3. Ambrose fails to note, however, that the *Anavex* court did not resolve the movants' dispute as to which had the larger loss. *See id.* ("Din and Truong spill considerable ink over the size of Din's losses" but "[t]he Court need not resolve these disputes"). McCormick submits the lack of clarity regarding loss in *Anavex* influenced the court's decision to grant greater weight to the other factors. Here, however, Ambrose concedes that McCormick has a larger loss. *See* Ambrose Opp. at 3. As such, *Anavex* is not on point.

Ambrose also claims that "many courts in this Circuit do not consider losses at all and give greater weight to the number of retained shares." *See* Ambrose Opp. at 3 (citing *In re Critical Path*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) and *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999)). Ambrose fails to note, however, that this is an extreme minority position, and that such courts reject retained shares as a measure of financial interest in cases with multiple corrective disclosures (like this case) which create a fluctuating "fraud premium" during the class period. *See Network Associates*, 76 F. Supp. 2d at 1027 (the retained shares approach "gets into trouble . . . if the amount of the 'fraud premium' varied over the course of the class period" because "some transactions resulted in greater losses than others and thus not all transactions were equal"); *Critical Path*, 156 F. Supp. 2d at 1107-08 ("This approach assumes that the 'fraud premium,' which is the amount by which the stock is inflated because of the alleged misrepresentations, stayed constant throughout the class period."); Dkt. No. 1 at ¶¶ 29-30, 32-35 (alleging multiple corrective disclosures).

*    *    *

Since McCormick has a larger financial interest than Ambrose, McCormick should be considered next for appointment as lead plaintiff if the Court determines that Jaeger is incapable or inadequate to represent the class in this litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("the court shall adopt a presumption that the most adequate plaintiff [to be appointed as lead plaintiff] . . . is the person or group of persons that" *inter alia* "has the largest financial interest in the relief sought by the class"); *Cavanaugh*, 306 F.3d at 730.

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
425-646-8003 / Fax 425-646-8004

Moreover, McCormick filed a timely motion and no competing movant challenges McCormick's adequacy under Rule 23 of the Federal Rules of Civil Procedure to represent the class. Any attacks on McCormick's adequacy made on reply should be disregarded. *See S. Ferry LP No. 2 v. Killinger*, 271 F.R.D. 653, 658 (W.D. Wash. 2011) ("[I]t is not acceptable legal practice to present new evidence or new argument in a reply brief.") (citation omitted). As such, McCormick should be appointed as lead plaintiff and his selection of counsel should be approved. *See Cavanaugh*, 306 F.3d at 730.

DATED:  February 4, 2022                  Respectfully submitted,

**ROSSI VUCINOVICH, P.C.**

By:  */s/ Benjamin T.G. Nivison*

Benjamin T.G. Nivison, WA Bar No. 39797
1000 Second Avenue, Suite 1420
Seattle, WA 98104
Phone (425) 646-8003
Fax (425) 646-8004

*Liaison Counsel for Movant Lee McCormick and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Phone (310) 201-9150
Fax (310) 201-9160

*Counsel for Movant Lee McCormick and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On February 4, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Western District of Washington, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 4, 2022, at Seattle, Washington.

*/s/ Benjamin T.G. Nivison*
Benjamin T.G. Nivison