The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DIBAKAR BARUA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,<br><br>Defendants. | No. 2:21-cv-01551-TSZ<br><br><u>CLASS ACTION</u><br><br>**JEREMY JAEGER'S REPLY IN SUPPORT OF HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**<br><br>NOTE ON MOTION CALENDAR: Friday, Feb. 4, 2022<br><br>ORAL ARGUMENT REQUESTED |
| STEVEN SILVERBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,<br><br>Defendants. | No. 2:21-cv-01567-TSZ<br><br><u>CLASS ACTION</u> |

REPLY ISO MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



1301 Second Avenue, Suite 2000 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

AARON WINSTON HILLIER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ZILLOW GROUP, INC., RICHARD N. BARTON, LLYOD D. FRINK, ALLEN W. PARKER, and JEREMY WACKSMAN,

Defendants.

No. 2:22-cv-00014-TSZ

CLASS ACTION

REPLY ISO MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

## I.   INTRODUCTION

Out of eight motions, only Alex Ambrose, the movant with the fourth largest claimed financial interest and who incurred a fraction of the losses suffered by Jeremy Jaeger, opposed Mr. Jaeger's appointment as lead plaintiff.[1] Mr. Ambrose has now withdrawn his opposition after further review of Mr. Jaeger's qualifications. Dkt. 55. Mr. Ambrose's only remaining concern raised in his response is the need to appoint co-lead counsel. While Ambrose has withdrawn his objections, Jaeger nevertheless responds below.

Mr. Jaeger is undisputedly the presumptive lead plaintiff, having claimed the largest loss and made a *prima facie* showing of adequacy and typicality. As the Ninth Circuit recently affirmed, this presumption may be rebutted "***only upon proof***" that Mr. Jaeger "will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render [him] incapable of adequately representing the class." *Mersho v. U.S. Dist. Ct.*, 6 F.4th 891, 899 (9th Cir. 2021) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb)) (emphasis added). Rather than offering any new evidence providing "proof" of Mr. Jaeger's inadequacy, Mr. Ambrose merely questioned whether Mr. Jaeger could have suffered losses of $6.3 million because he is a retail investor. Of course, the only evidence on record of Mr. Jaeger's actual trades in Zillow securities – Mr. Jaeger's sworn certification – contradicts such speculation. And speculation concerning Mr. Jaeger's actual trades in Zillow is not proof that casts "genuine and serious doubt on [the] plaintiff's willingness or ability to perform the functions of lead plaintiff." *Mersho*, 6 F.4th at 899 (quoting *In re Cavanaugh*, 306 F.3d 726, 733 (9th Cir. 2002)).

Equally unavailing was Mr. Ambrose's concern that Mr. Jaeger's declaration – a document a lead plaintiff applicant is not required to file - fails to provide sufficient background information. Ironically, Mr. Jaeger shares more details about himself than Mr. Ambrose.  In any case, Mr. Jaeger's provision of his age, place of residence, and occupation was more than enough information to allow competing applicants to conduct a background check and counsel provided more details in the referenced discussion (Dkt. 55) to assist Ambrose counsel's background check.

---

[1] All capitalized terms are defined in Jaeger's initial brief, unless otherwise indicated. *See* Dkt. 26.

REPLY ISO MOT. FOR CONSOL.
& APPOINTMENT - 1
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Tellingly, neither Mr. Ambrose nor any other movant uncovered any fact bearing on Mr. Jaeger's inadequacy – because there is none.

Finally, Mr. Ambrose's speculation that because Mr. Jaeger traded exclusively in Zillow's Class C common stock, he will favor such investors over those who traded in Zillow's Class A common stock at the time of any future settlement is just that. Dkt. 53 at*4. Mr. Jaeger's claims involve the same misrepresentations, involve the same evidence showing for the same legal elements and provide for the same remedies against the same Defendants.  Accordingly, there is no basis, let alone evidence, showing that Mr. Jaeger would not adequately represent the interests of these class members. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 (N.D. Cal. 1999) (speculative potential future conflicts does not render a lead plaintiff inappropriate).

Based on the foregoing, Mr. Ambrose's original concerns have no merit, and there is no need for the niche co-lead plaintiff position for which he advocates.

## II.    ARGUMENT

### A.    Jaeger Is the Presumptive Lead Plaintiff

Given Mr. Jaeger's financial loss of $6,305,231.59, which is 15x larger than that of Mr. Ambrose at $416,614.01, Mr. Jaeger undisputedly claims the largest financial interest.[2]  Similarly, Mr. Jaeger readily satisfies the typicality requirement, as he has shown his "claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See Lewis v. CytoDyn, Inc.*, 2021 WL 3709291, at *6 (W.D. Wash. Aug. 19, 2021). Indeed, Mr. Ambrose has never questioned Mr. Jaeger's typicality.

---

[2] All other movants have withdrawn or have stated they do not oppose the appointment of Mr. Jaeger, who they concede has the largest financial interest in this lawsuit. *See* Dkts. 53 at 1 and 49 at 3 (institutional investment fund Sjunde AP-Fonden ("AP7") with the second largest losses of $4,792,919.21 recognizes that Mr. Jaeger "possesses the largest financial interest in this litigation and is otherwise adequate and typical in all respects"); Dkt. 51 at 2 (Mr. McCormick, with the third largest losses of $447,719.31, recognizes that "Jeremy Jaeger and Sjunde AP-Fonden… have a larger financial interest than Mr. McCormick."); Dkts. 50, 45, 41 (Mr. Switzer, Mr. Hackbarth and Mr. Danev, all concede they do not have the "largest financial interest" in the relief sought by the class).

REPLY ISO MOT. FOR CONSOL.
& APPOINTMENT - 2
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ


HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Courts determine whether a plaintiff will adequately represent a class by answering two questions: (1) do the movant and its "counsel have any conflicts of interest with other class members" and (2) will the movant and its "counsel prosecute the action vigorously on behalf of the class?" *Mersho*, 6 F.4th at 899. Here, Mr. Jaeger answers these questions affirmatively by providing a sworn certification and declaration showing that his interests are aligned with class members; that he is motivated to litigate vigorously and maximize the potential recovery for the Class; he understands and is committed to carry out the important role and fiduciary duties of a lead plaintiff; and that he has retained well qualified counsel. *See* Jaeger Decl. ¶¶ 2-5; Dkt. 28-3.

Therefore, Mr. Jaeger is the presumptive lead plaintiff. *Mersho*, 6 F.4th at 899 ("Once the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant 'becomes the presumptively most adequate plaintiff.'").

**B.    Mr. Ambrose's Original Concerns Do Not Rebut the Presumption**

Here, Mr. Ambrose's original concerns do not come close to rebutting the presumption that Mr. Jaeger is incapable of adequately representing the class.

*First,* Mr. Ambrose merely questioned Mr. Jaeger's losses because the total shares he purchased during the class period equal the total shares held by one institutional investor in Zillow securities. Dkt. 53*3. Not only was Mr. Ambrose comparing apples to oranges (traded vs held), but the comparative investor is cherry-picked out of hundreds of institutional investors in Zillow stock. In any case, Mr. Jaeger has filed the PSLRA-required certification under penalty of perjury attesting to his transactions. Dkt. 28-1 at 2. *See* 15 US Code § 78u–4 (a)(2). Nothing more is required.

*Second*, Mr. Ambrose also expressed concern over the "scant details" provided by Mr. Jaeger. Dkt. 53 at*3. But those details are almost identical to the details Ambrose supplies about himself. Dkt. 21-1 at 9. Like Ambrose, Jaeger identifies the town of his residence and age, thus providing sufficient information for opposing movants to investigate and confirm who he is or run a customary background check on him. Indeed, a simple Google search provides mounds of information.

REPLY ISO MOT. FOR CONSOL.
& APPOINTMENT - 3
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Ambrose also complained that while Mr. Jaeger identifies that he is the President of a general engineering company, the company name is not identified. Ironically, Ambrose also does not identify the name of his company or companies and Mr. Jaeger provides much more detail including the fact that his company is "based in Roseville, California, which specializes in underground utility installation, remediation, and repair for residential, commercial, and municipal clients." Dkt. 28-3 at 2. *Compare Fan Wang v. Athira Pharma, Inc.,* 2021 U.S. Dist. LEXIS 192248, at *9 (W.D. Wash. Oct. 5, 2021) at 6 (finding similar information sufficient). Again, a simple internet search of these terms brings up Mr. Jaeger's company and details concerning its size and operations. In counsel's subsequent discussion the company name was provided though the company is not the movant. Tellingly, AP7 and McCormick were satisfied with the original information provided. And now, Ambrose no longer challenges Mr. Jaeger's qualifications. Dkt. 55.  Regardless, the Court is not required to peer into questions of age, state of residence, business experience, and investment experience where it otherwise finds adequacy. *Kasilingam v. Tilray, Inc.,* 2020 U.S. Dist. LEXIS 140885, at *8-9 (S.D.N.Y. Aug. 6, 2020).

Mr. Ambrose's case quotes are taken out of context and inapposite. In *Camp v. Qualcomm Inc.,* 2019 U.S. Dist. LEXIS 10269, at *8 (S.D. Cal. Jan. 22, 2019), in addition to failing to include "any basic details about himself, including where he lives or who he is specifically in his motion," the movant there made multiple errors and misrepresentations in his certification calling into question his adequacy based on his own papers. Mr. Jaeger has provided the basic details about himself, and Ambrose pointed to no disqualifying transactional errors here.  *In re Northfield Labs. Sec. Litig.*, 264 F.R.D. 407 (N.D. Ill. 2009) merely involves a discovery dispute over the burden of producing account statements to corroborate trades at the class certification stage and has no bearing here. Mr. Ambrose did not offer any proof that Mr. Jaeger's sworn trades are false.

Mr. Ambrose's citation to *In re Cavanaugh*, 306 F.3d at 730 for the proposition that the court may hold an evidentiary hearing also has no bearing as Ambrose first must "demonstrate[]a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *Id. Peregrine Sys. Sec. Litig.*, 2002 U.S. Dist. LEXIS 27690, at

REPLY ISO MOT. FOR CONSOL.
& APPOINTMENT - 4
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*22 (S.D. Cal. Oct. 9, 2002) and *In re Cendant Corp. Litig.,* 264 F.3d 201, 262 (3d Cir. 2001) also have no bearing as before a court can hold an evidentiary hearing or require the production of documents Ambrose must still meet the statutory burden. 15 U.S.C. § 78u-4(a)(3)(B)(iv). Ambrose's bald speculation does not come close to proof the Mr. Jaeger "will not fairly and adequately protect the interests of the class."

***Third***, despite initially questioning Mr. Jaeger's "financial interest" and "adequacy", Ambrose still has the desire to be appointed "alongside Mr. Jaeger." Ambrose speculates that since Mr. Jaeger bought Class C shares, this may somehow "impact his decision-making at settlement or trial" to favor Class C shares over Class A shares. According to Ambrose, this might happen because Class A shares are voting shares. The logic eludes understanding. It apparently also eluded the other movants, including AP7 and McCormick, who also bought Class A shares. Dkts. 35 at 9 and 18-2 at 3.

Ambrose points to no differences in the shares as would affect damages or claims and hence favor one class over another class. In *Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, at *38-41 (N.D. Cal. Nov. 28, 2001), both parties vying for lead plaintiff conceded that potential differences between the bondholders and stockholders existed. Such is not the case here. Similarly, in *In re Cable & Wireless, PLC, Sec. Litig.,* 217 F.R.D. 372, 377 (E.D. Va. 2003) the court found, that unlike ADRs, the foreign companies stock purchased on a foreign exchange by a foreign institution presented numerous unique defenses, particularly lack of subject matter jurisdiction and *forum non conveniens*.

Rather, courts reject the appointment of forced co-lead counsel where a fundamental need is not shown. *See, e.g., In re Outerwall Inc.,* 2017 U.S. Dist. LEXIS 31570 at *27 (W.D. Wash. Mar. 6, 2017) (refusing to appoint co-leads as at odds with *Cavanaugh* and discussing cases); *In re CTI BioPharma Corp. Secs. Litig.,* 2016 U.S. Dist. LEXIS 119301 at *12 (W.D. Wash. Sept. 2, 2016) (refusing to appoint co-leads for preferred and common stock); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, 2012 U.S. Dist. LEXIS 21590, at *20 (N.D. Cal. Feb. 21, 2012) (refusing to appoint a subclass of option holders); *Aronson v. McKesson*, 79 F. Supp. 2d at 1151 (refusing

REPLY ISO MOT. FOR CONSOL.
& APPOINTMENT - 5
Nos. 2:21-cv-01551-TSZ; 2:21-cv-01567-TSZ;
2:22-CV-00014-TSZ

to appoint "niche" movants with additional claims and/or securities); *But cf. Wang v. Athira,* 2021 U.S. Dist. LEXIS 192248, at *9-10 (appointing co-leads for Exchange Act and Securities Act claims where "an absence-of-scienter defense is not purely speculative", and "the notion that an inadequate lead plaintiff could simply be replaced at a later time does not offer much comfort [where] a new lead plaintiff and lead counsel would essentially start from scratch and the proceedings would be significantly delayed."). Further, Ambrose acknowledges he has a smaller financial interest in the litigation than AP7 and smaller losses than McCormick – though he argues that his larger holdings of retained shares should trump McCormick. Thus, if anyone should be appointed co-lead, it should be AP7, not Ambrose.

## III.    CONCLUSION

For the reasons discussed above, Mr. Jaeger respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of Hagens Berman as Lead Counsel for the Class.

Dated: February 4, 2022

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: s/ *Steve W. Berman*
        Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (*pro hac vice* forthcoming)
Lucas E. Gilmore (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*[Proposed] Lead Counsel for [Proposed]*
*Lead Plaintiff Jeremy Jaeger*

