1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6

7

8

9

| | |
|---|---|
| DIBAKAR BARUA, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | C21-1551 TSZ |
| v. | |
| ZILLOW GROUP, INC.; RICHARD BARTON; ALLEN PARKER; and JEREMY WACKSMAN, | ORDER |
| Defendants. | |

10

11

12

13

14

15

| | |
|---|---|
| STEVEN SILVERBERG, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | C21-1567 TSZ |
| ZILLOW GROUP, INC.; RICHARD BARTON; ALLEN PARKER; and JEREMY WACKSMAN, | |
| Defendants. | |

16

17

18

19

20

21

22

| | |
|---|---|
| AARON HILLIER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | C22-14 TSZ |
| ZILLOW GROUP, INC.; RICHARD BARTON; LLOYD FRINK; ALLEN PARKER; and JEREMY WACKSMAN, | |
| Defendants. | |

23

ORDER - 1

1    THIS MATTER comes before the Court on motions[1] to consolidate, appoint lead

2    plaintiff, and approve lead counsel brought by (i) Movant Lee McCormick, docket

3    no. 17, (ii) Movant Alex Ambrose, docket no. 20, (iii) Movant Joseph Switzer, docket

4    no. 24, (iv) Movant Jeremy Jaeger, docket no. 26, (v) Movant Steven Hackbarth, docket

5    no. 31, (vi) Movant Slav Danev, docket no. 33, and (vii) Movant Sjunde AP-Fonden

6    ("AP7"), docket no. 34.[2]  Having reviewed all papers filed in support of, and in

7    opposition to, the motions, and having concluded that oral argument is unnecessary, the

8    Court enters the following Order.

9    **Background**

10    Zillow Group, Inc. ("Zillow") is a real estate services company.  Compl. at ¶ 2

11    (C21-1551 TSZ, docket no. 1).  "Zillow Offers" is Zillow's "home-flipping" business,

12    through which Zillow "directly purchases homes from sellers, makes certain repairs and

13    updates to these properties, and subsequently resells the homes to purchasers."  Compl. at

14    ¶ 2 (C22-14 TSZ, docket no. 1).

15    On November 16, 2021, Zillow shareholder Dibakar Barua filed a putative class

16    action against Zillow and individual defendants Richard Barton, Allen Parker, and

17    Jeremy Wacksman, alleging claims under Sections 10(b) and 20(a) of the Securities

18    Exchange Act of 1934 (the "Exchange Act"), as well as Rule 10b-5, which was

19    promulgated by the United States Securities and Exchange Commission.  *See* Compl. at

20

21    [1] The pending motions were filed in the *Barua* action, No. C21-1551 TSZ.

22    [2] A similar motion brought by movant Slav Danev, docket no. 27, has been withdrawn.  *See* Notice of Withdrawal (docket no. 40).

23

ORDER - 2

1     ¶¶ 54–68 (C21-1551 TSZ).  On November 19, 2021, shareholder Steven Silverberg filed

2 a second putative class action against Zillow and individual defendants Richard Barton,

3 Allen Parker, and Jeremy Wacksman, alleging the same claims under the Exchange Act.

4 Compl. at ¶¶ 54–68 (C21-1567 TSZ, docket no. 1).  On January 6, 2022, Zillow

5 shareholder Aaron Hillier filed a third putative class action against Zillow and individual

6 defendants Richard Barton, Allen Parker, Lloyd Frink, and Jeremy Wacksman, also

7 alleging the same violations of the Exchange Act.  Compl. at ¶¶ 63–70 (C22-14 TSZ).

8     Multiple parties, all Zillow shareholders, now move the Court to consolidate the

9 *Barua*, *Silverberg*, and *Hillier* actions and appoint lead plaintiff and counsel.  *See*

10 C21-1551 TSZ, docket nos. 17, 20, 24, 26, 31, 33 and 34.  The Movants are shareholders

11 Lee McCormick, Alex Ambrose, Joseph Switzer, Jeremy Jaeger, Steven Hackbarth, Slav

12 Danev, and AP7.  As discussed below, the Court concludes that consolidation is

13 appropriate and appoints Movant Jeremy Jaeger as lead plaintiff.

14     As required by the Private Securities Litigation Reform Act ("PSLRA"), all named

15 plaintiffs and all movants seeking appointment as lead plaintiff have filed the requisite

16 certifications.[3]  *See* Ex. 1 to Compl. (C21-1551 TSZ, docket no. 1-1) (Barua Certif.);

17 Attach. 1 to Compl. (C21-1567 TSZ, docket no. 1-1) (Silverberg Certif.); Compl. (C22-

18 14 TSZ, docket no. 1 at 23–24) (Hillier Certif.); Ex. B to Nivison Decl. (C21-1551 TSZ,

19 ────────────────────

20 [3] The PSLRA mandates that a plaintiff seeking to serve as a class representative provide a sworn
certification indicating *inter alia* that the plaintiff did not purchase the security at issue at the direction of
21 counsel or in order to participate in the action and that the plaintiff will not accept any payment for
serving as the class representative beyond the plaintiff's pro rata share of any recovery, except for
reasonable costs and expenses (including lost wages) directly related to the representation of the class.
22 *See* 15 U.S.C. §§ 78u-4(a)(2)&(4).

23

ORDER - 3

docket no. 18-2) (McCormick Certif.); Ex. A to Townsend Decl. (docket no. 21-1) (Ambrose Certif.); Ex. A to Stephens Decl. (docket no. 25-1) (Switzer Certif.); Ex. A to Berman Decl. (docket no. 28-1) (Jaeger Certif.); Ex. C to Lieberman Decl. (docket no. 32-3) (Hackbarth Certif.); Ex. B to Phillips Decl. (docket no. 33-3) (Danev Certif.); Ex. A to Keller Decl. (docket no. 35 at 6–9) (AP7 Certif.).  In accordance with the PSLRA, on November 16, 2021, plaintiff Barua arranged for notice of his lawsuit to be filed.  *See* Ex. D to Berman Decl. (docket no. 28-4); 15 U.S.C. § 78u-4(a)(3)(A)(i).  The pending motions to appoint lead plaintiff were timely filed.

**Discussion**

> **1.    Consolidation of Related Cases**

A district court may consolidate actions that involve common questions of law or fact.  Fed. R. Civ. P. 42(a).  Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims . . . has been filed, and any party has sought to consolidate those actions," a court must determine whether to consolidate the actions before appointing a lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(ii).

The *Barua*, *Silverberg*, and *Hillier* actions are almost identical.[4]  The three actions allege that Defendants artificially inflated the price of Zillow securities by making materially false and/or misleading statements and by failing to disclose material adverse

---

[4] The *Hillier* action proposes a longer class period (August 7, 2020 through November 2, 2021) than the *Barua* and *Silverberg* actions (February 10, 2021 through November 2, 2021).  *Compare* Compl. at ¶ 1 (C22-14 TSZ)*, with* Compl. at ¶ 1 (C21-1551 TSZ)*, and* Compl. at ¶ 1 (C21-1567 TSZ).  The *Hillier* action also brings its claims under the Exchange Act against an additional defendant, Lloyd Frink, Zillow's President and Executive Chairman.  Compl. at ¶ 15 (C22-14 TSZ).

ORDER - 4

1  facts about Zillow Offers.  *See* Compl. at ¶¶ 54–68 (C21-1551 TSZ); Compl. at ¶¶ 54–68

2  (C21-1567 TSZ); Compl. at ¶¶ 63–70 (C22-14 TSZ).  All Movants request that the Court

3  consolidate the above-captioned cases.  *See* C21-1551 TSZ, dockets nos. 17, 20, 24, 26,

4  31, 33 & 34.  Defendants do not oppose consolidation.  *See* Resp. (docket no. 52).

5         Therefore, the Court finds that the *Barua*, *Silverberg*, and *Hillier* actions share

6  common questions of law and fact and that it is appropriate to consolidate these matters

7  for all purposes.  The Movants' motions to consolidate, docket nos. 17, 20, 24, 26, 31, 33

8  and 34, are GRANTED.

9         **2.       Appointment of Lead Plaintiff**

10        Having consolidated the *Barua*, *Silverberg*, and *Hillier* actions, the Court now

11 considers the various motions to appoint a lead plaintiff.  The PSLRA sets forth a "simple

12 three-step process for identifying" a lead plaintiff.  *See In re Cavanaugh*, 306 F.3d 726,

13 729 (9th Cir. 2002).  The first step involves posting notice in a "widely circulated

14 national business-oriented publication or wire service."  *Id.* (citing 15 U.S.C. § 78u-

15 4(a)(3)(A)(i)).  This task has been performed.  In the second phase, the Court must select

16 as the presumptively "most adequate plaintiff" the putative class member who (i) has

17 filed a complaint or made a motion for appointment, (ii) has "the largest financial interest

18 in the relief sought by the class," and (iii) "otherwise satisfies the requirements of Rule

19 23 of the Federal Rules of Civil Procedure."  *See id.* at 729–30; *see also* 15 U.S.C.

20 § 78u-4(a)(3)(B)(iii)(I).  For purposes of appointing a lead plaintiff pursuant to the

21 PSLRA, the Court's Rule 23 inquiry "is not as searching as it would be on a motion for

22 class certification."  *See In re Outerwall Inc. S'holder Litig.*, No. C16-1275, 2017 WL

23

ORDER - 5

881382, at *4 (W.D. Wash. Mar. 6, 2017).  During the third stage, others are given an opportunity to attempt to rebut the presumption that the selected putative class member is the "most adequate plaintiff" by offering proof that the selected member "is subject to unique defenses" or is otherwise incapable of "fairly and adequately" representing the class.  *See Cavanaugh*, 306 F.3d at 730; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, the parties do not dispute the relative losses alleged.  With $6,305,231.59 in estimated losses, Movant Jeremy Jaeger has the largest financial interest.  *See* Ex. B to Berman Decl. (docket no. 28-2).[5]  For comparison, the movant with the second largest estimated losses, $4,792,919.20, is AP7.  Ex. B to Keller Decl. (docket no. 35).  *See Outerwall*, 2017 WL 881382, at *4 (outlining four factors generally considered by courts); *see also Lewis v. CytoDyn, Inc.*, No. C21-5190, 2021 WL 3709291, at *3–4 (W.D. Wash. Aug. 19, 2021) (describing the same four factors, observing that the "trend among courts nationwide has been to use LIFO [last in, first out] in calculating competing movants' estimated losses," and explaining that the assumption under LIFO is the first stocks to be sold are the stocks most recently purchased).

Jaeger has the largest financial interest and satisfies the requirements of Rule 23 in that Jaeger's claims are typical of those of the class and Jaeger can be expected to fairly and adequately protect the interests of the class.  *Cavanaugh*, 306 F.3d at 730 (citing Fed. R. Civ. P. 23(a)); *Lewis*, 2021 WL 3709291, at *6 (typicality is shown if the proposed

---

[5] Jeremy Jaeger is not a named plaintiff in the above-captioned cases.  He is a Zillow shareholder who filed a motion, docket no. 26, in the *Barua* action, C21-1551 TSZ, for appointment as lead plaintiff under the PSLRA.

ORDER - 6

1    lead plaintiff's claims arise from the same event or course of conduct and are founded on

2    the same legal theory as the class claims, and adequacy is established if the proposed lead

3    plaintiff does not have any conflicts of interest with other class members and will, along

4    with counsel, vigorously litigate on the class's behalf); *see also* Jaeger Decl. at ¶¶ 2–7,

5    Ex. C to Berman Decl. (docket no. 28-3) (explaining that Jaeger works as the president of

6    a general engineering company, suffered substantial losses while trading Zillow securities

7    during the class period, is strongly motivated to litigate vigorously and efficiently to

8    maximize the recovery for himself and the putative class, and understands the important

9    role of a lead plaintiff).  Accordingly, Jaeger is the presumptively "most adequate

10   plaintiff."

11          The remaining Movants do not oppose Jaeger's appointment as lead plaintiff.

12   Switzer, Hackbarth, Danev, and AP7 filed notices of non-opposition, docket nos. 50, 45,

13   41, and 49, respectively.  The Court treats these Movants' notices of non-opposition as

14   withdrawal of their motions for appointment as lead plaintiff.  Therefore, Switzer,

15   Hackbarth, Danev, and AP7's motions, docket nos. 24, 31, 33, and 34, are STRICKEN in

16   part as moot.

17          McCormick filed a response, docket no. 51, conceding that he does not possess the

18   largest financial interest and requesting that the Court appoint him as lead plaintiff if the

19   other Movants are disqualified.  The Court treats McCormick's response as a notice of

20   non-opposition, and McCormick's motion, docket no. 17, is STRICKEN in part as moot.

21          Ambrose initially challenged Jaeger's financial interest, *see* docket no. 53, but

22   later filed a notice of non-opposition to Jaeger's appointment, docket no. 55.  Ambrose

23

ORDER - 7

1   no longer questions Jaeger's estimated losses, but requests that the Court appoint him as

2   co-lead plaintiff alongside Jaeger because Jaeger traded exclusively in non-voting Class

3   C shares while he traded in voting Class A shares.  *See* Notice of Non-Opp'n (docket

4   no. 55 at 3).  The claims brought against Defendants and the nature of the putative class

5   members' alleged damages do not support Ambrose's request that the Court appoint co-

6   lead plaintiffs.  *See Outerwall*, 2017 WL 881382, at *9 ("[T]he decision whether to

7   appoint a co-lead plaintiff often turns on the existence of disparate sub-groups of

8   plaintiffs in the putative class."); *Miller v. Ventro Corp.*, No. C01-01287, 2001 U.S. Dist.

9   LEXIS 26027, at *33–38 (N.D. Cal. Nov. 28, 2001) (appointing co-lead plaintiffs to

10   represent shareholders and bondholders when bondholders presented additional legal

11   theories); *In re CTI BioPharma Corp. Sec. Litig.*, No. C16-216, 2016 U.S. Dist. LEXIS

12   119301, at *12 (W.D. Wash. Sept. 2, 2016) (declining to appoint co-lead plaintiffs for

13   preferred and common stock); *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584,

14   594 (N.D. Cal. 2009) (finding that courts regularly appoint purchasers of one type of

15   security to represent purchasers of other types of securities when the purchasers' interests

16   align).

17        Ambrose contends that Jaeger's ownership of Class C shares might affect Jaeger's

18   decision-making at settlement or trial.  However, Ambrose's speculation concerning

19   Jaeger's decision-making is insufficient.  Ambrose has not shown that Jaeger's interests

20   are separate or independent of the other shareholders' interests.  All Movants raise the

21   same claims against Defendants under the Exchange Act, and all allege that they suffered

22   damages when Zillow's stock price fell, regardless of whether their shares have voting

23

ORDER - 8

1   rights.  Although Ambrose argues that Jaeger's ownership of non-voting Class C shares

2   might cause Jaeger to favor Class C shares over Class A shares, Ambrose has not

3   established that the differences between Class A and C shares would affect the claims or

4   damages in this case.  The Court concludes, therefore, that appointing co-lead plaintiffs is

5   not necessary, and Ambrose's motion, docket no. 20, is DENIED in part.

6        Finally, the Movants have provided no reason to disturb Jaeger's choice of

7   counsel.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject

8   to the approval of the court, select and retain counsel to represent the class."); *see also*

9   *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the

10  approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands

11  of the lead plaintiff.").  Jaeger has selected Hagens Berman Sobol Shapiro LLP ("Hagens

12  Berman") as lead counsel.  Having reviewed the firm's résumé, Ex. E to Berman Decl.

13  (docket no. 28-5), the Court finds that Hagens Berman is qualified and experienced to

14  serve as lead counsel for the putative class.  Thus, the Court approves Jaeger's choice of

15  lead counsel.

16  **Conclusion**

17        For the foregoing reasons, the Court ORDERS:

18        (1)    The Movants' motions to consolidate, docket nos. 17, 20, 24, 26, 31, 33 and

19  34, are GRANTED.  The above-captioned *Barua*, *Silverberg*, and *Hillier* actions are

20  hereby CONSOLIDATED for all purposes.  All future pleadings, motions, briefs, and

21  other papers shall be filed only in Case No. C21-1551 TSZ.  The Clerk is DIRECTED to

22  CLOSE Case Nos. C21-1567 TSZ and C22-14 TSZ;

23

ORDER - 9

1          (2)      Switzer's motion, docket no. 24, Hackbarth's motion, docket no. 31,

2   Danev's motion, docket no. 33, AP7's motion, docket no. 34, and McCormick's motion,

3   docket no. 17, are STRICKEN in part as moot;

4          (3)      Ambrose's motion, docket no. 20, is DENIED as it relates to appointment

5   of co-lead plaintiffs;

6          (4)      Jaeger's motion, docket no. 26, is GRANTED;

7          (5)      Jaeger is appointed lead plaintiff.  Jaeger's choice of counsel is approved,

8   and Hagens Berman Sobol Shapiro LLP is appointed as lead counsel;

9          (6)      Within fourteen (14) days of the date of this Order, lead plaintiff and

10   Defendants shall meet and confer and file a Joint Status Report proposing a schedule for

11   this matter, including deadlines for the filing of a consolidated complaint and any

12   responsive pleading or motion.  The Joint Status Report shall also identify one attorney

13   from Hagens Berman Sobol Shapiro LLP, and one attorney for Defendants who shall

14   serve as the liaison lawyer for each side; the liaison lawyers will have responsibility for

15   receiving and, as appropriate, distributing to co-counsel any written or oral

16   communications of the Court and serving as the contact point between the Court and all

17   counsel to assist with scheduling and coordinating hearings and telephonic conferences;

18   and

19          (7)      The Clerk is directed to send a copy of this Order to all counsel of record.

20

21

22

23

ORDER - 10

IT IS SO ORDERED.

Dated this 16th day of February, 2022.

Thomas S. Zilly
United States District Judge

ORDER - 11