The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| DIBAKAR BARUA, individually and on behalf of all others similarly situated, | ) CASE NO.: 2:21-cv-01551-TSZ |
| Plaintiff, | ) **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT** |
| v. | ) |
| ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, AND JEREMY WACKSMAN, | ) |
| Defendants. | ) **NOTE ON MOTION CALENDAR: OCTOBER 14, 2022** |

Pursuant to Federal Rule of Evidence 201, Defendants Zillow Group, Inc. ("Zillow" or the "Company"), Richard Barton, Allen Parker, and Jeremy Wacksman (with Zillow "Defendants") hereby respectfully request that the Court take judicial notice of Exhibits 1 through 10 attached to the Declaration of Sean C. Knowles ("Knowles Declaration"), which are true and correct copies of the following documents:

Exhibit 1: A true and correct copy of excerpts of the 2020 Form 10-K filed by Zillow with the Securities & Exchange Commission ("SEC") on February 12, 2021.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (No. 2:21-CV-01551-TSZ) – 1

Exhibit 2: A true and correct copy of a transcript of Zillow's May 4, 2021 earnings call for the first quarter of fiscal year 2021.

Exhibit 3: A true and correct copy of a transcript of Zillow's August 5, 2021 earnings call for the second quarter of fiscal year 2021.

Exhibit 4: A true and correct copy of Zillow's August 5, 2021 shareholder letter for the second quarter of fiscal year 2021 included as Exhibit 99.3 in the 2021 Form 8-K filed by Zillow with the SEC on August 5, 2021.

Exhibit 5: A true and correct copy of a transcript of Zillow's November 2, 2021 earnings call for the third quarter of fiscal year 2021.

Exhibit 6: A true and correct copy of a transcript of Zillow's September 13, 2021 presentation at the Piper Sandler 2021 Virtual Global Technology Conference.

Exhibit 7: A true and correct copy of a transcript of Zillow's November 7, 2019 earnings call for the third quarter of fiscal year 2019.

Exhibit 8: A true and correct copy of historical stock price data for Zillow's Class A common stock (Symbol: ZG), from January 4, 2021 through December 31, 2021.

Exhibit 9: A true and correct copy of excerpts of the 2018 Form 10-K filed by Zillow with the SEC on February 21, 2019.

Exhibit 10: A true and correct copy of excerpts of the 2019 Form 10-K filed by Zillow with the SEC on February 19, 2020.

## REQUEST FOR JUDICIAL NOTICE

In assessing securities fraud claims, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Both "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201 . . . permit district courts to consider materials outside a complaint" when

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE (No. 2:21-CV-01551-TSZ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000

evaluating a motion to dismiss. *See Khoja v. Orexigen Thereapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Defendants respectfully request that the Court consider Exhibits 1 through 10 to the Knowles Declaration because each Exhibit is either incorporated by reference into the operative complaint (ECF 71, "Complaint"), subject to judicial notice, or both.

## I.   THE COURT SHOULD CONSIDER EXHIBITS 2 THROUGH 6 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE COMPLAINT

In ruling on a motion to dismiss, the "incorporation by reference doctrine . . . permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (citation omitted); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("to '[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned" (alterations in original) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998))); *Johnson v. Costco Wholesale Corp.*, No. C18-1611 TSZ, 2019 WL 6327580, at *11 (W.D. Wash. Nov. 26, 2019) (Zilly, J.) ("[I]n a securities fraud action, the court may take judicial notice of documents attached to or referenced in the complaint where the authenticity of the documents is not in dispute.")

"[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1003. It "treats certain documents as though they are part of the complaint itself," and, in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. The Court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted). If, in a federal securities case, the document "contains

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE (No. 2:21-CV-01551-TSZ) – 3

[one of the] alleged misrepresentation[s]," the document necessarily "forms the basis of" the claim, and can be considered incorporated by reference into the complaint. *Id.* at 1005.

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (where "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," the "defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)").

Here, Plaintiffs rely on or reference Exhibits 2 through 6 in the Complaint. Plaintiffs quote, reference, or rely on those Exhibits in the following paragraphs of the Complaint:

| Exhibit No. and Description | Paragraph(s) of the Complaint |
|---|---|
| Ex. 2: Transcript of Zillow's May 4, 2021 Q1 2021 earnings call ("Q1 2021 Earnings Call"). | ¶¶ 14, 88, 97. |
| Ex. 3: Transcript of Zillow's August 5, 2021 Q2 2021 earnings call ("Q2 2021 Earnings Call"). | ¶¶ 23, 27, 151-154, 157, 181, 183-190, 199, 206, 209, 225. |
| Ex. 4: Zillow's August 5, 2021 Q2 shareholder letter ("Q2 2021 Shareholder Letter"). | ¶¶ 23, 24, 36, 49, 151, 180, 182, 187, 206, 209, 249. |
| Ex. 5: Transcript of Zillow's November 2, 2021 Q3 2021 earnings call ("Q3 2021 Earnings Call"). | ¶¶ 33, 170-172, 178, 200, 209-211, 231-237, 239, 247. |
| Ex. 6: Transcript of Zillow's presentation at the September 13, 2021 Piper Sandler 2021 Virtual Global Technology Conference ("Piper Sandler Conference"). | ¶¶ 29, 158-160, 191, 192-196, 199, 206, 209. |

The Court should treat these documents as incorporated by reference into the Complaint for two reasons. *First*, as the chart above makes clear, the Complaint references Exhibits 2

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE (No. 2:21-CV-01551-TSZ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000

through 6 "extensively," which itself provides a sufficient basis for incorporation by reference. *See Khoja*, 899 F.3d at 1002; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where . . . the contents of the document are alleged in a complaint . . . ."); *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507-YGR, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (incorporating by reference document "cited in two paragraphs of the" complaint and another document that was "quoted or referenced in three paragraphs" of the complaint). Specifically in the securities context, courts, including this one, routinely "consider public filings, including SEC filings, and other matters of public record such as press releases . . . and conference call transcripts, where such documents are relied upon in the complaint." *Johnson*, 2019 WL 6327580, at *13 (incorporating by reference and taking judicial notice of "related SEC public filings" and "earnings call transcript" referenced in the complaint); *McGuire v. Dendreon Corp.*, No. C07–800MJP, 2008 WL 1791381, at *4 (W.D. Wash. Apr. 18, 2008) (same).

*Second*, each of Exhibits 3, 4, and 6 form the basis of Plaintiffs' claims—a separate and independent basis for the Court to incorporate these Exhibits by reference. *See Khoja*, 899 F.3d at 1002, 1005; *Coto Settlement*, 593 F.3d at 1038. In particular, the Complaint alleges that Exhibits 3, 4, and 6 contain and reflect the allegedly false or misleading statements at issue (Compl. ¶¶ 181-85, 191, 192), and support Plaintiffs' attempt to establish scienter (*id.* ¶¶ 206, 209).

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1 THROUGH 10

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is one not subject to reasonable dispute in that it is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Exhibits 1 through 10 are properly subject to judicial notice.

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE (No. 2:21-CV-01551-TSZ) – 5

The Court may take judicial notice of Exhibits 1 through 10 because they are public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because the contents of public records are not in dispute, courts routinely take judicial notice of what public records contain or what those documents state. *See Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010). Here, each exhibit is a (i) SEC filing; (ii) publicly available transcript of an earnings call; (iii) publicly available shareholder letter; or (iv) spreadsheet listing Zillow's historical stock prices based on publicly available information. As shown below, these are the exact types of documents of which courts in this Circuit, including this Court, have taken judicial notice in securities litigation. *See, e.g.*, *Johnson*, 2019 WL 6327580, at *13; *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 259 F.R.D. 490, 495 (W.D. Wash. 2009) (taking judicial notice of company "SEC filings, conference call transcripts, and [company] press releases").

*First*, the Court can take judicial notice of Exhibits 1, 4, 9, and 10, which are documents that have been filed with the SEC. Courts regularly take judicial notice of a company's SEC filings. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings properly subject to judicial notice on motion to dismiss); *City of Roseville Employees' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013), *aff'd*, 691 F. App'x 393 (9th Cir. 2017) ("Courts routinely take judicial notice of such things as public SEC filings . . . ."); *Washington Mut.*, 259 F.R.D. at 495; *In re Network Com. Inc. Sec. Litig.*, No. C01-0675L, 2006 WL 1375049, at *1 (W.D. Wash. May 16, 2006) (taking judicial notice of SEC filings). Defendants ask the Court to take judicial notice of these documents because they reveal the contents of statements that Zillow made to the market during the time period relevant to the Complaint. *See In re Boeing Sec. Litig.*, 40 F. Supp. 2d 1160, 1171 n.9 (W.D. Wash. 1998) (Zilly, J.) ("The Court takes judicial notice of the warnings in Boeing's SEC filings."); *Reinschmidt v. Zillow, Inc.*, No. C12–2084 RSM, 2014 WL 5343668, at *3 (W.D. Wash. Oct. 20, 2014) (taking

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (No. 2:21-CV-01551-TSZ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000

judicial notice of documents for "purpose of considering what information was disclosed to the market and at what point during the class period"); *City of Roseville Employees' Ret. Sys. v. Sterling Fin. Corp.*, 47 F. Supp. 3d 1205, 1210 n.1 (E.D. Wash. 2014), *aff'd*, 691 F. App'x 393 (9th Cir. 2017) (taking judicial notice of "the fact that the representations were made" by defendants).

*Second*, Exhibits 2 through 3 and 5 through 7 are earnings call and conference transcripts. Like SEC filings, courts regularly take judicial notice of a company's earnings call and conference statements. *See Reinschmidt*, 2014 WL 5343668, at *2-3 (taking judicial notice of earnings call transcripts); *Washington Mut.*, 259 F.R.D. at 495 (taking judicial notice of conference call transcripts); *Primo v. Pac. Biosciences of Cal., Inc.*, No. C 11–6599 CW, 2013 WL 1615847, at *8 n.1 (N.D. Cal. Apr. 15, 2013) (taking judicial notice of earning call transcripts because they are "capable of immediate determination by resort to accurate sources and not subject to reasonable dispute"); *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008) (taking judicial notice of "conference call transcripts" to "provide the full context in which the information was disclosed to the market"); *In re Impac Mortg. Holdings, Inc.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (taking judicial notice of SEC filings and conference call transcripts, as documents "reflect matters that are generally known within the jurisdiction of the Court and are capable of accurate and ready determination"). Here, the purpose of Defendants' request for judicial notice of Exhibits 2 through 3, and 5 through 7 is to demonstrate what information Zillow disclosed to the market during the time period alleged in the Complaint. *See Reinschmidt*, 2014 WL 5343668, at *2-3.

Thus, Defendants request that the Court take judicial notice of Exhibits 1 through 7, 9, and 10 for the purpose of determining what was disclosed to the market. *See In re Nuvelo, Inc. Sec. Litig.*, No. C 07–4056 VRW, 2008 WL 5114325, at *2 (N.D. Cal. Dec 4, 2008) ("Courts hearing securities fraud cases routinely take judicial notice of documents with unquestioned authenticity that . . . demonstrate the information available to the market during the class

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE (No. 2:21-CV-01551-TSZ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000

period."). Specifically, Defendants request that the Court take judicial notice that Exhibits 1 through 7, 9, and 10 contain disclosures identified in **Appendix A**, attached hereto.

*Third*, the Court can judicially notice Exhibit 8, which is an excel spreadsheet of historical stock prices for Zillow's Class A common stock (Symbol: ZG), because a "stock price is public information 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *In re Apple Inc. Sec. Litig.*, No. 19-cv-02033-YGR, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) (citation omitted); *see also Metzler*, 540 F.3d at 1064 n.7 (taking judicial notice of a company's "stock price history" is "proper"); *In re Avista Corp. Sec. Litig.*, 415 F. Supp. 2d 1214, 1218 (E.D. Wash. 2005) ("[M]any circuits hold that taking judicial notice of well-publicized stock prices and general market trends is permissible in a motion to dismiss."); *In re Network Com.*, 2006 WL 1375049, at *1 (same).

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the documents attached to the Knowles Declaration, filed concurrently with this Request for Judicial Notice, and submitted in support of Defendants' Motion to Dismiss.

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE (No. 2:21-CV-01551-TSZ) – 8

DATED: July 11, 2022

By: /s/ Peter B. Morrison
Peter B. Morrison (admitted *pro hac vice*)
peter.morrison@skadden.com
Virginia F. Milstead (admitted *pro hac vice*)
virginia.milstead@skadden.com
Winston Hsiao (admitted *pro hac vice*)
winston.hsiao@skadden.com
Raza Rasheed (admitted *pro hac vice*)
raza.rasheed@skadden.com
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

/s/ Sean C. Knowles
Sean C. Knowles, WSBA No. 39893
**PERKINS COIE LLP**
1201 Third Avenue, Ste. 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Email: sknowles@perkinscoie.com

*Attorneys for Defendants Zillow Group, Inc.,*
*Richard Barton, Allen Parker, and Jeremy Wacksman*

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE (No. 2:21-CV-01551-TSZ) – 9