The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIBAKAR BARUA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, and JEREMY WACKSMAN,

Defendants.

No. 2:21-cv-01551-TSZ

**CLASS ACTION**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

**NOTE ON MOTION CALENDAR**:
October 14, 2022



## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   ARGUMENT .....................................................................................................2

    A.   The Ninth Circuit Cautions Against the "Overuse" of the Judicial
         Notice and Incorporation-By-Reference Doctrines .................................................2

    B.   Plaintiff Objects to Exhibit 2 because of Defendants' Improper Use
         of this Document.....................................................................................................4

    C.   Plaintiff Objects to Incorporation and Notice of Exhibits 3, 4, 5,
         and 6, as Defendants Seek to Include Them for Improper Purposes ......................5

         1.   Plaintiff objects to Defendants' misuse and mischaracterization
              of Exhibit 3. ............................................................................................6

         2.   Plaintiff objects to Defendants' misuse and mischaracterization
              of Exhibit 4. ............................................................................................6

         3.   Plaintiff objects to Defendants' misuse and mischaracterization
              of Exhibit 5. ............................................................................................6

         4.   Plaintiff objects to Defendants' misuse and mischaracterization
              of Exhibit 6. ............................................................................................8

    D.   The Court Should Not Judicially Notice Exhibits 7, 9, and 10 as
         They Are Pre-Class Period Statements Not Referenced in the
         Complaint or Tied to the Statements Made During the Class Period ......................9

    E.   Defendants' Attempt to Factually Rebut Plaintiff's Allegations of
         Loss Causation with Exhibit 8 is Improper............................................................9

    F.   The Court May Take Judicial Notice of Portions of Exhibit 1 .............................10

    G.   Defendants' Improper Application and Overuse of Judicial Notice
         Justifies Denial of their Motion to Dismiss ..........................................................11

III.  CONCLUSION................................................................................................11



# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Bryant v. Mickelsen*,
   551 F. App'x 348 (9th Cir. 2014)....................................................................................4, 9, 11

*DalPoggetto v. Wirecard AG*,
   2020 WL 2374948 (C.D. Cal. Apr. 15, 2020) ...............................................................2, 4, 11

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ...................................................................................... *passim*

*Kuzmenko v. Lynch*,
   606 F. App'x 399 (9th Cir. 2015).....................................................................................3, 9, 11

*In re LDK Solar Sec. Litig.*,
   584 F. Supp. 2d 1230 (N.D. Cal. 2008) .....................................................................................3

*Longo v. OSI Sys., Inc.*,
   2020 WL 3124221 (C.D. Cal. March 11, 2020)..............................................................2, 10, 11

*Rollins v. Dignity Health*,
   338 F. Supp. 3d 1025 (N.D. Cal. 2018) ...............................................................................1, 3

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .............................................................................................3, 4

*Wochos v. Tesla, Inc.*,
   985 F.3d 1180 (9th Cir. 2021) ...............................................................................................10

### OTHER AUTHORITIES

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
   § 1366 (3d ed. 2004) ..............................................................................................................11

Fed. R. Evid. 201(b)...................................................................................................................2, 4



## I.     INTRODUCTION

Defendants request that this Court accept ten documents either through judicial notice or incorporation by reference.[1] But for most of these documents, Defendants do not merely seek notice or consideration of the contents.[2] Rather, Defendants seek to persuade the Court to determine the truth of the documents' contents and accept disputed facts in Defendants' favor to buttress Defendants' Motion to Dismiss the Consolidated Class Action Complaint ("Motion to Dissmiss" or "MTD"; (ECF No. 85). This is precisely the type of "improper application of judicial notice and the incorporation-by-reference doctrine" the Ninth Circuit instructs trial courts to reject. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("*Khoja*"); *see also Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (denying requests for judicial notice and noting that "Defendants repeatedly do what *Khoja* forbids—ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint"); *Eastman v. Apple, Inc.*, 2019 WL 3934805, at *5 (N.D. Cal. Aug. 20, 2019) (denying request for judicial notice of patents and patent application because "[defendant] does not simply ask the Court to take judicial notice of the fact that the documents were in the public realm. Rather, [defendant] asks the Court to judicially notice the documents' contents as disclosing … claimed inventions").

Indeed, Defendants go one step further by asking that the Court consider Appendix A, which purportedly identifies the statements in the exhibits that Defendants want the Court to notice. But Appendix A is a ten-page, attorney-created document containing partial snippets of the statements while omitting crucial surrounding language that places the words in context (and thus greatly affect their meaning). Defendants then further editorialize these snippets with inappropriate *post facto* characterizations that contradict the pleaded allegations (e.g., "Zillow *explained* that its

---

[1] Defendants' Request for Judicial Notice and Incorporation By Reference in Support of Motion to Dismiss the Consolidated Class Action Complaint (ECF No. 87); "Complaint" refers to the Corrected Consolidated Complaint (ECF No. 71) and references to "¶" or "¶¶" are to the Complaint unless otherwise indicated.

[2] As explained below, Plaintiff does not oppose judicial notice of some portions of Exhibit 1, Zillow's Annual 2020 Form 10-K.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' – 1
REQUEST FOR JUDICIAL NOTICE
Case No. 2:21-cv-01551-TSZ
011060-11/2015509 V1

business would be impacted"; "Zillow *warned* …"). Courts routinely find these types of documents unacceptable at the motion to dismiss stage. *See e.g., Balanced Body Univ., LLC v. Zahourek Sys., Inc.*, 2014 WL 66722, at *2 (E.D. Cal. Jan. 7, 2014) ("The court cannot take judicial notice of statements which paraphrase or summarize allegations, as such statements are arguably inaccurate, and therefore, 'subject to reasonable dispute.'"); *Garber v. Heilman*, 2009 WL 409957, at *1 (C.D. Cal. Feb. 18, 2009) ("Plaintiff's request that the Court take judicial notice of his own list of encounters with the police ... is denied because plaintiff's own characterization of the matters reflected in his chart does not qualify as a matter that is 'not subject to reasonable dispute.'"); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1022 (C.D. Cal. 2015) (holding that while a defendant's chart might be relevant in assessing the ultimate validity of plaintiff's claims, it does not mean that the court can consider it in deciding a motion to dismiss).

In sum, Defendants' Request for Judicial Notice reveals itself as a ploy to inject a counterfactual defense, which should be rejected. Indeed, many district courts, post-*Khoja*, have not only denied motions to dismiss under similar circumstances, but have also ordered defendants to answer or re-file without reference to the exhibits. *See DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (denying motion without prejudice); *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020) (same). Such an order is appropriate here.

## II.    ARGUMENT

### A.    The Ninth Circuit Cautions Against the "Overuse" of the Judicial Notice and Incorporation-By-Reference Doctrines

A court is only permitted to judicially notice facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). In *Khoja*, the Ninth Circuit instructed district courts to exercise caution when requested to take judicial notice of or incorporate by reference documents on a motion to dismiss:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine … can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. *Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of*



> *plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.*

*Khoja*, 899 F.3d at 998 (emphasis added). Thus, the purpose of the judicial notice rules is to allow the court or jury to consider a matter as to which there can be no reasonable dispute. *Rollins*, 338 F. Supp. 3d at 1032. The Court also held that judicial notice of facts is not appropriate when the fact is being used to rebut a complaint's allegations. *See Khoja*, 899 F.3d at 1000.

The judicially created incorporation-by-reference doctrine is even narrower. Under this doctrine, a reference to the document in the complaint must be extensive (*Khoja*, 899 F.3d at 907) or form the basis of the claim. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (contents of SEC filing forming basis of claim) (citing *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)). The "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Khoja*, 899 F.3d at 1002 (citation omitted). "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id.*

In addition, as with judicial notice, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003; *see also In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1254 (N.D. Cal. 2008) ("With respect to SEC filings, the Court takes judicial notice only of the statements contained therein, but not for the purpose of determining the truth of those statements.") (quoting *In re Dura Pharms., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126, 1129 n.1 (S.D. Cal. 2008)). And "[a]lthough the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1003. Judicial notice is also inappropriate where the substance of the document "is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes." *Id.* at 1000 (citation omitted).

Finally, the Court should reject any request to take judicial notice or incorporate by reference if the documents are irrelevant. *See Kuzmenko v. Lynch*, 606 F. App'x 399, 400 (9th Cir.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' – 3
REQUEST FOR JUDICIAL NOTICE
Case No. 2:21-cv-01551-TSZ
011060-11/2015509 V1

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

2015) (denying "request for judicial notice of non-relevant, extra-record information discussed in [petitioner's] opening brief"); *Bryant v. Mickelsen*, 551 F. App'x 348, 349 (9th Cir. 2014) (holding that the court did not abuse its discretion denying request for judicial notice where petitioner did not show document contained facts that were relevant).

**B.    Plaintiff Objects to Exhibit 2 because of Defendants' Improper Use of this Document**

Exhibit 2 is a copy of the May 4, 2022, Zillow earnings call transcript. Plaintiff does not object to the authenticity of Exhibit 2 or that it was publicly available. But Defendants contend that the statements in Exhibit 2 should be incorporated by reference—*and assumed to be true*—because the Complaint makes three short references to it. ¶ 14 (Zillow noting "refining our models to catch up with rapid acceleration in home price appreciation"); ¶ 88 (Zillow noting strong earnings bases on "strong housing market" and "durable operational improvements"); ¶ 97 (same; "we made progress on … sharpened pricing" and run the business within "the plus or minus 200 point guardrails"). But these three references are not extensive, each is by way of background, and none are pled as a misleading statement. In contrast, Defendants cite Exhibit 2 *eleven times* to "create[] a defense to the well-pled allegations in the complaint[.]" *Khoja*, 899 F.3d at 1002. Accordingly, incorporation by reference is inappropriate *See id.* at 907; *Ritchie*, 342 F.3d at 907-08; *Wirecard*, 2020 WL 2374948, at *1.

Defendants also ask the Court to take judicial notice of the truth of the statement in Exhibit 2 that "even with strong top-of-funnel activity, there is a lag as we go through between offer, purchase and an eventual sale, and when we see the revenue … [a]nd so a lot of this top-of-funnel activity will start to show up more in Q3." MTD at 26 (citing Ex. 2 at 9). But the Court should decline to do so because a court is only permitted to judicially notice facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). In *Khoja*, the Ninth Circuit held that the district court abused its discretion by judicially noticing an earnings call transcript with statements "subject to varying interpretations" where "[r]easonable people could debate what exactly this conference call disclosed." 899 F.3d at 1000 ("It is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what



the transcript establishes.'") (citation omitted). The Ninth Circuit has also been clear that "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999.

Defendants contend that the "top of funnel" statement demonstrates that when "ZO entered into agreements to purchase homes, it could not know whether it would sell them at a profit" until months later. MTD at 26 (citing Ex. 2 at 9, 13). But Plaintiff disputes Defendants' interpretation of the statement and notes that Defendants did not include the entire quote—even though it provides important context regarding Defendants' knowledge and intent.[3] With the benefit of the full quote it becomes clear that Defendants are not saying they could have not known the consequences of their pricing until months later. Rather, Defendants made the statement to generate excitement by clarifying that much of the benefit of their improved pricing models will not be revenue in Q2, but in Q3. Because of these different interpretations, judicial notice should be denied.[4]

## C.    Plaintiff Objects to Incorporation and Notice of Exhibits 3, 4, 5, and 6, as Defendants Seek to Include Them for Improper Purposes

Plaintiff does not object to the authenticity of Exhibits 3, 4, 5 and 6 or contest that they were publicly available. But Plaintiff does object to judicial notice and incorporation by reference of these Exhibits given Defendants' improper request for the Court to assume as true the contents therein, as well as Defendants' unfounded characterizations of these exhibits in their MTD.

---

[3] The full quotation is as follows with the part Defendants omitted in italics: "*just to give a little color to the guidance for Q2 with respect to Homes segment revenue. We called out the resell velocity pulling some sales into Q1.* And I just want to call out, even with strong top-of-funnel activity, there is a lag we go through between offer, purchase and an eventual sale, and when we see the revenue. And so a lot of this top-of-funnel activity will start to show up more in Q3, and that's part of the reason for the Q2 guide. That's reflected—that lag is reflected in the Q2 Guide." Ex. 2 at 9.

[4] Defendants' authorities only support this conclusion. *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019), holds that "[i]t is improper, however, to assume the truth of everything in an incorporated document for the sole purpose of disputing facts stated in a well-pleaded complaint." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010), pre-dates the clear direction from the Ninth Circuit not to "overuse" the doctrine as explained in *Khoja*. And finally, this Court's reasoning to allow judicial notice of SEC and conference call transcripts in *Johnson* is distinguishable, as this Court specifically noted that plaintiffs in *Johnson* did not oppose the request. *Johnson v. Costco Wholesale Corp.*, 2019 WL 6327580, at *13 n.7 (W.D. Wash. Nov. 26, 2019). Accordingly, incorporation by reference of Exhibit 2 should be denied.

**1.    Plaintiff objects to Defendants' misuse and mischaracterization of Exhibit 3.**

Exhibit 3 is the transcript of Zillow's August 5, 2021 Q2 2021, earnings call ("Q2 2021 Earnings Call") that occurred on the first day of the Class Period. Defendants argue that their statements demonstrate that when "ZO entered into agreements to purchase homes, it could not know whether it would sell them at a profit" until months later. MTD at 26 (citing Ex. 2 at 9, 13; and Ex. 3 at 5). In other words, Defendants ask this Court to take notice of the contents of these documents for their truth, which is improper. *See Khoja*, 899 F.3d at 1000.

Defendants also seek to use Exhibit 3 to argue that Defendants identified "operational challenges" in pricing and renovations. MTD at 4. But the statements cited by Defendants refer only to the "opportunity for continued operational improvements over time." Ex. 3 at 8. Indeed, the term "operational challenges" does not appear in this exhibit. Because the statements in Exhibit 3 are taken entirely out of context and their interpretation is subject to reasonable dispute, judicial notice and incorporation by reference should be denied.

**2.    Plaintiff objects to Defendants' misuse and mischaracterization of Exhibit 4.**

Exhibit 4 consists of Zillow's August 5, 2021, shareholder letter. Plaintiff objects to Defendants' use of Exhibit 4 for other purposes—such as assuming the contents to be true— especially when Defendants misquote the actual contents. As with Exhibit 3, Defendants seek judicial notice that they disclosed "pricing and operational challenges" MTD at 4 (citing in Exhibit 4 at 7). But the actual quote on the cited page says the opposite: "The Adjusted EBITDA outperformance was primarily due to higher volume and *operational improvements*, as well as stronger than expected home price appreciation in our Zillow Offers markets." Ex. 4 at 7 (emphasis added). Such touted operational improvements are a far cry from "pricing and operational challenges," which would better describe Project Ketchup's systematic price overlays and renovations backlog.

**3.    Plaintiff objects to Defendants' misuse and mischaracterization of Exhibit 5.**

Plaintiff does not object to the authenticity of Exhibit 5 (Zillow's November 2, 2021, earnings call transcript) or that it was publicly available. But Plaintiff opposes incorporation by reference as Defendants improperly ask the Court to accept as true Defendants' stated reasons for

PLAINTIFF'S OPPOSITION TO DEFENDANTS' – 6
REQUEST FOR JUDICIAL NOTICE
Case No. 2:21-cv-01551-TSZ
011060-11/2015509 V1

**HAGENS BERMAN**

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

the shuttering of ZO and the huge inventory write-down. Specifically, Defendants cite statements in Exhibit 5 for the truth of the proposition that Zillow "ultimately determined that the real estate market had become too volatile and risky," which Defendants blame on unforeseen intervening events. MTD at 2, 4, 8-9, 26-29 (citing Ex. 5 at 4-5, 7, 12). The Complaint, on the other hand, alleges that the decision to shutter ZO was a direct consequence of Defendants' undisclosed Class Period practices and problems, including the overlays and the renovations backlog. ¶¶ 161-180. And the Complaint also contains statements from market analysts rejecting Zillow's explanation.[5] Accordingly, Defendants' use of Exhibit 5 is improper.

Judicial notice is also improper as Defendants re-write Exhibit 5, at 12, by stating that the transcript reveals there was "the event—the unexpected slowdown in home price appreciation in Q3 2021 after over a year of continuous growth, which is why Zillow's pricing adjustments in Q2 overshot their mark." MTD at 27. But these words or phrases are not found anywhere in the exhibit. Rather, in Exhibit 5, at 12, an analyst questioned Defendants' representation of market volatility given that Corelogic Case-Schiller and other indexes showed the market *going up*. In response, Defendant Barton admitted that he was referring to Zillow's own volatility and not the market's: "It was ... forecasting volatility, Ryan, is the short answer." Ex. 5 at 12. Defendant Parker quickly agreed that Defendants were talking about their own forecasting volatility, not market volatility, and further admitted that "the market is still strong." *Id.* Defendants' request is thus improper.

As cautioned in *Khoja*, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its

---

[5] Indeed, analysts found no support that blame lay with a volatile or risky market, and specifically noted that ZO's competitors were not experiencing the same issues. ¶ 221 (a Webush analyst wrote, "That issue should theoretically translate to Opendoor as well, particularly since it is ~2x the volume of Zillow right now in more markets. *But the news report also includes a comment from an Opendoor source that it is 'open for business' indicating it is not seeing any impact*.") (emphasis in original); ¶ 224 (a BTIG analyst wrote, "[t]he two questions we are getting from investors is … whether Opendoor (OPEN, Neutral) might be experiencing similar issues (*not that we can see*)." It concluded that "[o]ur bias at this point is that this may be *more of ZG-specific issue*.") (emphasis added); ¶ 249 (Stephens reported "it was the suddenness of the announcement that added to the shock factor as Zillow was coming off a record rate of home purchases, and it was just a few months removed from a quarter (2Q21) in which the Company really applauded the success it was seeing in expanding ZO … Zillow (and the stock) paid dearly for its, arguably, reckless approach to share gains.").

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

truth." *Khoja*, 899 F.3d at 999. Here, the Court should reject judicial notice and incorporation by reference of each of the excuses, and purported intervening events, Defendants proffered in the November 2 transcript for shuttering ZO.

> **4.    Plaintiff objects to Defendants' misuse and mischaracterization of Exhibit 6.**

Exhibit 6 is a transcript of the September 13, 2021, Piper Sandler Conference. Plaintiff does not dispute the authenticity of the document, or that it was publicly available. But Plaintiff does oppose judicial notice or incorporation by reference as Defendants' Motion to Dismiss critically misrepresents what was said at this conference.

First, Defendants editorialize what was said at the conference by selectively cutting and pasting partial quotes and then adding their own characterization to create their own counternarrative. For example, Defendants' motion summarizes the statements made by Defendant Wacksman at the Piper Sandler Conference as follows:

> On September 13, 2021, Defendant Jeremy Wacksman (Zillow's COO) participated in the Piper Sandler 2021 Virtual Global Technology Conference. (Ex. 6.) During the conference, Mr. Wacksman *cautioned* that, "as excit[ed] as we get about Zillow Offers . . . it's still incredibly early." (*Id.* at 8.) He *noted* "this year has seen quite some extremes in the real estate market," and that while still rising, home prices "[a]re not quite appreciating as quickly as they were before." (*Id.* at 5.) Mr. Wacksman *explained that because of this volatility*, "keeping up with rising home price appreciation . . . on [the] acquisition side and then finding that price in the markets we're in, that continue[d] to be a new and unique challenge coming out of the pandemic." (*Id.* at 7, 8.) He *further disclosed* that Zillow was experiencing "*acute*" "operational challenge[s]" caused by the significant increase in "demand" for offers. (*Id.* at 8.) [MTD at 8 (emphasis added).]

> Indeed, during the conference, Mr. Wacksman *actually told* investors that **accurately** "keeping up with rising home price appreciation . . . continue[s] to be a new and unique challenge." (Ex. 6 at 7-8.) [*Id.* at 13.]

But these arguments mischaracterize the statements contained in Exhibit 6. For example, Defendants use the term "volatility," but this term is not included in any of the sentences cited by Defendants. Instead, the transcript refers to "volatility" in the earnings section, and not the home prices section. Ex. 6 at 6. Similarly, the word "accurately" is nowhere to be found in Exhibit 6, at

PLAINTIFF'S OPPOSITION TO DEFENDANTS' – 8
REQUEST FOR JUDICIAL NOTICE
Case No. 2:21-cv-01551-TSZ
011060-11/2015509 V1

HB HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

7-8, as claimed. MTD at 13. Defendants also ask the Court to take judicial notice that Zillow warned investors of "acute" "operational challenges." MTD at 3, 8; App'x A at 8. But both critically omit the word "more" from "more acute." App'x A at 8. That is an important omission in context. The "*more acute*" operational challenge, to which Defendant Wacksman is referring, is a comparison to operations challenges Zillow expects years in the future once Zillow Offers ("ZO") reaches scale of the planned $20 billion in revenue. Ex. 6 at 8. And, in the preceding paragraph the "challenges" referred to are the requirements of "even more technology, tools and automation to be able to deliver these services." *See id.* This has no relationship to the dire state of Zillow's then renovations backlog and inventory.

At a minimum, these statements are subject to reasonable dispute, and the facts identified thus do not qualify for judicial notice. *See Khoja*, 899 F.3d at 1000.

**D.    The Court Should Not Judicially Notice Exhibits 7, 9, and 10 as They Are Pre-Class Period Statements Not Referenced in the Complaint or Tied to the Statements Made During the Class Period**

Exhibit 7 is a November 7, 2019, earnings call transcript that took place *a year-and-a-half* (18 months) before the start of the Class Period. Exhibit 9 is Zillow's Form 10-K filed on February 21, 2019, which is *two-and-a-half years* (30 months) before the Class Period. Exhibit 10 is Zillow's Form 10-K filed on February 19, 2020 ("2019 10-K"), which is *a year-and-a-half* (18 months) before the Class Period. Nor have Defendants even bothered to show how these excerpts from *years* past have any relevance or ties to the false and misleading statements during the Class Period. So while Plaintiff does not object to these documents' authenticity or that they were publicly available, judicial notice for Exhibits 7, 9, and 10 should still be denied as these documents are irrelevant to the claims at issue. *See Kuzmenko*, 606 F. App'x at 400; *Bryant*, 551 F. App'x at 349.

**E.    Defendants' Attempt to Factually Rebut Plaintiff's Allegations of Loss Causation with Exhibit 8 is Improper**

Exhibit 8 is purportedly a list of historical prices for Zillow's Class A common stock (Symbol: ZG), from January 4, 2021, through December 31, 2021. Plaintiff objects to Defendants' use of historical stock prices to attempt to rebut Plaintiff's well-pled loss causation allegations.



MTD at 29. This is because the bare list of stock prices provides no indication as to the context nor events surrounding the stock price movements on those dates, such as general market movement, analyst reports or other company news. Indeed, Defendants' own case (cited in their MTD) holds that this type of analysis is "contextual." *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1197 (9th Cir. 2021).[6] Moreover, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002.[7] So the fact that Defendants request judicial notice of stock prices solely on October 7 and October 25, 2021—dates not referenced in the Complaint—demonstrates that Defendants, indeed, seek to inappropriately rely on Exhibit 8 as part of their counterfactual narrative. MTD at 30 n.7. Accordingly, the Court should reject Defendants' improper attempt to resolve factual disputes in their favor at the motion to dismiss stage.

**F.     The Court May Take Judicial Notice of Portions of Exhibit 1**

Exhibit 1 is Zillow's Annual 2020 Form 10-K. Plaintiff does not oppose the authenticity of this document or contest that it was publicly available. Plaintiff also does not oppose the Court taking judicial notice of those identified generic risks when Defendants successfully tie them to Class Period statements. Zillow, however, also cites Exhibit 1 to demonstrate that it explained that statements using phrases such as "expect" or "will" and "all" other "statements that are not historical facts" should be considered forward-looking. But in doing so, Defendants do not tie Exhibit 1 to any particular statement made during the Class Period, making the incorporation of these statements in Exhibit 1 irrelevant. *See Kuzmenko*, 606 F. App'x at 400; *Bryant*, 551 F. App'x at 349.

---

[6] In *Wochos*, not only did the Ninth Circuit affirm that the information was revealed earlier by a Wall Street Journal article, but also that the drop of 3.9%, followed by a week-long rebound, provided more evidence that a corrective disclosure did not occur on that date. *Id.* at 1198. Defendants do not make a similar argument here and do not contend there was a modest drop nor a sustained recovery. Moreover, in an efficient market, other events including industry or general market conditions may cause a stock to rise.

[7] *See also OSI*, 2020 WL 3124221, at *1 (rejecting judicial notice of Forms 4 and proxy statements filed before the class period to rebut plaintiffs' contention that defendants' "stock sales were suspicious" because such documents "are being used to support 'a defense to the well-pled allegations in the complaint.'") (citing *Khoja*, 899 F.3d at 1002).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' – 10
REQUEST FOR JUDICIAL NOTICE
Case No. 2:21-cv-01551-TSZ
011060-11/2015509 V1

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**G.     Defendants' Improper Application and Overuse of Judicial Notice Justifies Denial of their Motion to Dismiss**

Defendants' brief relies heavily on a series of snippets, taken out of context, and pieced together to support a counterfactual narrative. Defendants' Appendix A fares no better.

*Khoja* requires that "[a] court must also consider—*and identify*—which fact or facts it is noticing from such a transcript." *Khoja*, 899 F.3d at 999 (emphasis added). But Defendants' Motion to Dismiss makes that task nearly impossible. Where, as here, a motion to dismiss reflects "[t]he overuse and improper application of judicial notice," *id.* at 998, and the incorporation-by-reference doctrine, the Court may and should simply reject the motion.[8] In two recent cases, that is exactly what a court ordered. *See Wirecard*, 2020 WL 2374948, at *1 (denying motion without prejudice for referencing materials outside the pleading or press releases and SEC filings only mentioned to support a defense); *OSI*, 2020 WL 3124221, at *1 (same); In both *Wirecard* and *OSI*, the court ordered either an answer or a re-filed motion without reference to or attachment of any exhibits.

### III.     CONCLUSION

Defendants' Request for Judicial Notice should be denied in part, as set forth above. Alternatively, Defendants' Motion to Dismiss should be dismissed and Defendants ordered to answer or re-file without reference to the offending exhibits and characterizations.

---

[8] *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.").

PLAINTIFF'S OPPOSITION TO DEFENDANTS' – 11
REQUEST FOR JUDICIAL NOTICE
Case No. 2:21-cv-01551-TSZ
011060-11/2015509 V1

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

DATED: September 2, 2022

Respectfully submitted,

By: /s/ *Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
By: /s/ *Catherine Y. N. Gannon*
Catherine Y. N. Gannon (WSBA No. 47664)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: catherineg@hbsslaw.com

Reed R. Kathrein (*pro hac vice*)
Lucas E. Gilmore (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

*Lead Counsel for Lead Plaintiff Jaeger*

Stacey M. Kaplan (*pro hac vice*)
KESSLER TOPAZ MELTZER & CHECK, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
Email: skaplan@ktmc.com

Gregory M. Castaldo (*pro hac vice*)
Evan R. Hoey (*pro hac vice*)
Helen J. Bass (*pro hac vice*)
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: gcastaldo@ktmc.com
Email: ehoey@ktmc.com
Email: hbass@ktmc.com

*Additional Counsel for Lead Plaintiff Jaeger*

