The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIBAKAR BARUA, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, AND JEREMY WACKSMAN,

Defendants.

NO. 2:21-CV-01551-TSZ

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

**NOTE ON MOTION CALENDAR: OCTOBER 14, 2022**

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
(No. 2:21-cv-01551-TSZ)

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

I.      THE COURT SHOULD CONSIDER EXHIBITS 2-6 BECAUSE THEY ARE
        INCORPORATED BY REFERENCE IN THE COMPLAINT ...............................1

II.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-10............3

III.    DEFENDANTS DO NOT "OVERUSE" THE JUDICIAL NOTICE DOCTRINE..5

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## TABLE OF AUTHORITIES

### CASES

*Avila v. LifeLock Inc.*,
2016 WL 4157358 (D. Ariz. Aug. 3, 2016)................................................................3

*In re Boeing Securities Litigation*,
40 F. Supp. 2d 1160 (W.D. Wash. 1998)................................................................4

*City of Roseville Employees' Retirement System v. Sterling Financial Corp.*,
963 F. Supp. 2d 1092 (E.D. Wash. 2013), *aff'd*, 691 F. App'x 393 (9th Cir. 2017).....................6

*City of Roseville Employees' Retirement System v. Sterling Financial Corp.*,
47 F. Supp. 3d 1205 (E.D. Wash. 2014), *aff'd*, 691 F. App'x 393 (9th Cir. 2017) .....................4

*DalPoggetto v. Wirecard AG*,
2020 WL 2374948 (C.D. Cal. Apr. 15, 2020) .............................................................6

*Daniels-Hall v. National Education Ass'n*,
629 F.3d 992 (9th Cir. 2010) .............................................................................3

*GIA-GMI, LLC v. Michener*,
2007 WL 2070280 (N.D. Cal. July 16, 2007)...........................................................2

*In re Intel Corp. Securities Litigation*,
2019 WL 1427660 (N.D. Cal. Mar. 29, 2019)...........................................................1

*Johnson v. Costco Wholesale Corp.*,
2019 WL 6327580 (W.D. Wash. Nov. 26, 2019)........................................................6

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ...........................................................................1, 2

*Longo v. OSI Systems, Inc.*,
2020 WL 3124221 (C.D. Cal. Mar. 11, 2020)..........................................................6

*Maeve Investment Co. Ltd. Partnership v. Teekay Corp.*,
2017 WL 5158059 (W.D. Wash. Nov. 7, 2017)........................................................6

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
540 F.3d 1049 (9th Cir. 2008) ..........................................................................5

*In re NVIDIA Corp. Securities Litigation*,
768 F3d 1046 (9th Cir. 2014) ...........................................................................1

*Police Retirement System of St. Louis v. Intuitive Surgical, Inc.*,
759 F.3d 1051 (9th Cir. 2014) ..........................................................................4

*Reinschmidt v. Zillow, Inc.*,
2014 WL 5343668 (W.D. Wash. Oct. 20, 2014) ........................................................4

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
(No. 2:21-cv-01551-TSZ) – ii

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)........................................................................................................5

*Wozniak v. Align Technology, Inc.*,
    2011 WL 2269418 (N.D. Cal. June 8, 2011)................................................................5

*In re Zillow Group, Inc. Securities Litigation*,
    2018 WL 4735711 (W.D. Wash. Oct. 2, 2018)............................................................6

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
(No. 2:21-cv-01551-TSZ) – iii

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

As shown in the Motion to Dismiss and Reply brief, Defendants' transparent disclosures before and during the Class Period preclude Plaintiffs' securities fraud claim. As also shown in the Reply brief, Plaintiffs' opposition papers attempt, in hopes of avoiding this conclusion, to invoke inapplicable procedural obstacles to keep the Court from considering those disclosures. The Opposition to the RJN ("RJN Opp.") is another example of this tactic that the Court should reject.[1]

## I.  THE COURT SHOULD CONSIDER EXHIBITS 2-6 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE COMPLAINT

As shown in the RJN (at 3-5), the Complaint refers to Exhibits 2-6 "extensively" and Exhibits 3, 4, and 6 "form[] the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Thus, all four Exhibits are incorporated by reference in the Complaint. Plaintiffs' arguments to the contrary are unavailing. ***First***, Plaintiffs do not dispute that the Complaint refers extensively to Exhibits 3-6. Plaintiffs only assert that Exhibit 2, a transcript of Zillow's May 4, 2021 earnings call, is not referred to "extensively" because the Complaint makes "three short references to it." (RJN Opp. 4.) Far from "short" references, Plaintiffs rely on Exhibit 2 "extensively," including two lengthy block quotes taking up nearly a page of the Complaint. (CC ¶ 88.) *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (plaintiff "does more than merely mention" document "as it is cited in two paragraphs of the [complaint]"). The Court should reject Plaintiffs' attempt to quote select parts of Exhibit 2, but hide the rest. *Khoja*, 899 F.3d at 1002.

***Second***, relying on *Khoja*, Plaintiffs assert the Court should not assume the truth of the statements in Exhibits 2-6 (RJN Opp. 3), notwithstanding that *Khoja* itself reiterated the established rule that courts "'may assume [the incorporated documents'] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Khoja*, 899 F.3d at 1003.[2] Plaintiffs mischaracterize the RJN by arguing Defendants ask the Court to "improper[ly] . . . assume the truth of an incorporated

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in Defendants' Request for Judicial Notice ("RJN") (ECF No. 87). Emphases are added and internal citations, quotations and alterations are omitted unless stated.
[2] *In re NVIDIA Corp. Sec. Litig.*, 768 F3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.")

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
(No. 2:21-cv-01551-TSZ) – 1

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

document [when] such assumptions only serve to dispute facts stated in a well-pleaded complaint." (RJN Opp. 3.) Not so. Defendants do not place Exhibits 2-6 before the Court to dispute any well-pled allegations, and Plaintiffs do not point to any. Rather, Defendants do so because Plaintiffs' allegations are *not* well-pled. They misrepresent or hide the content of those documents, and settled law permits the Court to read what those documents actually say. *See GIA-GMI, LLC v. Michener*, 2007 WL 2070280, at *9 (N.D. Cal. July 16, 2007) ("Plaintiff cannot sidestep the heightened pleading requirements for fraud by simply mischaracterizing documents."). That the documents Plaintiffs cite do not support their claims is not a basis to prevent the Court from reviewing them. That is the *purpose* of the incorporation by reference doctrine: to "prevent[] plaintiffs [from] omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

*Third*, Plaintiffs resort to arguing that Defendants' *use* and *reading* of those Exhibits are not supported. These are merits arguments that have no place in an RJN Opposition. They are also wrong.

For example, Plaintiffs point to Exhibit 3, a transcript of Zillow's August 5, 2021 earnings call, in which Defendants disclosed the "opportunit[y] for continued operational improvements over time." (Ex. 3 at 8.) Plaintiffs object to Defendants' use of this disclosure to show that Zillow disclosed the existence of operational issues or challenges, arguing that the quote does not use the words "operational challenges." But the language "opportunity for continued operational improvements" could only mean that Zillow disclosed that it saw *room for improvement*, i.e., that operations were not where Zillow wanted them to be. That is all the Motion contends, nothing more.

Similarly, the Motion cites to Exhibit 5, a transcript of Zillow's November 2, 2021 earnings call, to show Zillow's explanation that its inability to accurately predict home price appreciation trends led to underpaying for homes in Q1 and Q2 as home price appreciation growth trends kept rising, then suddenly to overpaying for homes in Q3 when those same trends suddenly cooled. (Ex. 5 at 5; Mot. 9, 25-26.) Plaintiffs contend Exhibit 5 shows the opposite, that home price appreciation growth trends were still going up. (RJN Opp. 7.) Plaintiffs point to a statement by an analyst that according to home price index CoreLogic Case-Shiller, home "price is still going up" (Ex. 5 at 12;

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
(No. 2:21-cv-01551-TSZ) – 2

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Opp. RJN 7); but the Opposition excises the rest of the sentence which says prices were going up "*at a much slower pace than what had been happening*." (Ex. 5 at 12.) That is exactly what Defendants explained on the earnings call. (Mot. 8; Ex. 5 at 12.)[3] The Court is not required to "accept as true allegations that contradict exhibits attached to the Complaint" or allegations that are "unwarranted deductions of fact." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Moreover, Plaintiffs object to Defendants' cite to Exhibit 6, a transcript of a September 13, 2021 Piper Sandler Conference presentation, for the proposition that Defendant Wacksman disclosed ZO was experiencing "acute" operational challenges. Plaintiffs argue: (i) these challenges were unrelated to operational challenges alleged in the Complaint; and (ii) the challenges discussed were "expect[ed] years in the future." (RJN Opp. 8-9.) This mischaracterizes the Exhibit. Defendant Wacksman discussed an ongoing challenge: "[I]n the *near term*, for us, the operational challenge is more acute, just given we're seeing so much demand" from sellers, which is what Plaintiffs allege—operational challenges flowing from Project Ketchup initiatives to increase acquisitions. (Ex. 6 at 8.)

Finally, Plaintiffs do not argue the Court should deny the Request for the vast majority of statements. Plaintiffs only dispute Defendants' use of six specific statements across all ten Exhibits. (RJN Opp. 4, 6-7, 9-10.) Not only are these challenges improper merits arguments, as discussed above, but they also do not warrant denying the RJN as to the other approximately 50 statements.[4]

## II.      THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-10

Plaintiffs object that Defendants ask the Court to take judicial notice of "the truth of the documents' contents and accept disputed facts in Defendants' favor to buttress" the Motion. (RJN Opp. 1.) In fact, Defendants do not ask the Court to judicially notice the *truth* of any facts in the

---

[3] Defendant Parker stated as much: "[G]iven our Q1 performance, we made a decision that we needed to increase our acquisition pace . . . our forecasting process, . . . at that time, was not keeping up with that rapid rate of [home price appreciation] increase that was occurring. And as we went into the second half of the year, HPA still continues to increase and we believe that there's still a strong market but the *rate of increase declined significantly.* So there was this volatility," "and that's where I think our pricing forecasting accuracy was less than we had expected." (Ex. 5 at 12.)

[4] For instance, Plaintiffs take no issue with taking judicial notice of statements such as, Zillow was getting "better and smarter about what needs to be done" to repair a home (Ex. 2. at 16); Zillow had to "get better and better at pricing" (Ex. 3 at 10); and "price is moving really quickly . . . and it's hard for us to keep up with it." (Ex. 3 at 14.)

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
(No. 2:21-cv-01551-TSZ) – 3

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Exhibits (although under the incorporation by reference doctrine, it is permissible to assume the contents of Exhibits 2-6 are true). Nor do they ask the Court to judicially notice their arguments or interpretations. Instead, Defendants ask the Court to take judicial notice that the Exhibits contain certain specific statements. (RJN 5-7.) Courts grant requests for judicial notice on this basis in securities lawsuits routinely.[5] *See In re Boeing Sec. Litig.*, 40 F. Supp. 2d 1160, 1171 n.9 (W.D. Wash. 1998) (Zilly, J.) ("The Court takes judicial notice of the warnings in Boeing's SEC filings."). Indeed, Plaintiffs do not dispute the Exhibits state what Defendants ask the Court to judicially notice.

Plaintiffs' objections to individual Exhibits also fail. ***First***, Plaintiffs object to judicial notice of the risk disclosures in Exhibit 1, excerpts of Zillow's 2020 Form 10-K, arguing that they do not constitute meaningful cautionary language for purposes of Defendants' safe harbor defense. (RJN Opp. 10.) Setting aside that this is an argument about the merits of Defendants' position (which has no place in an RJN Opposition), Defendants ***can*** incorporate by reference risk disclosures for purposes of establishing the "meaningful cautionary language" requirement of the safe harbor provision. *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th Cir. 2014) (considering risk factors in incorporated SEC filing). Plaintiffs cite no authority to the contrary.

***Second***, Plaintiffs argue the Court should not judicially notice the "truth of the statement" in Exhibit 2 that "there is a lag as we go through between offer, purchase and an eventual sale, and when we see the revenue." (RJN Opp. 4.) But Plaintiffs do not actually dispute there is a gap between buying and re-selling a home. The Complaint itself cites Zillow's explanation that when setting offer prices it had to "forecast the price of homes accurately 3 to 6 months into the future," (CC ¶ 171), and the Complaint does not allege this is false. Plaintiffs also object to noticing Defendants' ***argument*** that given the multi-month lag, generally when "ZO entered into agreements to purchase homes, it could not know whether it would sell them at a profit" until months later. (Mot. 26.)

---

[5] *Reinschmidt v. Zillow, Inc.*, 2014 WL 5343668, at *3 (W.D. Wash. Oct. 20, 2014) (taking judicial notice of documents for "purpose of considering what information was disclosed to the market and at what point during the class period"); *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 47 F. Supp. 3d 1205, 1210 n.1 (E.D. Wash. 2014) (taking judicial notice of "the fact that the representations were made").

| DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE (No. 2:21-cv-01551-TSZ) – 4 | **Skadden, Arps, Slate, Meagher & Flom, LLP** 300 South Grand Avenue, Ste. 3400 Los Angeles, CA 90071 Phone: (213) 687-5000 | **Perkins Coie LLP** 1201 Third Avenue, Suite 4900 Seattle, WA 98101-3099 Phone: (206) 359-8000 Fax: (206) 359-9000 |

Defendants do not ask for judicial notice of their argument, only that the Court consider the content of documents incorporated by reference or judicially noticed when examining competing inferences regarding scienter. (Mot. 26); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007) (courts may consider opposing inferences when assessing scienter).

**Third**, Plaintiffs object to the Court taking judicial notice of the contents of certain pre-Class Period SEC filings and transcripts (Exs. 7, 9, 10), arguing pre-Class Period statements are irrelevant to Plaintiffs' claims, and thus not subject to judicial notice. (Opp. 9.) Defendants cite to these Exhibits to show Zillow's consistent disclosures regarding the risks of ZO, which undercuts an inference of scienter. (Mot. 5.) This is proper. *See, e.g.*, *Avila v. LifeLock Inc.*, 2016 WL 4157358, at *6 (D. Ariz. Aug. 3, 2016).[6] The prior disclosures are relevant and subject to judicial notice.

**Fourth**, Plaintiffs object to noticing Exhibit 8, a spreadsheet of historical stock prices for Zillow's Class A common stock (Symbol: ZG). Plaintiffs cannot dispute the accuracy of the prices or the fact that courts routinely notice stock prices. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008) (taking judicial notice of stock price). Instead, Plaintiffs object to the use of stock prices to argue that the October 4, 17, and 18 alleged corrective disclosures fail because the price quickly recovered after a temporary drop following the announcements. (RJN Opp. 9.) Again, this is an improper merits argument, and Defendants refer the Court to the Motion at 30 and Reply at 15 discussing this argument. That Plaintiffs (wrongly) dispute the legal import of the stock prices is not a basis to deny a request to notice the simple fact of the prices.

## III.   **DEFENDANTS DO NOT "OVERUSE" THE JUDICIAL NOTICE DOCTRINE**

Plaintiffs make two more unsupported objections. **First**, Plaintiffs claim the Motion makes it "nearly impossible" for the Court to "consider—and identify—which fact or facts it is noticing from such a transcript," as stated in *Khoja*. (RJN Opp. 11.) Plaintiffs ignore Appendix A, designed

---

[6] *Id.* ("[I]n light of [] numerous disclosures made prior to and throughout the class period concerning the FTC's investigation into its operations, Plaintiffs have failed to sufficiently allege any misstatement or omission concerning the severity or scope of the investigation."); *Wozniak v. Align Tech., Inc.*, 2011 WL 2269418, at *11 (N.D. Cal. June 8, 2011) (disclosures "made both prior to the Class Period and reiterated during it, revealed the very backlog, understaffing, and customer complaints plaintiff alleges were omitted").

| DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE (No. 2:21-cv-01551-TSZ) – 5 | **Skadden, Arps, Slate, Meagher & Flom, LLP** 300 South Grand Avenue, Ste. 3400 Los Angeles, CA 90071 Phone: (213) 687-5000 | **Perkins Coie LLP** 1201 Third Avenue, Suite 4900 Seattle, WA 98101-3099 Phone: (206) 359-8000 Fax: (206) 359-9000 |
|---|---|---|

to do just that—specifically identify the contents of each Exhibit for which Defendants seek notice. (RJN, App. A (chart of "Fact(s) for Which Notice is Requested").) Despite Plaintiffs' criticism that the Appendix is an "attorney-created document" with "partial snippets" of statements, the Appendix places before this Court the specific contents of each Exhibit for which notice is requested.

Finally, Plaintiffs assert that where a motion to dismiss reflects "[t]he overuse and improper application of judicial notice" and incorporation by reference, the "Court may and should simply reject the motion [to dismiss]." (RJN Opp. 11.) Plaintiffs rely on two near-verbatim decisions from the same California federal judge issued three weeks apart, both of which held that the defendants' particular use of exhibits and the quantity of exhibits warranted denying the motions to dismiss because they should be brought as summary judgment motions. Both cases are distinguishable and have no bearing here. In *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020), defendants did "not indicate which facts within the exhibits they ask the court to judicially notice" and "request[ed] that the court take judicial notice of the documents in their entirety," without "explain[ing] why the court can judicially notice those facts." Appendix A to the RJN clearly identifies the facts for which Defendants seek notice, and the RJN and arguments above explain the basis for the request. In *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020), defendants sought judicial notice of around *58 exhibits*, a far cry from the ten exhibits here.

To the contrary, courts in this District, including this Court, routinely take judicial notice of the types of documents at issue here, and of as many or more than the ten exhibits at issue, while granting the underlying motion to dismiss. *See, e.g.*, *Johnson v. Costco Wholesale Corp.*, 2019 WL 6327580, at *13 (W.D. Wash. Nov. 26, 2019) (noticing "all fourteen documents" including SEC filings and transcripts).[7] Plaintiffs' attempts to turn normal practice into a point of controversy tells the Court all it needs to know about the contents of the Exhibits and their impact on Plaintiffs' claims. !

---

[7] *In re Zillow Grp., Inc. Sec. Litig.*, 2018 WL 4735711, at *4 (W.D. Wash. Oct. 2, 2018) (granting motion to dismiss and noticing "contents" not "truth" of 13 exhibits including SEC filings and transcripts); *Maeve Inv. Co. Ltd. P'ship v. Teekay Corp.*, 2017 WL 5158059, at *2 (W.D. Wash. Nov. 7, 2017) (granting motion to dismiss and noticing 13 exhibits including SEC filings, transcripts, and stock prices); *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) (incorporating by reference or noticing fact that 36 documents exist).

| DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE (No. 2:21-cv-01551-TSZ) – 6 | **Skadden, Arps, Slate, Meagher & Flom, LLP** 300 South Grand Avenue, Ste. 3400 Los Angeles, CA 90071 Phone: (213) 687-5000 | **Perkins Coie LLP** 1201 Third Avenue, Suite 4900 Seattle, WA 98101-3099 Phone: (206) 359-8000 Fax: (206) 359-9000 |

DATED: October 11, 2022

By: */s/ Peter B. Morrison*
Peter B. Morrison (admitted pro hac vice)
Virginia F. Milstead (admitted pro hac vice)
Winston Hsiao (admitted pro hac vice)
Raza Rasheed (admitted pro hac vice)
**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile: (213) 521-5000
Peter.Morrison@skadden.com
Virginia.Milstead@skadden.com
Winston.Hsiao@skadden.com
Raza.Rasheed@skadden.com

By: */s/ Sean C. Knowles*
Sean C. Knowles, WSBA No. 39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SKnowles@perkinscoie.com

*Attorneys for Defendants
Zillow Group, Inc., Richard Barton,
Allen Parker, and Jeremy Wacksman*

DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE
(No. 2:21-cv-01551-TSZ) – 7

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000