1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY JAEGER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, AND JEREMY WACKSMAN,

Defendants.

No. 2:21-CV-01551-TSZ

**DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ)

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Defendants Zillow Group, Inc. ("Zillow" or the "Company")[1], Richard Barton ("Barton"), Allen Parker ("Parker"), and Jeremy Wacksman ("Wacksman") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit their Answer to the Corrected Consolidated Class Action Complaint (ECF 71, "CC") filed by Lead Plaintiff Jeremy Jaeger ("Plaintiff"). Defendants deny all of the CC's allegations unless expressly admitted herein.[2]

The first two non-numbered paragraphs of the CC reflect Plaintiff's characterization of its own allegations to which no response is required. To the extent a response is required, Defendants deny those allegations. Defendants answer the allegations in the like-numbered paragraphs and subparagraphs of the CC as follows:

## I.   NATURE OF ACTION

1.      Defendants admit that Zillow is incorporated in Washington and that Zillow's principal executive offices are located in Seattle, Washington. Defendants further admit that from 2011 to August 2015, Zillow issued Class A common stock, which traded under the ticker symbol "Z." Defendants also admit that Zillow issues Class C capital stock, which trades under the ticker symbol "Z," and Class A common stock, which trades under the ticker symbol "ZG." Defendants deny all remaining allegations contained in paragraph 1 of the CC not specifically admitted herein.

2.      Defendants deny the allegations contained in paragraph 2 of the CC, except they admit that Zillow operates a real estate website in the United States, "zillow.com," and other real estate websites such as Trulia and StreetEasy, and they admit that beginning in 2018, Zillow launched its iBuying business called Zillow Offers.

---

[1] References to "Zillow" prior to February 2015 refer to Zillow, Inc. and refer to Zillow Group, Inc. after that time.
[2] The headings and subheadings set forth in this Answer are the headings and subheadings set forth in the CC, for reference purposes only. The headings and subheadings do not contain allegations of fact to which a response is required. To the extent a response is required, Defendants deny the allegations contained in each and every heading and subheading of the CC, including those set off by roman numeral, letter, and number.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 1

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1       3.      Defendants deny the allegations contained in paragraph 3 of the CC. As to allegations

2 regarding other companies engaged in the iBuying business, Defendants lack knowledge or

3 information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

4       4.      Defendants deny the allegations contained in paragraph 4 of the CC, except they admit

5 that Zillow operated an iBuying business called Zillow Offers.

6       5.      Defendants deny the allegations contained in paragraph 5 of the CC, except they admit

7 that on February 21, 2019, Zillow issued a press release stating that Rich Barton would return as Chief

8 Executive Officer of Zillow. Defendants refer to the February 21, 2019 press release for its complete

9 and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the

10 press release and further deny any factual inferences or legal conclusions made by Plaintiff based on

11 the press release.

12       6.      Defendants deny the allegations contained in paragraph 6 of the CC. Defendants refer

13 to Zillow's February 21, 2019 press release for its complete and accurate contents. Defendants deny

14 any paraphrasing, summarizing, or characterization of the press release and further deny any factual

15 inferences or legal conclusions made by Plaintiff based on the press release. Defendants lack

16 knowledge or information sufficient to form a belief as to the accuracy of the purported statement

17 of the unidentified "market commentator" and therefore deny it. Defendants also deny any

18 paraphrasing, summarizing, or characterization of the purported statement of the unidentified "market

19 commentator" and further deny any factual inferences or legal conclusions made by Plaintiff based on

20 the purported statement.

21       7.      Defendants deny the allegations contained in paragraph 7 of the CC. Defendants refer

22 to Zillow's February 21, 2019 press release for its complete and accurate contents. Defendants deny

23 any paraphrasing, summarizing, or characterization of the press release and further deny any factual

24 inferences or legal conclusions made by Plaintiff based on the press release. Defendants lack

25 knowledge or information sufficient to form a belief as to the accuracy of the purported statement

26 of the unidentified "market commentator" and therefore deny it. Defendants also deny any

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 2

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

paraphrasing, summarizing, or characterization of the purported statement of the unidentified "market commentator" and further deny any factual inferences or legal conclusions made by Plaintiff based on the purported statement.

8.     Defendants deny the allegations contained in paragraph 8 of the CC, except they admit that in March 2020, the Company temporarily paused its Zillow Offers home buying. As to the allegations regarding Zillow's revenues in the second quarter of 2021, Defendants refer to Zillow's Form 10-Q filed on August 5, 2021 for its complete and accurate contents regarding Zillow's financial results for the second quarter of 2021. Defendants deny any paraphrasing, summarizing, or characterization of the Form 10-Q and further deny any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q.

9.     Defendants deny the allegations contained in paragraph 9 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced in paragraph 9 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article. Plaintiff cites an unidentified Zillow statement, which appears to be a reference to Mr. Stan Humphries' February 25, 2021 interview with Bloomberg. Defendants refer to the interview for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the interview and further deny any factual inferences or legal conclusions made by Plaintiff based on the interview.

10.     Defendants deny the allegations contained in paragraph 10 of the CC.

11.     Defendants deny the allegations contained in paragraph 11 of the CC. Plaintiff cites unidentified Zillow statements, which appear to be references to a February 11, 2021 Zillow conference presentation and a February 27, 2019 Zillow conference presentation. Plaintiff also cites to a statement allegedly made on February 11, 2021, which appears to be a reference to the February 10, 2021 Zillow quarterly earnings call. Defendants refer to the transcripts of the presentations and earnings call referenced in paragraph 11 for their complete and accurate contents.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 3

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Defendants deny any paraphrasing, summarizing, or characterization of the transcripts and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcripts.

12.     Defendants deny the allegations contained in paragraph 12 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced in paragraph 12 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

13.     Defendants deny the allegations contained in paragraph 13 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced in paragraph 13 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

14.     Defendants deny the allegations contained in paragraph 14 of the CC, except they admit that Defendant Parker spoke during a quarterly earnings call on May 4, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript. Plaintiff also cites to an unidentified Zillow statement, which appears to be a reference to the press release Zillow issued on June 15, 2021. Defendants refer to the press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the press release.

15.     Defendants deny the allegations contained in paragraph 15 of the CC. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the purported statement of the unidentified source in paragraph 15 and therefore deny it. Defendants also deny any paraphrasing, summarizing, or characterization of the purported statement of the unidentified source and further deny any factual inferences or legal conclusions made by Plaintiff based on the purported statement.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 4

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

16.     Defendants deny the allegations contained in paragraph 16 of the CC. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the purported statement of the unidentified "financial press" in paragraph 16 and therefore deny it. Defendants also deny any paraphrasing, summarizing, or characterization of the purported statement of the unidentified "financial press" referenced in paragraph 16 and further deny any factual inferences or legal conclusions made by Plaintiff based on the purported statement.

17.     Defendants deny the allegations contained in paragraph 17 of the CC. Defendants further deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced in paragraph 17 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

18.     Defendants deny the allegations contained in paragraph 18 of the CC, except they admit that Zillow purchased 1,856 homes in the first quarter of 2021; 3,805 homes in the second quarter of 2021; and 9,680 homes in the third quarter of 2021. Defendants refer to the May 4, 2021, August 5, 2021, and November 2, 2021 shareholder letters for their complete and accurate contents regarding the financial results for Zillow Offers from first quarter of 2021 through third quarter of 2021. Defendants deny any paraphrasing, summarizing, or characterization of the shareholder letters and further deny any factual inferences or legal conclusions made by Plaintiff based on the shareholder letters.

19.     Defendants deny the allegations contained in paragraph 19 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced in paragraph 19 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

20.     Defendants deny the allegations contained in paragraph 20 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article referenced in paragraph 20 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 5

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

21.     Defendants deny the allegations contained in paragraph 21 of the CC.

22.     Defendants deny the allegations contained in paragraph 22 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article referenced in paragraph 22 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

23.     Defendants deny the allegations contained in paragraph 23 of the CC, except they admit that on August 5, 2021, Zillow held a second quarter of 2021 earnings conference call. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

24.     Defendants deny the allegations contained in paragraph 24 of the CC, except they admit that (i) Zillow held a second quarter of 2021 earnings conference call; (ii) Zillow issued a shareholder letter for the second quarter of 2021; and (iii) Defendant Parker spoke during the second quarter of 2021 earnings conference call. Defendants refer to the letter or transcript of the call for their complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the letter or transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the letter or transcript.

25.     Defendants deny the allegations contained in paragraph 25 of the CC.

26.     Defendants deny the allegations contained in paragraph 26 of the CC, except they admit that Zillow held a second quarter of 2021 earnings conference call. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

27.     Defendants deny the allegations contained in paragraph 27 of the CC, except they admit that (i) Zillow held a quarterly earnings conference call on August 5, 2021; and (ii) Defendant Parker spoke during the earnings conference call on August 5, 2021. Defendants refer

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 6

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1   to the transcript of the call for its complete and accurate contents. Defendants deny any

2   paraphrasing, summarizing, or characterization of the transcript and further deny any factual

3   inferences or legal conclusions made by Plaintiff based on the transcript.

4          28.     Defendants deny the allegations contained in paragraph 28 of the CC. Defendants

5   deny any paraphrasing, summarizing, or characterization of the alleged Barclays, Berenberg, and

6   Piper Sandler reports referenced in paragraph 28 and further deny any factual inferences or legal

7   conclusions made by Plaintiff based on the alleged reports.

8          29.     Defendants deny the allegations contained in paragraph 29 of the CC, except they

9   admit that (i) Zillow made a conference presentation on September 13, 2021; and (ii) Defendant

10  Wacksman spoke during the conference presentation on September 13, 2021. Defendants refer to

11  the transcript of the presentation for its complete and accurate contents. Defendants deny any

12  paraphrasing, summarizing, or characterization of the transcript and further deny any factual

13  inferences or legal conclusions made by Plaintiff based on the transcript. Defendants deny any

14  paraphrasing, summarizing, or characterization of the alleged Piper Sandler report referenced in

15  paragraph 29 of the CC and further deny any factual inferences or legal conclusions made by

16  Plaintiff based on the alleged report.

17         30.     Defendants deny the allegations contained in paragraph 30 of the CC. Defendants

18  deny any paraphrasing, summarizing, or characterization of the alleged RBC Capital Markets

19  report referenced in paragraph 30 of the CC and further deny any factual inferences or legal

20  conclusions made by Plaintiff based on the alleged report. Defendants also refer to Zillow's

21  publicly available stock price information for its complete and accurate contents.

22         31.     Defendants deny the allegations contained in paragraph 31 of the CC, except they

23  admit that on October 18, 2021, Zillow issued a press release. Defendants refer to the October 18, 2021

24  press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing,

25  or characterization of the press release and further deny any factual inferences or legal conclusions

26

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1    made by Plaintiff based on the press release. Defendants also refer to Zillow's publicly available

2    stock price information for its complete and accurate contents.

3        32.    Defendants deny the allegations contained in paragraph 32 of the CC. Defendants

4    lack knowledge or information sufficient to form a belief as to the accuracy of the purported

5    reporting of the unidentified "media outlets" and therefore deny them. Defendants deny any

6    paraphrasing, summarizing, or characterization of the purported reporting of the unidentified

7    "media outlets" and alleged KeyBanc Capital Market report and further deny any factual inferences

8    or legal conclusions made by Plaintiff based on the purported reporting. Defendants also refer to

9    Zillow's publicly available stock price information for its complete and accurate contents.

10       33.    Defendants deny the allegations contained in paragraph 33 of the CC, except they

11   admit that on November 2, 2021, Zillow issued a press release announcing its plan to wind down

12   Zillow Offers. Defendants refer to the November 2, 2021 press release for its complete and accurate

13   contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and

14   further deny any factual inferences or legal conclusions made by Plaintiff based on the press release.

15       34.    Defendants deny the allegations contained in paragraph 34 of the CC. Defendants also

16   refer to Zillow's publicly available stock price information for its complete and accurate contents.

17       35.    Defendants deny the allegations contained in paragraph 35 of the CC. Defendants

18   lack knowledge or information sufficient to form a belief as to the accuracy of the purported reports

19   by unidentified "[a]nalysts and market commentators" and therefore deny them. Defendants deny

20   any paraphrasing, summarizing, or characterization of the purported reports by unidentified

21   "[a]nalysts and market commentators" and the alleged Piper Sandler report and further deny any

22   factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

23       36.    Defendants deny the allegations contained in paragraph 36 of the CC. Defendants

24   deny any paraphrasing, summarizing, or characterization of the alleged Stephens report referenced

25   in paragraph 36 and further deny any factual inferences or legal conclusions made by Plaintiff

26   based on the alleged report.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 8

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

37.     The allegations contained in paragraph 37 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 37 of the CC.

## II.     <u>JURISDICTION AND VENUE</u>

38.     The allegations contained in paragraph 38 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 38 of the CC, except they admit that the CC purports to assert claims for violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.

39.     The allegations contained in paragraph 39 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 39 of the CC.

40.     The allegations contained in paragraph 40 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 40 of the CC, but admit that Zillow is headquartered in Seattle, Washington.

41.     The allegations contained in paragraph 41 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 41 of the CC.

## III.    <u>PARTIES</u>

### A.     <u>Plaintiff</u>

42.     Defendants deny that Plaintiff has suffered any damages as a result of alleged violations of the federal securities laws. As to the remaining allegations contained in paragraph 42 of the CC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 9

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

**B.** <u>**Corporate Defendant**</u>

43.     Defendants admit that Zillow is incorporated in Washington and that Zillow's headquarters are located in Seattle, Washington. Defendants further admit that Zillow's Class A common stock trades on Nasdaq under the ticker symbol "ZG" and its Class C capital stock trades on the Nasdaq under the ticker symbol "Z." Defendants also admit that Zillow provides its customers an on-demand experience for selling, buying, renting, and financing. Defendants deny all remaining allegations contained in paragraph 43 of the CC not specifically admitted herein.

**C.** <u>**Executive Defendants**</u>

44.     Defendants deny the allegations contained in paragraph 44 of the CC, except they admit that (i) Defendant Barton co-founded Zillow; (ii) Defendant Barton served as Zillow's Chief Executive Officer until 2010; (iii) Defendant Barton became Zillow's Executive Chairman in 2010; and (iv) Defendant Barton returned as Zillow's Chief Executive Officer in 2019.

45.     Defendants deny the allegations contained in paragraph 45 of the CC, except they admit that Defendant Parker is Zillow's Chief Financial Officer.

46.     Defendants deny the allegations contained in paragraph 46 of the CC, except they admit that (i) Defendant Wacksman has been Zillow's Chief Operating Officer since February 2021; (ii) Defendant Wacksman previously served as President of Zillow; and (iii) Defendant Wacksman previously served as Zillow's Chief Marketing Officer.

47.     The allegations contained in paragraph 47 of the CC are Plaintiff's characterizations of the CC and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 47 of the CC.

48.     The allegations contained in paragraph 48 of the CC are Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 48 of the CC.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 10

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

49.     The allegations contained in paragraph 49 of the CC are Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 49 of the CC.

50.     The allegations contained in paragraph 50 of the CC are Plaintiff's characterizations of the CC to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 50 of the CC.

**D.     Relevant Non-Parties –Former Zillow Employees**

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the CC, and therefore deny them.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the CC, and therefore deny them.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the CC, and therefore deny them.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the CC, and therefore deny them.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the CC, and therefore deny them.

**IV.   FACTUAL ALLEGATIONS**

**A.     Zillow and Its Pivot from Its Roots to Zillow 2.0**

56.     Defendants admit that (i) Zillow was founded in 2004 by Defendant Barton and Mr. Frink, among others; (ii) Zillow completed its initial public offering in July 2011; (iii) from 2011 to August 2015, Zillow Class A common stock traded under the ticker symbol "Z"; (iv) Zillow's Class B shares are unlisted; (v) Zillow issues Class C capital stock, which trades under the ticker symbol "Z," and Class A common stock, which trades under the ticker symbol "ZG"; and (vi) shareholders of Zillow's Class A and Class B stock received a dividend of two shares of Class C stock for each share

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 11

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

of Class A and B stock they held. Defendants deny all remaining allegations contained in paragraph 56 of the CC not specifically admitted herein.

57.     Defendants admit that (i) during the alleged Class Period (as defined in the CC, and without admitting that any exists or that this matter is appropriate for class certification), Zillow had three reporting segments: (1) Homes, (2) Internet, Media & Technology ("IMT"), and (3) Mortgages; (ii) the Homes segment was involved in the purchase and sale of homes and included the Zillow Offers and Zillow Closing Services businesses; (iii) the IMT segment included the Premier Agent business; and (iv) the Mortgage segment included the Zillow Home Loans business. Defendants deny all remaining allegations contained in paragraph 57 of the CC not specifically admitted herein.

58.     Defendants admit that Zillow publishes online real estate listings and home-price estimates, called Zestimates. As to allegations regarding Zillow's revenue growth, Defendants refer to Zillow's Form 10-Ks filed on February 12, 2016, February 7, 2017, February 15, 2018, and February 21, 2019 for their complete and accurate contents regarding Zillow's annual revenue growth. Defendants deny any paraphrasing, summarizing, or characterization of the Form 10-Ks and further deny any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Ks. Defendants also refer to Zillow's publicly available stock price information for its complete and accurate contents. Defendants deny all remaining allegations contained in paragraph 58 of the CC not specifically admitted herein.

59.     Defendants deny the allegations contained in paragraph 59 of the CC, except they admit that on April 12, 2018, Zillow issued a press release. Defendants refer to the April 12, 2018 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the press release. Defendants also admit that (i) Zillow entered the "iBuyer" space with Zillow Offers; and (ii) through Zillow Offers, Zillow made offers to buy homes directly from homeowners.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 12

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

60.     Defendants deny the allegations contained in paragraph 60 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged CNN Business report and purported quote referenced in paragraph 60 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report and purported quote.

61.     Defendants deny the allegations contained in paragraph 61 of the CC.

62.     Defendants deny the allegations contained in paragraph 62 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged RBC and Wedbush reports referenced in paragraph 62 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

63.     Defendants deny the allegations contained in paragraph 63 of the CC, except they admit that on April 12, 2018, Zillow issued a press release. Defendants refer to the April 12, 2018 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the press release.

64.     Defendants deny the allegations contained in paragraph 64 of the CC, except they admit that on February 21, 2019, Zillow issued a press release stating that Rich Barton would return as Chief Executive Officer of Zillow and Mr. Frink would be named Executive Chairman. Defendants refer to the February 21, 2019 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the press release.

65.     Defendants deny the allegations contained in paragraph 65 of the CC. Plaintiff cites an unidentified interview with Defendant Barton, which appears to be a reference to a February 21, 2019 GeekWire article describing an interview with Defendant Barton. Defendants refer to the interview for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the interview with Defendant Barton referenced in paragraph 65 and further deny any factual inferences or legal conclusions made by Plaintiff based on the interview.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 13

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

66.     Defendants deny the allegations contained in paragraph 66 of the CC. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the purported statements of the unidentified "market commentator" and therefore deny them. Defendants also deny any paraphrasing, summarizing, or characterization of the purported statements of the unidentified "market commentator" and further deny any factual inferences or legal conclusions made by Plaintiff based on the purported statements.

67.     Defendants deny the allegations contained in paragraph 67 of the CC, except they admit that on February 21, 2019, Zillow issued a press release. Defendants refer to the February 21, 2019 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the press release. Defendants also deny any paraphrasing, summarizing, or characterization of the alleged Wedbush report referenced in paragraph 67 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

68.     Defendants deny the allegations contained in paragraph 68 of the CC. As to the allegations regarding Zillow's revenue in 2019, Defendants refer to Zillow's 2019 financial results as stated in Zillow's Form 10-K filed on February 19, 2020. Defendants deny any paraphrasing, summarizing, or characterization of the Form 10-K and further deny any factual inferences or legal conclusions made by Plaintiff based on the Form 10-K. Defendants also deny any paraphrasing, summarizing, or characterization of the alleged Canaccord Genuity report referenced in paragraph 68 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

69.     Defendants deny the allegations contained in paragraph 69 of the CC, except they admit that (i) in March 2020, the Company temporarily paused its Zillow Offers home buying; (ii) on May 18, 2020, Zillow issued a press release regarding its resumption of home buying in four markets; and (iii) on August 6, 2020, Zillow issued a press release, which Plaintiff purports to quote in paragraph

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 14

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

69. Defendants refer to the May 18, 2020 and August 6, 2020 press releases for their complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press releases and further deny any factual inferences or legal conclusions made by Plaintiff based on the press releases. As to allegations regarding Zillow's revenue for the second quarter of 2021, Zillow refers to its financial results for the second quarter of 2021 as stated in its Form 10-Q filed on August 5, 2021. Defendants deny any paraphrasing, summarizing, or characterization of the Form 10-Q and further deny any factual inferences or legal conclusions made by Plaintiff based on the Form 10-Q.

**B.      Defendants Considered Zillow's Ability to Accurately Predict Home Values As Critical to Zillow Offers' Success**

70.      Defendants deny the allegations contained in paragraph 70 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Oppenheimer report referenced in paragraph 70 of the CC, and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged Oppenheimer report.

71.      Defendants deny the allegations contained in paragraph 71 of the CC.

72.      Defendants deny the allegations contained in paragraph 72 of the CC.

73.      Defendants deny the allegations contained in paragraph 73 of the CC.

74.      Defendants deny the allegations contained in paragraph 74 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article or Wolfe Research report referenced in paragraph 74 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged Wall Street Journal article and Wolfe Research report.

75.      Defendants deny the allegations contained in paragraph 75 of the CC, except they admit that Defendant Barton spoke during a conference presentation on February 26, 2019 and a quarterly earnings call February 19, 2020. Defendants refer to the transcripts of the presentation and call for their complete and accurate contents. Defendants deny any paraphrasing, summarizing,

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 15

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1   or characterization of the transcripts and further deny any factual inferences or legal conclusions

2   made by Plaintiff based on the transcripts.

3        76.    Defendants deny the allegations contained in paragraph 76 of the CC, except they

4   admit that Defendant Barton spoke during a quarterly earnings call on May 7, 2020 and a

5   conference presentation on November 18, 2020. Defendants refer to the transcripts of the call and

6   presentation for their complete and accurate contents. Defendants deny any paraphrasing,

7   summarizing, or characterization of the transcripts and further deny any factual inferences or legal

8   conclusions made by Plaintiff based on the transcripts.

9        77.    Defendants deny the allegations contained in paragraph 77 of the CC, except they

10  admit that on February 25, 2021, Zillow issued a press release titled "Zillow Starts Making Cash

11  Offers For the Zestimate." Defendants refer to the February 25, 2021 press release for its complete

12  and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the

13  press release and further deny any factual inferences or legal conclusions made by Plaintiff based on

14  the press release.

15       78.    Defendants deny the allegations contained in paragraph 78 of the CC. Defendants refer

16  to Zillow's February 25, 2021 press release for its complete and accurate contents. Defendants deny

17  any paraphrasing, summarizing, or characterization of the press release and further deny any factual

18  inferences or legal conclusions made by Plaintiff based on the press release.

19       79.    Defendants deny the allegations contained in paragraph 79 of the CC, except they

20  admit that on February 25, 2021, Mr. Stan Humphries was interviewed by Bloomberg. Defendants

21  refer to that interview for its complete and accurate contents. Defendants deny any paraphrasing,

22  summarizing, or characterization of the interview referenced in paragraph 79 and further deny any

23  factual inferences or legal conclusions made by Plaintiff based on the alleged interview.

24       80.    Defendants deny the allegations contained in paragraph 80 of the CC, except they

25  admit that (i) Zillow made a conference presentation on March 10, 2021; and (ii) Defendant

26  Wacksman spoke during the conference presentation on March 10, 2021. Defendants refer to the

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 16

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1    transcript of the presentation for its complete and accurate contents. Defendants deny any

2    paraphrasing, summarizing, or characterization of the transcript and further deny any factual

3    inferences or legal conclusions made by Plaintiff based on the transcript. Defendants also deny

4    any paraphrasing, summarizing, or characterization of the alleged Stephens report referenced in

5    paragraph 80 and further deny any factual inferences or legal conclusions made by Plaintiff based

6    on the alleged report.

7        **C.    Defendants Believed That Scaling Zillow Offers and Driving Down Costs Was**

8              **Critical to Its Success**

9        81.    Defendants deny the allegations contained in paragraph 81 of the CC. Plaintiff cites

10   statements which appear to be references to a February 11, 2021 conference presentation and a

11   February 10, 2021 Zillow quarterly earnings call. Defendants refer to the transcripts of the

12   conference and earnings call for their complete and accurate contents. Defendants deny any

13   paraphrasing, summarizing, or characterization of the transcripts and further deny any factual

14   inferences or legal conclusions made by Plaintiff based on the transcripts. Defendants also deny any

15   paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article

16   referenced in paragraph 81 and further deny any factual inferences or legal conclusions made by

17   Plaintiff based on the alleged article.

18       82.    Defendants deny the allegations contained in paragraph 82 of the CC. Plaintiff cites

19   unidentified Zillow statements, which appear to be references to a February 27, 2019 conference

20   presentation and a February 11, 2021 conference presentation. Defendants refer to the transcripts of

21   the presentations referenced in paragraph 82 for their complete and accurate contents. Defendants deny

22   any paraphrasing, summarizing, or characterization of the sources of the quoted statements and further

23   deny any factual inferences or legal conclusions made by Plaintiff based on the transcripts.

24       83.    Defendants deny the allegations contained in paragraph 83 of the CC. Plaintiff cites

25   an unidentified Zillow statement, which appears to be a reference to the February 27, 2019 Zillow

26   conference presentation. Defendants refer to the transcript of the presentation referenced in paragraph

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

83 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants also deny any paraphrasing, summarizing, or characterization of the alleged Bloomberg article referenced in paragraph 83 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

84.   Defendants deny the allegations contained in paragraph 84 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Guggenheim, BTIG, Deutsche Bank, and RBC reports referenced in paragraph 84 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

D.   **Zillow Announces Positive Home Unit Economics in Two Consecutive Quarters, Sparking Positive Market Reaction**

85.   Defendants deny the allegations contained in paragraph 85 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Truist report referenced in paragraph 85 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

86.   Defendants deny the allegations contained in paragraph 86 of the CC, except they admit that Zillow hosted a quarterly earnings call and issued a press release on February 10, 2021. Defendants refer to the transcript of the call and press release for their complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript or press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript or press release.

87.   Defendants deny the allegations contained in paragraph 87 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Deutsche Bank, BTIG, and JMP reports referenced in paragraph 87 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

88.     Defendants deny the allegations contained in paragraph 88 of the CC, except they admit that (i) Zillow hosted a quarterly earnings call and issued a press release on May 4, 2021; and (ii) Defendant Parker and Defendant Barton spoke during the May 4, 2021 earnings call. Defendants refer to the transcript of the call and press release for their complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript or press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript or press release.

89.     Defendants deny the allegations contained in paragraph 89 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Deutsche Bank and Truist reports referenced in paragraph 89 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

E.      **Despite Purportedly Positive Results, Defendants Decided That Zillow's Pricing Model Was Underpricing Homes for the Current Economic Environment, Causing It to Miss Volume Targets**

90.     Defendants deny the allegations contained in paragraph 90 of the CC, except they admit that the housing market appreciated in the fourth quarter of 2020 and the first quarter of 2021. Defendants further refer to Zillow's Form 10-K filed on February 12, 2021 and Zillow's Form 10-Q filed on May 4, 2021 for their complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the SEC filings and further deny any factual inferences or legal conclusions made by Plaintiff based on the SEC filings. Defendants also deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced in paragraph 90 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

91.     Defendants deny the allegations contained in paragraph 91 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 19

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

in paragraph 91 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

92.     Defendants deny the allegations contained in paragraph 92 of the CC.

93.     Defendants deny the allegations contained in paragraph 93 of the CC.

94.     Defendants deny the allegations contained in paragraph 94 of the CC.

95.     Defendants deny the allegations contained in paragraph 95 of the CC.

96.     Defendants deny the allegations contained in paragraph 96 of the CC.

F.      **Zillow Tells the Market That Zillow Has Improved Its Pricing Model to More Accurately Understand Market Trends, Despite Deciding to Override It**

97.     Defendants deny the allegations contained in paragraph 97 of the CC, except they admit that Defendant Parker spoke during a quarterly earnings call on May 4, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

98.     Defendants deny the allegations contained in paragraph 98 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged BTIG, Oppenheimer, and Canaccord Genuity analyst reports referenced in paragraph 98 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

99.     Defendants deny the allegations contained in paragraph 99 of the CC, except they admit that on June 15, 2021, Zillow issued a press release titled "Zillow Launches New Neural Zestimate, Yielding Major Accuracy Gains." Defendants refer to the June 15, 2021 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the press release. Defendants also deny any paraphrasing, summarizing, or characterization of the alleged Canaccord Genuity report referenced in paragraph 99 of the CC and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 20

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1      **G.**     <u>**Project Ketchup: To Increase Volume, Zillow Put Overlays on Top of Its**</u>

2      <u>**Algorithm, Which Caused It to Significantly Overpay for Homes**</u>

3      100.    Defendants deny the allegations contained in paragraph 100 of the CC.

4      101.    Defendants deny the allegations contained in paragraph 101 of the CC. Defendants

5 deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article

6 referenced in paragraph 101 and further deny any factual inferences or legal conclusions made by

7 Plaintiff based on the alleged article.

8      102.    Defendants deny the allegations contained in paragraph 102 of the CC. Defendants

9 deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article

10 referenced in paragraph 102 and further deny any factual inferences or legal conclusions made by

11 Plaintiff based on the alleged article.

12      103.    Defendants deny the allegations contained in paragraph 103 of the CC. Defendants

13 deny any paraphrasing, summarizing, or characterization of the alleged Bloomberg article referenced

14 in paragraph 103 and further deny any factual inferences or legal conclusions made by Plaintiff based

15 on the alleged article.

16      104.    Defendants deny the allegations contained in paragraph 104 of the CC. Defendants

17 deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article

18 referenced in paragraph 104 and further deny any factual inferences or legal conclusions made by

19 Plaintiff based on the alleged article.

20      105.    Defendants deny the allegations contained in paragraph 105 of the CC. Defendants

21 deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article

22 referenced in paragraph 105 and further deny any factual inferences or legal conclusions made by

23 Plaintiff based on the alleged article.

24      106.    Defendants deny the allegations contained in paragraph 106 of the CC. Defendants

25 deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article

26

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 21

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1   referenced in paragraph 106 and further deny any factual inferences or legal conclusions made by

2   Plaintiff based on the alleged article.

3       107.   Defendants deny the allegations contained in paragraph 107 of the CC.

4       108.   Defendants deny the allegations contained in paragraph 108 of the CC.

5       109.   Defendants deny the allegations contained in paragraph 109 of the CC.

6       110.   Defendants deny the allegations contained in paragraph 110 of the CC.

7       111.   Defendants deny the allegations contained in paragraph 111 of the CC.

8       112.   Defendants deny the allegations contained in paragraph 112 of the CC.

9       113.   Defendants deny the allegations contained in paragraph 113 of the CC.

10       114.   Defendants deny the allegations contained in paragraph 114 of the CC.

11       115.   Defendants deny the allegations contained in paragraph 115 of the CC. Defendants

12   refer to the May 7, 2020, August 6, 2020, November 5, 2020, February 10, 2021, May 4, 2021, August

13   5, 2021, November 2, 2021, and February 10, 2022 shareholder letters for their complete and accurate

14   contents regarding the financial results for Zillow Offers from the first quarter of 2020 through the

15   fourth quarter of 2021. Defendants deny any paraphrasing, summarizing, or characterization of the

16   shareholder letters and further deny any factual inferences or legal conclusions made by Plaintiff based

17   on the shareholder letters.

18       116.   Defendants deny the allegations contained in paragraph 116 of the CC except they

19   admit that Zillow purchased 1,856 homes in the first quarter of 2021; 3,805 homes in the second

20   quarter of 2021; 9,680 homes in the third quarter of 2021; and 8,594 homes in the fourth quarter

21   of 2021. Defendants refer to the May 4, 2021, August 5, 2021, November 2, 2021, and February 10,

22   2022 shareholder letters for their complete and accurate contents regarding the financial results for

23   Zillow Offers from first quarter of 2021 through the fourth quarter of 2021. Defendants deny any

24   paraphrasing, summarizing, or characterization of the letters and further deny any factual inferences or

25   legal conclusions made by Plaintiff based on the letters.

26

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 22

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

117.    Defendants deny the allegations contained in paragraph 117 of the CC. Defendants refer to the February 10, 2021 and February 10, 2022 shareholder letters for their complete and accurate contents regarding the financial results for Zillow Offers from the fourth quarter of 2020 and the fourth quarter of 2021. Defendants deny any paraphrasing, summarizing, or characterization of the letters and further deny any factual inferences or legal conclusions made by Plaintiff based on the letters.

**H.      Internally, Zillow Employees Repeatedly Raised Concerns That the Company Was Overpaying for Homes**

118.    Defendants deny the allegations contained in paragraph 118 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced in paragraph 118 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

119.    Defendants deny the allegations contained in paragraph 119 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wall Street Journal article referenced in paragraph 119 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

120.    Defendants deny the allegations contained in paragraph 120 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Bloomberg article referenced in paragraph 120 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

121.    Defendants deny the allegations contained in paragraph 121 of the CC.

122.    Defendants deny the allegations contained in paragraph 122 of the CC.

123.    Defendants deny the allegations contained in paragraph 123 of the CC.

124.    Defendants deny the allegations contained in paragraph 124 of the CC.

125.    Defendants deny the allegations contained in paragraph 125 of the CC.

126.    Defendants deny the allegations contained in paragraph 126 of the CC.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 23

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1

I.      **Project Ketchup: To Increase Volume, Zillow Squeezed Its Contractors, Which**

2

**Caused Contractors to Refuse Jobs and Created a Massive Backlog**

3      127.    Defendants deny the allegations contained in paragraph 127 of the CC.

4      128.    Defendants deny the allegations contained in paragraph 128 of the CC.

5      129.    Defendants deny the allegations contained in paragraph 129 of the CC. Defendants

6   deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article

7   referenced in paragraph 129 and further deny any factual inferences or legal conclusions made by

8   Plaintiff based on the alleged article.

9      130.    Defendants deny the allegations contained in paragraph 130 of the CC. Defendants

10   deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article

11   referenced in paragraph 130 and further deny any factual inferences or legal conclusions made by

12   Plaintiff based on the alleged article.

13      131.    Defendants deny the allegations contained in paragraph 131 of the CC. Defendants

14   deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article

15   referenced in paragraph 131 and further deny any factual inferences or legal conclusions made by

16   Plaintiff based on the alleged article.

17      132.    Defendants deny the allegations contained in paragraph 132 of the CC. Defendants

18   deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article

19   referenced in paragraph 132 and further deny any factual inferences or legal conclusions made by

20   Plaintiff based on the alleged article.

21      133.    Defendants deny the allegations contained in paragraph 133 of the CC. Defendants

22   deny any paraphrasing, summarizing, or characterization of the alleged Business Insider article

23   referenced in paragraph 133 and further deny any factual inferences or legal conclusions made by

24   Plaintiff based on the alleged article.

25      134.    Defendants deny the allegations contained in paragraph 134 of the CC. As to

26   allegations regarding FE-5's alleged experiences after leaving Zillow, Defendants lack knowledge

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 24

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1    or information sufficient to form a belief as to the truth of those allegations and therefore deny

2    them.

3        135.   Defendants deny the allegations contained in paragraph 135 of the CC.

4        136.   Defendants deny the allegations contained in paragraph 136 of the CC.

5        137.   Defendants deny the allegations contained in paragraph 137 of the CC.

6        138.   Defendants deny the allegations contained in paragraph 138 of the CC.

7        139.   Defendants deny the allegations contained in paragraph 139 of the CC.

8        140.   Defendants deny the allegations contained in paragraph 140 of the CC.

9        141.   Defendants deny the allegations contained in paragraph 141 of the CC.

10       142.   Defendants deny the allegations contained in paragraph 142 of the CC.

11       143.   Defendants deny the allegations contained in paragraph 143 of the CC.

12       144.   Defendants deny the allegations contained in paragraph 144 of the CC.

13       145.   Defendants deny the allegations contained in paragraph 145 of the CC.

14       146.   Defendants deny the allegations contained in paragraph 146 of the CC.

15       147.   Defendants deny the allegations contained in paragraph 147 of the CC.

16       148.   Defendants deny the allegations contained in paragraph 148 of the CC.

17       149.   Defendants deny the allegations contained in paragraph 149 of the CC.

18       150.   Defendants deny the allegations contained in paragraph 150 of the CC.

19   **J.**   **Defendants Materially Misled the Market**

20       **1.**   **Defendants Materially Misled the Market About the Reason for Zillow's Increased Volume and Demand**

21

22       151.   Defendants deny the allegations contained in paragraph 151 of the CC, except they

23   admit that (i) on August 5, 2021, Zillow held a second quarter of 2021 earnings conference call

24   and (ii) Zillow issued a shareholder letter for the second quarter of 2021 earnings conference call.

25   Defendants refer to the transcript of the call and the letter for their complete and accurate contents.

26   Defendants deny any paraphrasing, summarizing, or characterization of the transcript and the letter

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 25

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1  and further deny any factual inferences or legal conclusions made by Plaintiff based on the

2  transcript and the letter.

3      152.    Defendants deny the allegations contained in paragraph 152 of the CC, except they

4  admit that (i) Zillow held a quarterly earnings conference call on August 5, 2021; and (ii)

5  Defendant Parker spoke during the earnings conference call on August 5, 2021. Defendants refer

6  to the transcript of the call for its complete and accurate contents. Defendants deny any

7  paraphrasing, summarizing, or characterization of the transcript and further deny any factual

8  inferences or legal conclusions made by Plaintiff based on the transcript.

9      153.    Defendants deny the allegations contained in paragraph 153 of the CC.

10     154.    Defendants deny the allegations contained in paragraph 154 of the CC, except they

11  admit that Zillow held a second quarter of 2021 earnings conference call. Defendants refer to the

12  transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing,

13  summarizing, or characterization of the transcript and further deny any factual inferences or legal

14  conclusions made by Plaintiff based on the transcript.

15     155.    Defendants deny the allegations contained in paragraph 155 of the CC. Defendants

16  deny any paraphrasing, summarizing, or characterization of the alleged Piper Sandler, Barclays,

17  and Berenberg reports referenced in paragraph 155 and further deny any factual inferences or legal

18  conclusions made by Plaintiff based on the alleged reports.

19     156.    Defendants deny the allegations contained in paragraph 156 of the CC. Defendants

20  deny any paraphrasing, summarizing, or characterization of the alleged BTIG, Wedbush, and

21  Stephens reports referenced in paragraph 156 and further deny any factual inferences or legal

22  conclusions made by Plaintiff based on the alleged reports.

23          **2.    Defendants Materially Misled the Market About the "Durability" of
                    Zillow's Margin Improvements**

24

25     157.    Defendants deny the allegations contained in paragraph 157 of the CC, except they

26  admit that (i) Zillow held a quarterly earnings conference call on August 5, 2021; and (ii)

Defendant Parker spoke during the earnings conference call on August 5, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

158.    Defendants deny the allegations contained in paragraph 158 of the CC, except they admit that (i) Zillow made a conference presentation on September 13, 2021; and (ii) Defendant Wacksman spoke during the conference presentation on September 13, 2021. Defendants refer to the transcript of the presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

159.    Defendants deny the allegations contained in paragraph 159 of the CC.

160.    Defendants deny the allegations contained in paragraph 160 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Stephens and Piper Sandler reports referenced in paragraph 160 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

**K.    The Relevant Truth Emerges**

161.    Defendants deny the allegations contained in paragraph 161 of the CC.

162.    Defendants deny the allegations contained in paragraph 162 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged RBC Capital Markets report referenced in paragraph 162 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

163.    Defendants deny the allegations contained in paragraph 163 of the CC. Defendants also refer to Zillow's publicly available stock price information for its complete and accurate contents.

164.    Defendants deny the allegations contained in paragraph 164 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Bloomberg article and

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 27

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1  Wedbush report referenced in paragraph 164 and further deny any factual inferences or legal

2  conclusions made by Plaintiff based on the alleged article and report.

3       165.    Defendants deny the allegations contained in paragraph 165 of the CC, except they

4  admit that on October 18, 2021, Zillow issued a press release. Defendants refer to the October 18, 2021

5  press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing,

6  or characterization of the press release or the alleged Wedbush report referenced in paragraph 165

7  and further deny any factual inferences or legal conclusions made by Plaintiff based on the press

8  release or alleged report.

9       166.    Defendants deny the allegations contained in paragraph 166 of the CC. Defendants

10  also refer to Zillow's publicly available stock price information for its complete and accurate

11  contents.

12       167.    Defendants deny the allegations contained in paragraph 167 of the CC. Defendants

13  lack knowledge or information sufficient to form a belief as to the contents of purported statements

14  from unidentified "media outlets" and therefore deny them. Defendants deny any paraphrasing,

15  summarizing, or characterization of the purported statements from unidentified "media outlets"

16  and the alleged KeyBanc Capital Market report referenced in paragraph 167 and further deny any

17  factual inferences or legal conclusions made by Plaintiff based on the purported statements and

18  alleged report.

19       168.    Defendants deny the allegations contained in paragraph 168 of the CC. Defendants

20  deny any paraphrasing, summarizing, or characterization of the alleged Bloomberg article referenced

21  in paragraph 168 and further deny any factual inferences or legal conclusions made by Plaintiff based

22  on the alleged article.

23       169.    Defendants deny the allegations contained in paragraph 169 of the CC. Defendants

24  also refer to Zillow's publicly available stock price information for its complete and accurate

25  contents.

26

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 28

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1   170.   Defendants deny the allegations contained in paragraph 170 of the CC, except they

2   admit that on November 2, 2021, Zillow issued a press release announcing its plan to wind down

3   Zillow Offers. Defendants refer to the November 2, 2021 press release for its complete and accurate

4   contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and

5   further deny any factual inferences or legal conclusions made by Plaintiff based on the press release.

6   171.   Defendants deny the allegations contained in paragraph 171 of the CC, except they

7   admit that Defendant Barton spoke during the November 2, 2021 earnings call. Defendants refer

8   to the transcript of the call for its complete and accurate contents. Defendants deny any

9   paraphrasing, summarizing, or characterization of the transcript and further deny any factual

10   inferences or legal conclusions made by Plaintiff based on the transcript. Defendants also deny

11   any paraphrasing, summarizing, or characterization of the alleged BTIG report referenced in

12   paragraph 171 and further deny any factual inferences or legal conclusions made by Plaintiff based

13   on the alleged report.

14   172.   Defendants deny the allegations contained in paragraph 172 of the CC. Defendants

15   refer to the transcript of the quarterly earnings call on November 2, 2021 for its complete and

16   accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the

17   transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on

18   the transcript.

19   173.   Defendants deny the allegations contained in paragraph 173 of the CC. Defendants

20   deny any paraphrasing, summarizing, or characterization of the alleged Canaccord Genuity,

21   Evercore, and Piper Sandler reports referenced in paragraph 173 and further deny any factual

22   inferences or legal conclusions made by Plaintiff based on the alleged reports.

23   174.   Defendants deny the allegations contained in paragraph 174 of the CC. Defendants

24   also refer to Zillow's publicly available stock price information for its complete and accurate

25   contents.

26

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 29

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

175.    Defendants deny the allegations contained in paragraph 175 of the CC. Defendants refer to the transcript of the quarterly earnings call on November 2, 2021 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

176.    Defendants deny the allegations contained in paragraph 176 of the CC. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the purported statements of the unidentified "[m]ajor commentators" and therefore deny them. Defendants also deny any paraphrasing, summarizing, or characterization of the purported statements of the unidentified "[m]ajor commentators" and the alleged Silicon Valley Business Journal article referenced in paragraph 176 and further deny any factual inferences or legal conclusions made by Plaintiff based on the purported statements and alleged article.

177.    Defendants deny the allegations contained in paragraph 177 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Business Insider, Wall Street Journal, The New York Times, and National Mortgage News articles referenced in paragraph 177 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged articles.

178.    Defendants deny the allegations contained in paragraph 178 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Wedbush, Barclays, Piper Sandler, and Berenberg reports referenced in paragraph 178 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

179.    Defendants deny the allegations contained in paragraph 179 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Piper Sandler report referenced in paragraph 179 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 30

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

180.     Defendants deny the allegations contained in paragraph 180 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Stephens report referenced in paragraph 180 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

## V.     DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS

### A.     August 5, 2021 Q2 2021 Earnings Conference Call

181.     Defendants deny the allegations contained in paragraph 181 of the CC, except they admit that (i) Zillow held a quarterly earnings conference call on August 5, 2021; (ii) Zillow issued a press release regarding the second quarter of 2021 earnings; and (iii) Defendant Barton spoke during the earnings conference call on August 5, 2021. Defendants refer to the transcript of the call and the press release for their complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript or press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript or press release.

182.     Defendants deny the allegations contained in paragraph 182 of the CC, except they admit that Zillow issued a shareholder letter for the second quarter of 2021. Defendants refer to the letter for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the letter and further deny any factual inferences or legal conclusions made by Plaintiff based on the letter.

183.     Defendants deny the allegations contained in paragraph 183 of the CC, except they admit that (i) Zillow held a second quarter of 2021 earnings conference call on August 5, 2021; and (ii) Defendant Barton and Defendant Parker spoke during the earnings conference call on August 5, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 31

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

184.     Defendants deny the allegations contained in paragraph 184 of the CC, except they admit that Defendant Parker spoke during the earnings conference call on August 5, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

185.     Defendants deny the allegations contained in paragraph 185 of the CC, except they admit that Defendant Barton spoke during the earnings conference call on August 5, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

186.     Defendants deny the allegations contained in paragraph 186 of the CC. Defendants refer to the alleged Piper Sandler report for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the alleged report referenced in paragraph 186 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

187.     Defendants deny the allegations contained in paragraph 187 of the CC.

188.     Defendants deny the allegations contained in paragraph 188 of the CC.

189.     Defendants deny the allegations contained in paragraph 189 of the CC.

190.     Defendants deny the allegations contained in paragraph 190 of the CC.

**B.      September 13, 2021 Piper Sandler 2021 Virtual Global Technology Conference**

191.     Defendants deny the allegations contained in paragraph 191 of the CC, except they admit that (i) Zillow made a conference presentation on September 13, 2021; and (ii) Defendant Wacksman spoke during the conference presentation on September 13, 2021. Defendants refer to the transcript of the presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 32

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

192.    Defendants deny the allegations contained in paragraph 192 of the CC, except they admit that Defendant Wacksman spoke during the conference presentation on September 13, 2021. Defendants refer to the transcript of the presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

193.    Defendants deny the allegations contained in paragraph 193 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Piper Sandler report referenced in paragraph 193 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

194.    Defendants deny the allegations contained in paragraph 194 of the CC.

195.    Defendants deny the allegations contained in paragraph 195 of the CC.

196.    Defendants deny the allegations contained in paragraph 196 of the CC.

## VI.    ADDITIONAL ALLEGATIONS OF SCIENTER

197.    The allegations contained in paragraph 197 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 197 of the CC.

### A.    Zillow Offers Was a Core Operation

198.    The allegations contained in paragraph 198 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 198 of the CC, except they admit that Defendant Barton spoke during a March 2, 2020 conference presentation. Defendants refer to the transcript of the March 2, 2020 conference presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

199.    Defendants deny the allegations contained in paragraph 199 of the CC, except they admit that (i) Zillow held a second quarter of 2021 earnings conference call; (ii) Defendant Parker

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 33

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1    spoke during the earnings conference call; (iii) Zillow made a conference presentation on

2    September 13, 2021; and (iv) Defendant Wacksman spoke during the conference presentation on

3    September 13, 2021. Defendants refer to the transcripts of the call and presentation for their

4    complete and accurate contents. Defendants deny any paraphrasing, summarizing, or

5    characterization of the transcripts and further deny any factual inferences or legal conclusions

6    made by Plaintiff based on the transcripts.

7         200.    The allegations contained in paragraph 200 of the CC state legal conclusions to

8    which no response is required. To the extent a response is required, Defendants deny the

9    allegations contained in paragraph 200 of the CC, except they admit that Defendant Barton spoke

10   during the November 2, 2021 earnings call. Defendants refer to the transcript of the call for its

11   complete and accurate contents. Defendants deny any paraphrasing, summarizing, or

12   characterization of the transcript and further deny any factual inferences or legal conclusions made

13   by Plaintiff based on the transcript. Defendants also deny any paraphrasing, summarizing, or

14   characterization of the alleged Business Insider article referenced in paragraph 200 and further

15   deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

16        201.    Defendants deny the allegations contained in paragraph 201 of the CC. Defendants

17   deny any paraphrasing, summarizing, or characterization of the alleged Canaccord Genuity report and

18   further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

19   As to allegations regarding Zillow's revenues in 2019, fourth quarter of 2020, and second and fourth

20   quarters of 2021, Defendants refer to Zillow's Form 10-Ks filed on February 19, 2020 and February

21   12, 2021, Zillow's Form 10-Q filed on August 5, 2021, and Zillow's Form 10-K filed on February 10,

22   2022 for their complete and accurate contents regarding Zillow's financial results for 2019, fourth

23   quarter of 2020, and second and fourth quarters of 2021, respectively. Defendants deny any

24   paraphrasing, summarizing, or characterization of the SEC filings and further deny any factual

25   inferences or legal conclusions made by Plaintiff based on the SEC filings.

26

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 34

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

202.    The allegations contained in paragraph 202 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 202 of the CC.

**B.    Defendants Admitted Their Visibility into Zillow Offers**

203.    Defendants deny the allegations contained in paragraph 203 of the CC. Plaintiff cites unidentified Zillow statements, which appear to be references to the transcripts of Zillow's February 26, 2019 conference presentation and Zillow's quarterly earnings call on February 19, 2020. Defendants refer to the transcripts of the presentation and call for their complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcripts referenced in paragraph 203 and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcripts.

204.    Defendants deny the allegations contained in paragraph 204 of the CC. Defendants refer to the May 2020 Investor Presentation for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the Investor Presentation and further deny any factual inferences or legal conclusions made by Plaintiff based on the Investor Presentation.

205.    Defendants deny the allegations contained in paragraph 205 of the CC, except they admit that on February 25, 2021, Mr. Stan Humphries was interviewed by Bloomberg. Defendants refer to that interview for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the interview and further deny any factual inferences or legal conclusions made by Plaintiff based on the interview.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 35

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1

**C.** **The Close Temporal Proximity Between Defendants' Misrepresentations and**

2 **the Partial Revelation of the Relevant Truth Supports a Strong Inference of**

3 **Scienter**

4      206.    The allegations contained in paragraph 206 of the CC state legal conclusions to

5 which no response is required. To the extent a response is required, Defendants deny the

6 allegations contained in paragraph 206 of the CC.

7      207.    Defendants deny the allegations contained in paragraph 207 of the CC. Defendants

8 deny any paraphrasing, summarizing, or characterization of the alleged Bloomberg article referenced

9 in paragraph 207 and further deny any factual inferences or legal conclusions made by Plaintiff based

10 on the alleged article.

11      208.    Defendants deny the allegations contained in paragraph 208 of the CC. Defendants

12 lack knowledge or information sufficient to form a belief as to the accuracy of the purported reports

13 of unidentified "media outlets" and therefore deny them. Defendants also deny any paraphrasing,

14 summarizing, or characterization of the purported reports and further deny any factual inferences

15 or legal conclusions made by Plaintiff based on the purported reports.

16      209.    The allegations contained in paragraph 209 of the CC state legal conclusions to

17 which no response is required. To the extent a response is required, Defendants deny the

18 allegations contained in paragraph 209 of the CC.

19      210.    Defendants deny the allegations contained in paragraph 210 of the CC, except they

20 admit that Defendant Barton spoke during the November 2, 2021 earnings call. Defendants refer

21 to the transcript of the quarterly earnings call on November 2, 2021 for its complete and accurate

22 contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript

23 and further deny any factual inferences or legal conclusions made by Plaintiff based on the

24 transcript.

25      211.    Defendants deny the allegations contained in paragraph 211 of the CC. Defendants

26 deny any paraphrasing, summarizing, or characterization of the alleged Wedbush, Barclays, and

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 36

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1    Berenberg reports referenced in paragraph 211 and further deny any factual inferences or legal

2    conclusions made by Plaintiff based on the alleged reports.

3         212.    Defendants deny the allegations contained in paragraph 212 of the CC. Defendants

4    deny any paraphrasing, summarizing, or characterization of the alleged Piper Sandler report

5    referenced in paragraph 212 and further deny any factual inferences or legal conclusions made by

6    Plaintiff based on the alleged report.

7         213.    Defendants deny the allegations contained in paragraph 213 of the CC. Defendants

8    deny any paraphrasing, summarizing, or characterization of the alleged Stephens report referenced

9    in paragraph 213 and further deny any factual inferences or legal conclusions made by Plaintiff

10   based on the alleged report.

11        214.    The allegations contained in paragraph 214 of the CC state legal conclusions to

12   which no response is required. To the extent a response is required, Defendants deny the

13   allegations contained in paragraph 214 of the CC.

14   **VII.   PARTIAL DISCLOSURE OF THE TRUTH, LOSS CAUSATION, AND ZILLOW'S**

15   **LOSS OF CREDIBILITY WITH THE ANALYSTS**

16        215.    The allegations contained in paragraph 215 of the CC state legal conclusions to

17   which no response is required. To the extent a response is required, Defendants deny the

18   allegations contained in paragraph 215 of the CC. Defendants also refer to Zillow's publicly

19   available stock price information for its complete and accurate contents.

20        216.    The allegations contained in paragraph 216 of the CC state legal conclusions to

21   which no response is required. To the extent a response is required, Defendants deny the

22   allegations contained in paragraph 216 of the CC. Defendants also refer to Zillow's publicly

23   available stock price information for its complete and accurate contents.

24        217.    The allegations contained in paragraph 217 of the CC state legal conclusions to

25   which no response is required. To the extent a response is required, Defendants deny the

26   allegations contained in paragraph 217 of the CC.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 37

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

218.    The allegations contained in paragraph 218 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 218 of the CC.

A.    **October 4, 2021**

219.    Defendants deny the allegations contained in paragraph 219 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged RBC Capital Markets report referenced in paragraph 219 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report. Defendants also refer to Zillow's publicly available stock price information for its complete and accurate contents.

220.    Defendants deny the allegations contained in paragraph 220 of the CC. Defendants refer to Zillow's publicly available stock price information for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the alleged BTIG report referenced in paragraph 220 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report.

B.    **October 17-18, 2021**

221.    Defendants deny the allegations contained in paragraph 221 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Bloomberg article and Wedbush report referenced in paragraph 221 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article and report.

222.    Defendants deny the allegations contained in paragraph 222 of the CC, except they admit that on October 18, 2021, Zillow issued a press release. Defendants refer to the October 18, 2021 press release for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release and further deny any factual inferences or legal conclusions made by Plaintiff based on the press release.

223.    Defendants deny the allegations contained in paragraph 223 of the CC. Defendants refer to Zillow's publicly available stock price information for its complete and accurate contents.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 38

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

224.    Defendants deny the allegations contained in paragraph 224 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged BTIG and Piper Sandler reports referenced in paragraph 224 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

225.    Defendants deny the allegations contained in paragraph 225 of the CC, except they admit that on August 5, 2021, Zillow held a second quarter of 2021 earnings conference call. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants also deny any paraphrasing, summarizing, or characterization of the alleged RBC, JMP, Berenberg, and Stephens reports referenced in paragraph 225 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

**C.    November 1, 2021**

226.    Defendants deny the allegations contained in paragraph 226 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Canaccord Genuity and Truist reports and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

227.    Defendants deny the allegations contained in paragraph 227 of the CC. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the purported reporting by unidentified "media outlets" and therefore deny them. Defendants also deny any paraphrasing, summarizing, or characterization of the purported articles by unidentified "media outlets" and the alleged MarketWatch, Los Angeles Times, and KeyBanc articles and report referenced in paragraph 227 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged articles and reports.

228.    Defendants deny the allegations contained in paragraph 228 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Bloomberg article referenced

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 39

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

in paragraph 228 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

229.    Defendants deny the allegations contained in paragraph 229 of the CC. Defendants refer to Zillow's publicly available stock price information for its complete and accurate contents.

230.    Defendants deny the allegations contained in paragraph 230 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged MarketWatch article referenced in paragraph 230 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged article.

**D.    November 2, 2021**

231.    Defendants deny the allegations contained in paragraph 231 of the CC, except they admit that (i) Zillow issued a press release announcing its plan to wind down Zillow Offers on November 2, 2021; (ii) Zillow held a quarterly earnings conference call on November 2, 2021; and (iii) Defendant Barton spoke during the earnings conference call on November 2, 2021. Defendants refer to the press release and transcript of the call for their complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the press release or transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the press release or transcript.

232.    Defendants deny the allegations contained in paragraph 232 of the CC, except they admit that Defendant Parker spoke during the earnings conference call on November 2, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

233.    Defendants deny the allegations contained in paragraph 233 of the CC, except they admit that Zillow held a quarterly earnings conference call on November 2, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 40

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

234.    Defendants deny the allegations contained in paragraph 234 of the CC, except they admit that Defendant Barton spoke during the earnings conference call on November 2, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

235.    Defendants deny the allegations contained in paragraph 235 of the CC, except they admit that Defendant Barton spoke during the earnings conference call on November 2, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

236.    Defendants deny the allegations contained in paragraph 236 of the CC, except they admit that Defendant Barton spoke during the earnings conference call on November 2, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

237.    Defendants deny the allegations contained in paragraph 237 of the CC, except they admit that Zillow held a quarterly earnings conference call on November 2, 2021. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

238.    The allegations contained in paragraph 238 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 238 of the CC. Defendants also refer to Zillow's publicly available stock price information for its complete and accurate contents.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 41

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

E.   **Analysts Were Shocked and Called for Management Accountability**

239.   Defendants deny the allegations contained in paragraph 239 of the CC, except they admit that Zillow held a third quarter of 2021 earnings conference call. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of purported statements of unidentified "[m]arket commentators" and therefore deny them. Defendants also deny any paraphrasing, summarizing, or characterization of the purported statements of unidentified "[m]arket commentators" and further deny any factual inferences or legal conclusions made by Plaintiff based on the purported statements.

240.   Defendants deny the allegations contained in paragraph 240 of the CC, except they admit that Zillow held a third quarter of 2021 earnings conference call. Defendants refer to the transcript of the call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, or characterization of the transcript and further deny any factual inferences or legal conclusions made by Plaintiff based on the transcript.

241.   Defendants deny the allegations contained in paragraph 241 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Berenberg and Canaccord Genuity reports referenced in paragraph 241 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged reports.

242.   Defendants deny the allegations contained in paragraph 242 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged BTIG report and Wall Street Journal article referenced in paragraph 242 and further deny any factual inferences or legal conclusions made by Plaintiff based on the alleged report and article.

243.   Defendants deny the allegations contained in paragraph 243 of the CC. Defendants deny any paraphrasing, summarizing, or characterization of the alleged Evercore, Piper Sandler,

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 42

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1    and Truist reports referenced in paragraph 243 and further deny any factual inferences or legal

2    conclusions made by Plaintiff based on the alleged reports.

3        244.    Defendants deny the allegations contained in paragraph 244 of the CC. Defendants

4    deny any paraphrasing, summarizing, or characterization of the alleged Barclays, RBC, Truist, and

5    Business Insider reports and article referenced in paragraph 244 and further deny any factual

6    inferences or legal conclusions made by Plaintiff based on the alleged reports and article.

7        245.    Defendants deny the allegations contained in paragraph 245 of the CC. Defendants

8    deny any paraphrasing, summarizing, or characterization of the alleged Benchmark, BTIG, and

9    DA Davidson reports referenced in paragraph 245 and further deny any factual inferences or legal

10   conclusions made by Plaintiff based on the alleged reports.

11       246.    Defendants deny the allegations contained in paragraph 246 of the CC. Defendants

12   lack knowledge or information sufficient to form a belief as to the accuracy of the purported

13   statement of unidentified "[m]arket commentators" and therefore deny it. Defendants also deny any

14   paraphrasing, summarizing, or characterization of the purported statement of unidentified "[m]arket

15   commentators," the alleged Wall Street Journal and New York Times articles, and the Wedbush report

16   referenced in paragraph 246 and further deny any factual inferences or legal conclusions made by

17   Plaintiff based on the purported statement and alleged articles and report.

18       247.    Defendants deny the allegations contained in paragraph 247 of the CC. Defendants

19   deny any paraphrasing, summarizing, or characterization of the alleged Piper Sandler, Berenberg,

20   and Evercore reports and Business Insider article referenced in paragraph 247 and further deny

21   any factual inferences or legal conclusions made by Plaintiff based on the alleged reports and

22   article.

23       248.    Defendants deny the allegations contained in paragraph 248 of the CC. Defendants

24   also deny paraphrasing, summarizing, or characterization of the alleged Piper Sandler report

25   referenced in paragraph 248 and further deny any factual inferences or legal conclusions made by

26   Plaintiff based on the alleged report.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 43

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1    249.    Defendants deny the allegations contained in paragraph 249 of the CC. Defendants

2    deny any paraphrasing, summarizing, or characterization of the alleged Stephens report referenced

3    in paragraph 249 and further deny any factual inferences or legal conclusions made by Plaintiff

4    based on the alleged report.

5    **VIII.    <u>INAPPLICABILITY OF THE STATUTORY SAFE HARBOR</u>**

6    250.    The allegations contained in paragraph 250 of the CC state legal conclusions to

7    which no response is required. To the extent a response is required, Defendants deny the

8    allegations contained in paragraph 250 of the CC.

9    251.    The allegations contained in paragraph 251 of the CC state legal conclusions to

10    which no response is required. To the extent a response is required, Defendants deny the

11    allegations contained in paragraph 251 of the CC.

12    252.    The allegations contained in paragraph 252 of the CC state legal conclusions to

13    which no response is required. To the extent a response is required, Defendants deny the

14    allegations contained in paragraph 252 of the CC.

15    253.    The allegations contained in paragraph 253 of the CC state legal conclusions to

16    which no response is required. To the extent a response is required, Defendants deny the

17    allegations contained in paragraph 253 of the CC.

18    254.    The allegations contained in paragraph 254 of the CC state legal conclusions to

19    which no response is required. To the extent a response is required, Defendants deny the

20    allegations contained in paragraph 254 of the CC.

21    **IX.    <u>THE PRESUMPTION OF RELIANCE</u>**

22    255.    The allegations contained in paragraph 255 of the CC state legal conclusions to

23    which no response is required. To the extent a response is required, Defendants deny the

24    allegations contained in paragraph 255 of the CC, except they admit that (i) Zillow's common stock

25    meets the requirements for listing and is traded on Nasdaq; (ii) Zillow files periodic reports with

26

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 44

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1    the SEC; (iii) Zillow has issued press releases that are publicly available; and (iv) Zillow's common

2    stock is covered by certain analysts.

3    256.    The allegations contained in paragraph 256 of the CC state legal conclusions to

4    which no response is required. To the extent a response is required, Defendants deny the

5    allegations contained in paragraph 256 of the CC.

6    257.    The allegations contained in paragraph 257 of the CC state legal conclusions to

7    which no response is required. To the extent a response is required, Defendants deny the

8    allegations contained in paragraph 257 of the CC.

9    X.    **CLASS ACTION ALLEGATIONS**

10   258.    The allegations contained in paragraph 258 of the CC state legal conclusions to

11   which no response is required. To the extent a response is required, Defendants admit that the CC

12   purports to be brought on behalf of purchasers of Zillow common stock between August 5, 2021

13   and November 2, 2021. Defendants deny the remaining allegations contained in paragraph 258 of

14   the CC.

15   259.    The allegations contained in paragraph 259 of the CC state legal conclusions to

16   which no response is required. To the extent a response is required, Defendants admit that Zillow's

17   common stock trades on Nasdaq. Defendants deny the remaining allegations contained in

18   paragraph 259 of the CC.

19   260.    The allegations contained in paragraph 260 of the CC state legal conclusions to

20   which no response is required. To the extent a response is required, Defendants deny the

21   allegations contained in paragraph 260 of the CC.

22   261.    The allegations contained in paragraph 261 of the CC state legal conclusions to

23   which no response is required. To the extent a response is required, Defendants deny the

24   allegations contained in paragraph 261 of the CC.

25

26

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 45

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

262.    The allegations contained in paragraph 262 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 262 of the CC.

263.    The allegations contained in paragraph 263 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 263 of the CC.

## XI.    CLAIMS BROUGHT PURSUANT TO THE EXCHANGE ACT

### COUNT I

### FOR VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND SEC RULE 10b-5 PROMULGATED THEREUNDER (AGAINST ALL DEFENDANTS)

264.    Defendants repeat each of the above responses as if fully set forth herein.

265.    The allegations contained in paragraph 265 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 265 of the CC.

266.    The allegations contained in paragraph 266 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 266 of the CC.

267.    The allegations contained in paragraph 267 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 267 of the CC.

268.    The allegations contained in paragraph 268 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 268 of the CC.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 46

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

269.     The allegations contained in paragraph 269 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 269 of the CC.

270.     The allegations contained in paragraph 270 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 270 of the CC.

271.     The allegations contained in paragraph 271 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 271 of the CC.

272.     The allegations contained in paragraph 272 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 272 of the CC.

273.     The allegations contained in paragraph 273 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 273 of the CC.

274.     The allegations contained in paragraph 274 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 274 of the CC.

## COUNT II

### FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT
### (AGAINST THE EXECUTIVE DEFENDANTS)

275.     Defendants repeat each of the above responses as if fully set forth herein.

276.     The allegations contained in paragraph 276 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 276 of the CC.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 47

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

277.     The allegations contained in paragraph 277 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 277 of the CC.

278.     The allegations contained in paragraph 278 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 278 of the CC.

279.     The allegations contained in paragraph 279 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 279 of the CC.

280.     The allegations contained in paragraph 280 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 280 of the CC.

281.     The allegations contained in paragraph 281 of the CC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 281 of the CC.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the requested relief.

## JURY DEMAND

Plaintiff's jury demand is Plaintiff's characterization of its own allegations to which no response is required.

## AFFIRMATIVE DEFENSES

1.     As separate and distinct affirmative defenses, Defendants allege as follows. By alleging the matters set forth below as "Affirmative Defenses," Defendants do not thereby allege or admit that Defendants have the burden of proof or the burden of persuasion with respect to any of these matters. Furthermore, Defendants hereby give notice that they intend to rely upon such other further defenses and claims of avoidance as may become available or apparent during pretrial

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 48

Skadden, Arps, Slate, Meagher &
Flom, LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

proceedings in this action and hereby reserve their rights to amend their Answer and assert all such defenses.

2.    This action is barred, in whole or in part, because the CC fails to state a claim upon which relief can be granted against Defendants.

3.    This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the CC under the safe harbor provisions of the PSLRA, 15 U.S.C. § 77z-2, and/or the bespeaks caution doctrine, where certain statements were identified as forward-looking statements and accompanied by meaningful cautionary language and/or were made without actual knowledge of their falsity.

4.    This action is barred, in whole or in part, because certain statements complained of in the CC are non-actionable statements of puffery.

5.    This action is barred, in whole or in part, because certain statements complained of in the CC are non-actionable statements of opinion.

6.    This action is barred, in whole or in part, because the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiff and the putative class are not entitled to any recovery because the substance of the allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in Zillow's public filings, disclosures, and announcements, those of third parties, in the documents referenced in the CC, and/or from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

7.    This action is barred, in whole or in part, because Plaintiff or putative class members were comparatively and/or contributorily negligent in that they had actual knowledge of the facts alleged to have been misrepresented or omitted, such lack of knowledge was the product of Plaintiff's and putative class members' negligence, and this negligence was a cause-in-fact and proximate cause of any alleged damages.

8.    This action is barred, in whole or in part, because Plaintiff and members of the

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 49

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

putative class purchased the securities referenced in the CC with actual or constructive knowledge of the risks involved in an investment in Zillow securities, and the risks involved with Zillow's business and operations, and thus assumed the risk that the value of the securities referenced in the CC would decline if such risks materialized.

9.   This action is barred, in whole or in part, because the fraud on the market theory does not apply.

10.   This action is barred, in whole or in part, because Defendants were not the actual or proximate cause of any injury to Plaintiff or members of the putative class and/or there are intervening and superseding causes of the alleged harm, if any, suffered by Plaintiff or putative class members.

11.   This action is barred, in whole or in part, because at all relevant times Plaintiff and members of the putative class did not rely on any material misrepresentations or omissions, or on the market price or on the integrity of the market as purportedly affected by any alleged misrepresentations or omissions, in purchasing Zillow securities.

12.   This action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

13.   This action is barred, in whole or in part, because Plaintiff and/or members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

14.   This action is barred, in whole or in part, because Plaintiff and/or members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

15.   Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(3)(A).

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 50

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

16.     Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is subject to offset, including but not limited to with respect to any tax benefits actually received by Plaintiff and putative class members through their investments.

17.     Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited by the PSLRA's limitation on damages, 15 U.S.C. § 78u-4(e).

18.     With respect to Plaintiff's claims under Section 20(a) of the Exchange Act, the 20(a) defendants acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 51

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1   WHEREFORE, Defendants respectfully request that the Corrected Consolidated Class

2   Action Complaint be dismissed with prejudice and that the Court award Defendants their costs and

3   attorneys' fees incurred herein and any other relief deemed just and proper.

4

5   DATED: January 23, 2023

6                                                    By:     /s/ Peter B. Morrison
                                                     Peter B. Morrison (admitted pro hac vice)
7                                                    Virginia F. Milstead (admitted pro hac vice)
                                                     Winston Hsiao (admitted pro hac vice)
8                                                    Raza Rasheed (admitted pro hac vice)
                                                     **SKADDEN, ARPS, SLATE, MEAGHER**
9                                                    **& FLOM, LLP**
                                                     300 South Grand Avenue, Suite 3400
10                                                   Los Angeles, CA 90071
                                                     Telephone: (213) 687-5000
11                                                   Facsimile: (213) 521-5000
                                                     Peter.Morrison@skadden.com
12                                                   Virginia.Milstead@skadden.com
                                                     Winston.Hsiao@skadden.com
13                                                   Raza.Rasheed@skadden.com

14

15                                                   By:     /s/ Sean C. Knowles
                                                     Sean C. Knowles, WSBA No. 39893
16                                                   **PERKINS COIE LLP**
                                                     1201 Third Avenue, Suite 4900
17                                                   Seattle, WA 98101
                                                     Telephone: (206) 359-8000
18                                                   Facsimile: (206) 359-9000
                                                     SKnowles@perkinscoie.com
19

20                                                   *Attorneys for Defendants*
                                                     *Zillow Group, Inc., Richard Barton,*
21                                                   *Allen Parker, and Jeremy Wacksman*

22

23

24

25

26

ANSWER TO THE CORRECTED
CONSOLIDATED CLASS ACTION
COMPLAINT
(No. 2:21-cv-01551-TSZ) – 52

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000