The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMY JAEGER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC., et al.,<br><br>Defendants. | No. 2:21-cv-01551-TSZ<br><br>CLASS ACTION<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER
Case No. 2:21-cv-01551-TSZ



Lead Plaintiff Jeremy Jaeger and Defendants Zillow Group, Inc., Richard Barton, Allen Parker, and Jeremy Wacksman (collectively, "Defendants") jointly stipulate and agree to the entry of a protective order as described below:

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" MATERIAL</u>

Plaintiff believes that "Confidential" material is likely to include the following documents and tangible things produced or otherwise exchanged containing or regarding:

- Plaintiff's Financial Information, such as account statements, which reflect account numbers, personal identifiable information ("PII"), or income or assets not relevant to the Zillow transactions.
- Plaintiff's transactions regarding Zillow securities to the extent the document reflects Lead Plaintiffs' financial information (*e.g.*, trade confirmations).

Defendants believe that "Confidential" material is likely to include the following documents and tangible things produced or otherwise exchanged containing or regarding:

- Computer programming codes, algorithms, software, or hardware.
- Customer lists and customer information.
- Internal financial, tax, and accounting data and records.
- Proprietary business processes, including but not limited to pricing methodologies and operational processes.

STIPULATED PROTECTIVE ORDER – 1
Case No. 2:21-cv-01551-TSZ



- Marketing plans and non-public market research performed by a party, or by a third party, on its behalf.
- Confidential business communications, including contracts and contract negotiations.
- Documents containing personal identifying information.
- Documents containing non-public, confidential information of third parties.
- Non-public business or strategy plans or forecasts.
- Non-public product or service plans, including documents reflecting non-public research or development of future products or services.
- Intellectual property or trade secrets.

"Attorneys' Eyes Only" ("AEO") material shall include extremely sensitive "Confidential" information or material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

Notwithstanding the above examples, the Parties nevertheless retain the right to challenge the designation of specific documents or categories of documents regardless of whether they are included in either Party's list of likely Confidential materials.

3. SCOPE

The protections conferred by this agreement cover not only Confidential material and AEO material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL AND AEO MATERIAL

4.1 Basic Principles. A receiving party may use Confidential material or AEO material that is produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material and AEO material may be disclosed only to the categories of persons and under the conditions described in



1  this agreement. Confidential and AEO material must be stored and maintained by a receiving party
2  at a location and in a secure manner that ensures that access is limited to the persons authorized
3  under this agreement.

4      4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered
5  by the Court or permitted in writing by the designating party, a receiving party may disclose any
6  confidential material only to:

7      (a)    the receiving party's counsel of record in this action, as well as employees
8  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

9      (b)    the receiving party, and the officers, directors, and employees of the
10  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties
11  agree that a particular document or material produced is for Attorney's Eyes Only and is so
12  designated;

13      (c)    experts and consultants and any staff assisting them, to whom disclosure is
14  reasonably necessary for this litigation and who have signed the "Acknowledgment and
15  Agreement to Be Bound" (Exhibit A);

16      (d)    the Court, court personnel, and court reporters and their staff;

17      (e)    copy or imaging services retained by counsel to assist in the duplication of
18  confidential material, provided that counsel for the party retaining the copy or imaging service
19  instructs the service not to disclose any confidential material to third parties and to immediately
20  return or destroy all originals and copies of any confidential material once its work is completed;

21      (f)    during their depositions, witnesses in the action to whom disclosure is
22  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
23  (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court;

24      (i)    Pages of transcribed deposition testimony or exhibits to depositions
25 that reveal confidential material must not be disclosed to anyone except as permitted under this agreement;

26      (g)    the author or recipient of a document containing the information or a
27  custodian or other person who otherwise possessed or knew the information;

28

STIPULATED PROTECTIVE ORDER – 3
Case No. 2:21-cv-01551-TSZ



1  (h) Stenographers engaged to transcribe depositions conducted in this action;

2  (i) litigation support vendors retained by counsel of record for the parties to
3  assist in preparing for pretrial discovery, trial, and/or hearings in this action, and their staff;

4  (j) jury or trial consultants and mock jurors, provided they have signed the
5  "Acknowledgment and Agreement to be Bound" (Exhibit A);

6  (k) any other persons as ordered by the Court or to whom the designating party
7  has granted written consent;

8  (l) any mediator or settlement officer, and their supporting personnel, mutually
9  agreed upon by the parties engaged in settlement discussions; and

10  (m) insurers for any party to the extent reasonably necessary for the performance
11  of their work associated with the litigation

12  4.3  Disclosure of "Attorneys' Eyes Only" Information or Items. Unless otherwise
13  ordered by the court or permitted in writing by the designating party, a receiving party may disclose
14  any AEO material only to:

15  (a) the receiving party's counsel of record in this action, as well as employees
16  of counsel who are actively involved in the Proceedings and are not employees of any Party;

17  (b) the receiving party's in housel counsel, to whom disclosure is reasonably
18  necessary for this litigation;

19  (c) experts and consultants and any staff assisting the receiving party's counsel
20  of record, to whom disclosure is reasonably necessary for this litigation, who have signed the
21  "Acknowledgment and Agreement to Be Bound" (Exhibit A). It shall be the obligation of counsel,
22  upon learning of any breach of this Protective Order by any such expert or expert consultant, to
23  promptly notify counsel for the Designating Party or non-Party of such breach;

24  (d) the court, court personnel, and court reporters and their staff;

25  (e) copy or imaging services retained by counsel to assist in the duplication of
26  AEO material, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).
27  It shall be the obligation of counsel, upon learning of any breach of this Protective Order by any
28  such service, to promptly notify counsel for the Designating Party or non-Party of such breach.



Counsel must instruct the service to immediately return or destroy all originals and copies of any AEO material after its work is completed;

      (f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

            (i)      Pages of transcribed deposition testimony or exhibits to depositions that reveal AEO material may not be disclosed to anyone except as permitted under this agreement

      (g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

      (h)      Stenographers engaged to transcribe depositions conducted in this action,

      (i)      litigation support vendors retained by counsel of record for the parties to assist in preparing for pretrial discovery, trial and/or hearings in this action, and their staff;

      (j)      jury or trial consultants and mock jurors, provided they have signed the "Acknowledgment and Agreement to be Bound";

      (k)      any other persons as ordered by the Court or to whom the designating party has granted written consent;

      (l)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions; and

      (m)      insurers for any party to the extent reasonably necessary for the performance of their work associated with the litigation.

      (n)      all Court filings and submissions to the mediator (both draft and final) may be disclosed to Plaintiff, regardless of whether they contain information or items designated by Defendants as "Attorneys' Eyes Only," although Plaintiff's counsel will make best reasonable efforts to avoid disclosing specific AEO information or documents contained in those filings and submissions unless Plaintiff's counsel determines it is reasonably necessary to do so to properly represent and/or advise Plaintiff. Moreover, nothing in this Stipulation shall be construed to prevent Plaintiff's Counsel from discussing the strengths and weaknesses of this action with

STIPULATED PROTECTIVE ORDER – 5
Case No. 2:21-cv-01551-TSZ



Plaintiff. Counsel for the Parties also agree to meet and confer regarding AEO designations and disclosure to Parties, if case conditions render such disclosure appropriate.

4.4   **Filing Confidential Material or AEO Material**. Before filing confidential material or AEO material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether (1) the designating party will remove the confidential designation; (2) whether the document can be redacted; or (3) whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. To that end, the filing party will use best efforts to provide the designating party a Bates number list of documents marked Confidential or "AEO" material that the filing party intends to file, as soon as practicable but no later than three (3) business days before filing. The designating party will use best efforts to provide its position on the confidentiality of such documents as soon as practicable but no later than one (1) business day before filing. The parties agree to discuss in good faith reasonable deviations from the described timing of the procedure on an ad hoc basis, depending on the particular circumstances of that filing.

Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.   DESIGNATING PROTECTED MATERIAL

5.1   **Exercise of Restraint and Care in Designating Material for Protection**. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,



1   documents, items, or oral or written communications that qualify, so that other portions of the
2   material, documents, items, or communications for which protection is not warranted are not swept
3   unjustifiably within the ambit of this agreement.

4   Mass, indiscriminate, or routinized designations are prohibited. Designations that are
5   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
6   unnecessarily encumber or delay the case development process or to impose unnecessary expenses
7   and burdens on other parties) expose the designating party to sanctions.

8   If it comes to a designating party's attention that information or items that it designated for
9   protection do not qualify for protection, the designating party must promptly notify all other parties
10  that it is withdrawing the mistaken designation.

11  5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
12  agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for
13  protection under this agreement must be clearly so designated before or when the material is
14  disclosed or produced.

15  (a)   <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and
16  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
17  the designating party must affix the word "CONFIDENTIAL" to each page that contains
18  Confidential material or "ATTORNEYS' EYES ONLY" to each page that contains AEO material.
19  If only a portion or portions of the material on a page qualifies for protection, the producing party
20  also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the
21  margins).

22  (b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties
23  and any participating non-parties must identify on the record, during the deposition or other pretrial
24  proceeding, all protected testimony, without prejudice to their right to so designate other testimony
25  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the
26  transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or
27  exhibits thereto, as confidential. If a party or non-party desires to protect confidential information
28  at trial, the issue should be addressed during the pre-trial conference.

STIPULATED PROTECTIVE ORDER – 7
Case No. 2:21-cv-01551-TSZ



        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good-faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good-faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

STIPULATED PROTECTIVE ORDER – 8  
Case No. 2:21-cv-01551-TSZ



made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

Nothing in this Order shall be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court, and nor shall any provisions of this order be construed as preventing a party from disclosing confidential information in response to a lawfully issued subpoena, civil investigative demand, court order, or other compulsory process in connection with another litigation. The designating party shall bear the burden and expense of seeking to protect its confidential information from disclosure in response to a subpoena, civil investigation demand or court order issued in another action that calls for any receiving party to produce such materials.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material or AEO material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE  (206) 623-0594 FAX

material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy all Confidential material or AEO material to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain a limited amount of archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    Dated:  February 6, 2023                HAGENS BERMAN SOBOL SHAPIRO LLP

3                                            By: /s/ *Steve W. Berman*
                                             Steve W. Berman (WSBA No. 12536)
4                                            By: /s/ *Catherine Y. N. Gannon*
                                             Catherine Y. N. Gannon (WSBA No. 47664)
5                                            1301 Second Avenue, Suite 2000
                                             Seattle, WA 98101
6                                            Telephone: (206) 623-7292
                                             Facsimile:   (206) 623-0594
7                                            Email: steve@hbsslaw.com
                                             Email: catherineg@hbsslaw.com
8

9
                                             HAGENS BERMAN SOBOL SHAPIRO LLP
10                                           Reed R. Kathrein (pro hac vice)
                                             Lucas E. Gilmore (pro hac vice)
11                                           715 Hearst Avenue, Suite 300
                                             Berkeley, CA 94710
12                                           Telephone: (510) 725-3000
                                             Facsimile: (510) 725-3001
13                                           Email: reed@hbsslaw.com
                                             Email: lucasg@hbsslaw.com
14

15
                                             *Lead Counsel for Lead Plaintiff Jaeger*
16

17   Dated:  February 6, 2023                KESSLER TOPAZ MELTZER & CHECK, LLP

18
                                             By: /s/ *Stacey M. Kaplan*
19                                           Stacey M. Kaplan (pro hac vice)
                                             One Sansome Street, Suite 1850
20                                           San Francisco, CA 94104
                                             Telephone: (415) 400-3000
21                                           Facsimile:  (415) 400-3001
                                             Email: skaplan@ktmc.com
22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER – 11
Case No. 2:21-cv-01551-TSZ



| | | |
|---|---|---|
| 1 | Dated:  February 6, 2023 | PERKINS COIE LLP |
| 2 | | By: */s/ Sean C. Knowles* |
| | | Sean C. Knowles, WSBA No. 39893 |
| | | PERKINS COIE LLP |
| | | 1201 Third Avenue, Suite 4900 |
| | | Seattle, WA 98101 |
| | | Telephone: (206) 359-8000 |
| | | Facsimile: (206) 359-9000 |
| | | SKnowles@perkinscoie.com |
| | | |
| | Dated:  February 6, 2023 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | | |
| | | By: */s/ Peter B. Morrison* |
| | | Peter B. Morrison (pro hac vice) |
| | | Virginia F. Milstead (pro hac vice) |
| | | Winston Hsiao (pro hac vice) |
| | | Raza Rasheed (pro hac vice) |
| | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP |
| | | 300 South Grand Avenue, Suite 3400 |
| | | Los Angeles, CA 90071 |
| | | Telephone: (213) 687-5000 |
| | | Facsimile: (213) 521-5000 |
| | | Peter.Morrison@skadden.com |
| | | Virginia.Milstead@skadden.com |
| | | Winston.Hsiao@skadden.com |
| | | Raza.Rasheed@skadden.com |
| | | |
| | | *Attorneys for Defendants Zillow Group, Inc., Richard Barton, Allen Parker, and Jeremy Wacksman* |

STIPULATED PROTECTIVE ORDER – 12
Case No. 2:21-cv-01551-TSZ



PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: July 7, 2023

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Jaeger v. Zillow Group Inc.*, 2:21-cv-01551-TSZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX