The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| JEREMY JAEGER, on behalf of himself and all others similarly situated, | No. 2:21-cv-01551-TSZ |
| Plaintiff, | **LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |
| v. | **NOTE ON MOTION CALENDAR**: July 26, 2024 |
| ZILLOW GROUP, INC., et al., | |
| Defendants. | |

**[REDACTED VERSION]**



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Lead Plaintiff Jeremey Jaeger, by and through his attorneys, respectfully request that this Court grant him leave to file a First Amended Consolidated Class Action Complaint[1] under Federal Rule of Civil Procedure 15(a) and this Court's Scheduling Order.[2]

With the proposed amendment, Lead Plaintiff seeks to expand the Corrected Consolidated Class Action Complaint (ECF No. 71) ("Operative Complaint") in only one substantive way. Specifically, Lead Plaintiff seeks to add the new allegations that Defendants, through Zillow's October 18, 2021 press release announcing an acquisition pause—an event already alleged and sustained as a partial corrective disclosure in this action—also made further false and misleading statements, further concealed material information, and further engaged in misconduct.

Beyond that sole expansion, the proposed amendment's remaining changes seek to clarify the scope of Lead Plaintiff's existing allegations, by, among other things:

- Striking a false statement rejected by this Court in its December 7, 2022 Order (ECF No. 97) (granting in part and denying in part Defendants' Motion to Dismiss);

- Removing an October 4, 2021 analyst report as a pled corrective disclosure, *see* Lead Plaintiffs' Reply in Support of Motion for Class Certification at n.18 (ECF. No. 121);

- Supplementing the Operative Complaint's allegations regarding Zillow's use of overlays, increases in demand, renovations cuts, and Defendants' involvement and knowledge thereof—supported in part by accounts provided by former Zillow employees—with a handful of corroborating, exemplary documents produced by Defendants; and

- Fixing ambiguous language and typographical errors.

---

[1] Clean and redlined copies of the proposed First Amended Consolidated Class Action Complaint are attached to the Declaration of Steve W. Berman filed concurrently herewith as Exhibits A and B, respectively.

[2] Order Granting Stipulated Motion to Amend Scheduling Order (ECF No. 120) (setting July 5, 2024 as the deadline for seeking leave to amend the complaint).

LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 1
No. 2:21-cv-01551-TSZ

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

As shown in the redlined version of the proposed pleading, the proposed amendment is narrowly tailored. *See* Exhibit B. Indeed, beyond adding October 18 as a false statement event, the proposed amendment is not intended to upend or alter any of Lead Plaintiff's previously alleged facts or sustained legal theories. The proposed amendment is intended to be additive.

Moreover, the proposed amendment will not unduly prejudice Defendants or push back key case deadlines. The additive aspects of the proposed amendment—including the October 18 press release—are already discussed or referenced in detail in the Operative Complaint and are already within the current scope of party discovery. Accordingly, Lead Plaintiff believes that the proposed amendment, including the newly pled false statement, will add little, if any, undue burden to the parties' pre-trial efforts. The proposed amendment, however, will provide this Court and the observing public—including absent class members—a more accurate picture of the claims at stake in this case.

Under Federal Rule of Civil Procedure 15, courts are encouraged to "freely give leave [to amend] when justice so requires." In this spirit of this Rule, protecting the putative Class's interests, and given the lack of prejudice to Defendants, the Court should grant Lead Plaintiff's motion and grant him leave to file the First Amended Consolidated Class Action Complaint.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Under Rule 15(a)(2), "the court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has interpreted this Rule as a pro-amendment policy to be "applied with 'extreme liberality.'"[3] Accordingly, district courts resolve motions for leave to amend "with all inferences in favor of granting the motion."[4]

In deciding whether to grant leave to amend, courts generally consider four factors that could weigh against the otherwise favorable presumptive policy towards granting leave: (1) bad

---

[3]    *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

[4]    *Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *Leighton*, 833 F.2d at 186).

LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 2
No. 2:21-cv-01551-TSZ

faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of further amendment.[5] Though there are four factors, the most consequential factor is prejudice to the opposing party.[6] When there's no showing of prejudice, there is a presumption in favor of granting amendment.[7] None of these factors weigh against amendment here.

**A.    The Proposed Amendment Serves Justice and the Efficient Administration of These Proceedings.**

As discussed above, the proposed amendment seeks to add specificity and precision to this class action, which will ultimately aid in a more effective adjudication of the issues at hand.

Through discovery, Lead Plaintiff has learned additional information about (i) Zillow Offers' operations; (ii) its policies, initiatives, and managerial decisions in 2021; and (iii) Defendants' involvement therein, which speak not only to the false and misleading nature of Defendants' public statements during the Class Period, but also their scienter. This includes what Defendants knew or recklessly disregarded on or before October 18, 2021. As is common in litigation, Lead Plaintiff has begun incorporating these newly discovered facts into his legal theories, case strategies, and his discussions with experts.[8] Lead Plaintiff also plans to incorporate these newly learned facts in future settlement discussions with Defendants.

To that end, the proposed amendment aims to expand the contours of this case in only one dimension. Specifically, the proposed amendment seeks to allege that Zillow's October 18, 2021 press release, which is already alleged in the Operative Complaint as a partial corrective disclosure, also contained false and misleading statements which further misled investors and concealed material information. That October 18, 2021 press release announced that Zillow was pausing acquisitions, including that: "[d]ue to a backlog in renovations and operational capacity constraints," Zillow Offers "will not sign any new, additional contracts to buy homes through the

---

[5]   *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[6]   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[7]   *Id.*
[8]   *Cf.* Fed. R. Civ. P. 15(b)(1) (concerning amendments during trial to conform pleadings with the evidence "when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits").

LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 3
No. 2:21-cv-01551-TSZ

end of the year."[9] The press release further characterized the acquisition strategy as a "paus[e]," a characterization which analysts echoed in their reports.[10]

The proposed amendment does not seek to change in any way the Operative Complaint's prior claim that the October 18 press release was partially corrective. Instead, it simply adds that the October 18, 2021 press release *also* contained false and misleading statements and/or concealed the greater truth. While the release listed several purported reasons for the backlog and pause (e.g., external, macroeconomic factors), the release did not disclose that the backlog and pause also (allegedly) arose from *reasons already familiar to this Court*—*i.e.*, the alleged Zillow-specific initiatives to manipulate offers with overlays, reduce profitable work for contractors, and recklessly increase acquisitions volume.[11]

The proposed amendment thus adds specificity and clarity to the claims Lead Plaintiff intends to prosecute in this class action, which will ultimately aid in more effective adjudication of the issues at hand.

**B.    The Proposed Amendment Is Brought in Good Faith.**

Lead Plaintiff bring this motion in good faith and not for the purposes of delay or avoidance of any pending judicial decisions. In particular, Lead Plaintiff contends that nothing in the proposed amendment substantively affects the issues before the Court on the pending motion to certify: numerosity, commonality, typicality, adequacy, predominance (including as to the presumption of reliance and calculability of damages), and superiority. And there are no facts in

---

[9]    Operative Complaint ¶ 165.
[10]    *Id.* ¶¶ 221-225.
[11]    *See* MTD Order (ECF No. 97) at 4-5, 13, 18.

LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 4
No. 2:21-cv-01551-TSZ

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

the record or otherwise indicating that this Motion or surrounding considerations have been filed in bad faith.

## C.    The Proposed Amendment Is Timely.

This Motion is timely filed and will cause no undue delay.[12] As discussed above, the Court has set July 5, 2024 as the deadline for requesting leave to amend.[13] Under the schedule approved by this Court, after the amended pleading deadline, the next deadline is the completion of fact discovery, scheduled to end on November 20, 2024. After that, expert witness disclosures are due on December 6, 2024.

Lead Plaintiff contends the proposed amendment will not impact these or any other case deadlines. Nor should the proposed amendment materially expand the current scope of discovery, which already covers the October 18 announcement that Zillow was purportedly pausing acquisitions.

To the extent Defendants dispute these representations, the existence of a delay does not dispositively foreclose amendment.[14] To the contrary, the Ninth Circuit considers it is abuse of discretion to deny a motion to amend on grounds of delay alone.[15]

## D.    The Proposed Amendment Will Not Unduly Prejudice Defendants.

In opposing the proposed amendment, Defendants bear the burden of demonstrating prejudice.[16]

Prejudice occurs—for instance—when parties do not receive adequate time to "pursue and preserve the facts relevant to various avenues of defense" of the suit.[17] That is not the case with the October 18 press release, which is already at issue in this litigation.

---

[12]   *See Leighton*, 833 F.2d at 187.
[13]   Order Granting Stipulated Motion to Amend Scheduling Order (ECF No. 120).
[14]   *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).
[15]   *Id.*
[16]   *See Leighton*, 833 F.2d at 187; *Chen v. Sur La Table, Inc.*, 655 F. Supp. 3d 1082, 1094 (W.D. Wash. 2023).
[17]   *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F. 2d 1397, 1400 (9th Cir. 1984).

LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 5
No. 2:21-cv-01551-TSZ

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

The non-amending parties can also claim potential prejudice based on the amendment's effect on discovery.[18] However, the "mere prospect of additional discovery is insufficient" to show prejudice: "prejudice must be undue and related to timing."[19] Here, both the October 18, 2021 press release and the broader subject of Zillow's purported acquisitions "pause" already fall within the scope of the parties' discovery, including negotiated search terms. The proposed amendment therefore should not prolong or require significant discovery beyond what is already contemplated by the parties. Furthermore, the proposed amendment does not deprive Defendants of any opportunities in its ability to obtain discovery relevant to its defenses.

The proposed amendment does not impose undue prejudice.

**E.    The Proposed Amendment Is Not Futile.**

A proposed amendment is futile when the allegations—presumed true under the familiar *Iqbal* and *Twombly* pleading standards—still fail to state a claim as a matter of law.[20] Otherwise, the plaintiff "ought to be afforded an opportunity to test his claim[s] on the merits."[21]

The proposed amendment's new claims are not futile. Lead Plaintiff intends to allege that the October 18 press release was false or misleading, in part, for reasons already sustained by this Court with respect to Lead Plaintiff's other alleged false statements—*i.e.*, the October 18 release concealed that the announced backlogs and acquisitions pause were due, in part, to Zillow's

---

[18]    *Newton v. Am. Debt Servs., Inc.*, 2013 WL 5592620, at *15 (N.D. Cal. Oct. 10, 2013); *Lochridge v. City of Tacoma*, 315 F.R.D. 596, 600 (W.D. Wash. 2014) (holding that granting leave to amend that required additional fact discovery, a new case schedule, and a delayed trial would be unduly prejudicial).

[19]    *Newton*, 2013 WL 5592620, at *15 (N.D. Cal. Oct. 10, 2013); *see also Abad v. Waste Connections, Inc.*, 2013 WL 1163982, at *2 (C.D. Cal. Mar. 20, 2013) ("additional discovery alone is [not] sufficient prejudice").

[20]    *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622-23 (9th Cir. 2004); *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (amendment is futile only when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim"); *Luken v. Christenson Group Inc.*, 247 F. Supp. 3d 1158, 1162-63 (W.D. Wash. 2017); *Lochridge*, 315 F.R.D. at 600.

[21]    *Foman v. Davis*, 371 U.S. 178, 182 (1962).

LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 6
No. 2:21-cv-01551-TSZ

reliance on manual overlays and renovation cuts to increase acquisitions volume (which conflicted with representations about improved pricing models and durable operation improvements).[22]

Lead Plaintiff and Defendants have met and conferred telephonically and via email regarding these issues. While no resolution was reached before today, the parties intend to continue to meet and confer to narrow the issues in dispute, if any, raised by the proposed amendment. Lead Plaintiff will update the Court if a resolution is reached.

## II.    CONCLUSION

For these reasons, the Court should grant Lead Plaintiff's motion for leave to file the proposed First Amended Complaint.

DATED: July 5, 2024                                    HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
     Steve W. Berman, WSBA No. 12536
By: */s/ Catherine Y.N. Gannon*
     Catherine Y. N. Gannon, WSBA No. 47664
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: catherineg@hbsslaw.com

Reed R. Kathrein (*pro hac vice*)
Lucas E. Gilmore (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

Raffi Melanson (pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Lead Counsel for Lead Plaintiff Jaeger*

---

[22]    MTD Order (ECF No. 97) at 11-14.

LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 7
No. 2:21-cv-01551-TSZ

Stacey M. Kaplan (*pro hac vice*)
KESSLER TOPAZ MELTZER
 & CHECK, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
Email: skaplan@ktmc.com

Gregory M. Castaldo (*pro hac vice*)
Evan R. Hoey (*pro hac vice*)
KESSLER TOPAZ MELTZER
 & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: gcastaldo@ktmc.com
Email: ehoey@ktmc.com

*Additional Counsel for Lead Plaintiff Jaeger*

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 2,143 words, in compliance with the Local Civil Rules.

DATED: July 5, 2024                    */s/ Steve W. Berman*
                                        Steve W. Berman

LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND – 9
No. 2:21-cv-01551-TSZ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX