THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY JAEGER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ZILLOW GROUP, INC., RICHARD BARTON, ALLEN PARKER, AND JEREMY WACKSMAN,

Defendants.

No. 2:21-CV-01551-TSZ

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO SEAL**

**NOTE ON MOTION CALENDAR: AUGUST 23, 2024**

DEFENDANTS' RESPONSE TO LEAD
PLAINTIFF'S MOTION TO SEAL
(No. 2:21-cv-01551-TSZ)

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

**TABLE OF CONTENTS**

|  |  | **PAGE** |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 3 |
|  | A. Certification Of Meet And Confer | 3 |
|  | B. Zillow's Confidential Information | 3 |
| III. | AUTHORITY & ARGUMENT | 4 |
| IV. | CONCLUSION | 8 |

DEFENDANTS' RESPONSE TO LEAD
PLAINTIFF'S MOTION TO SEAL
(No. 2:21-cv-01551-TSZ) – i

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Bittitan, Inc. v. Skykick, Inc.*,
 No. C15-0754RSM, 2015 WL 12159149 (W.D. Wash. Aug. 14, 2015)..........................2, 6, 7

*Bund v. Safeguard Properties, LLC*,
 2017 U.S. Dist. LEXIS 103798 (W.D. Wash. July 5, 2017) ...............................................5, 6

*Clark v. Metropolitan Life Insurance Co.*,
 No. 3:08-cv-00158-LRH-VPC, 2010 WL 1006823 (D. Nev. Mar. 16, 2010)........................7

*Disney v. Walt Disney Co.*,
 No. Civ.A. 234-N, 2005 WL 1538336 (Del. Ch. June 20, 2005) ...........................................6

*Fairhaven Health, LLC v. Bio-Origyn, LLC*,
 No. 2:19-cv-01860-RAJ, 2023 WL 356453 (W.D. Wash. Jan. 23, 2023).......................4, 5, 7

*FTC v. Amazon.com, Inc.*,
 No. C14-1038-JCC, 2016 WL 4447049 (W.D. Wash. Aug. 24, 2016)....................................5

*Genuine Enabling Tech. LLC. v. Nintendo Co.*,
 No. C19-00351-RSM, 2020 WL 4366181 (W.D. Wash. July 30, 2020) ................................5

*Houserman v. Comtech TeleCommunications Corp.*,
 No. 2:19-cv-00644-RAJ, 2021 WL 54766 (W.D. Wash. Jan. 6, 2021) ..................................4

*In re Midland National Life Insurance Co. Annuity Sales Practices Litigation*,
 686 F.3d 1115 (9th Cir. 2012) ...............................................................................................4

*Kamakana v. City & County of Honolulu*,
 447 F.3d 1172 (9th Cir. 2006) ...........................................................................................1, 4

*Moussouris v. Microsoft Corp.*,
 No. 15-cv-1438 JLR, 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018)................................7

*Nixon v. Warner Communications, Inc.*,
 435 U.S. 589 (1978)...............................................................................................................5

*PTP OneClick, LLC v. Avalara, Inc.*,
 No. C19-0640JLR, 2019 WL 6213167 (W.D. Wash. Nov. 21, 2019) ...................................5

*Riverside Publishing Co. v. Mercer Publishing LLC*,
 No. C11-1249RAJ, 2013 WL 1346589 (W.D. Wash. Apr. 3, 2013) ......................................5

*Universal Life Church Monastery Storehouse v. American Marriage Ministries*,
 No. C19-0301RAJ, 2022 WL 971561 (W.D. Wash. Mar. 31, 2022).............................1, 4, 5

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

*Vance v. Amazon.com, Inc.*,
No. C20-1084JLR, 2022 WL 2905926 (W.D. Wash. July 22, 2022) ................................. 2, 5

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

In response to Lead Plaintiff's Motion To Seal (ECF No. 122, the "Motion"), Defendants Zillow Group, Inc. ("Zillow" or the "Company"), Richard Barton, Allen Parker, and Jeremy Wacksman (collectively, "Defendants") respectfully request that the Court grant the Motion and maintain under seal the following documents: (1) Lead Plaintiff's Motion for Leave to Amend Complaint (ECF No. 123); (2) Exhibit A to the Declaration of Steve W. Berman in Support of Lead Plaintiff's Motion for Leave to Amend Complaint (clean copy of the proposed First Amended Consolidated Class Action Complaint) (ECF No. 124-1); (3) Exhibit B to the Declaration of Steve W. Berman in Support of Lead Plaintiff's Motion for Leave to Amend Complaint (redlined copy of the proposed First Amended Consolidated Class Action Complaint) (ECF No. 124-2); and (4) First Amended Consolidated Class Action Complaint (the "Amended Complaint" or the "AC") (ECF No. 134).[1]

## I.      **INTRODUCTION**

With this Motion, the parties seek the Court's permission to keep the Amended Complaint filed under seal, with a redacted version of the Amended Complaint already filed on August 16, 2024. (ECF No. 135.) The redacted version redacts only ***23 paragraphs of the 91-page, 293-paragraph*** Complaint because those portions describe Zillow's proprietary home valuation models (still being used today in Zillow's "Zestimate"), internal strategy discussions, and confidential data and analyses that could impact Zillow if publicly disclosed. The very limited redactions proposed in this Motion plainly meet the Ninth Circuit and this Court's standards governing motions to seal.

---

[1] In response to the Court's minute order (ECF No. 133), Plaintiff, on August 16, 2024, filed the AC (ECF No. 134), and did so under seal pursuant to the pending Motion. The parties agree that per LCR 5(g)(2)(B), the pending Motion to Seal filed on July 5, 2024 (ECF No. 122) and the instant Response apply to both the AC previously filed as Exhibit A and B to the Berman Declaration (ECF Nos. 124-1, 124-2) and the identical AC filed on August 16, 2024 (ECF No. 134). To avoid duplicate filings, the parties are not filing an additional identical motion to seal the August 16, 2024 AC. Instead, it is Defendants' understanding that Plaintiff, when filing the AC under seal on August 16, linked the submission to ECF No. 122. For the Court's convenience, Defendants are concurrently submitting herewith a proposed order delineating all the documents which the parties seek to keep under seal.

| DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO SEAL (No. 2:21-cv-01551-TSZ) – 1 | **Skadden, Arps, Slate, Meagher & Flom, LLP** 300 South Grand Avenue, Ste. 3400 Los Angeles, CA 90071 Phone: (213) 687-5000 | **Perkins Coie LLP** 1201 Third Avenue, Suite 4900 Seattle, WA 98101-3099 Phone: (206) 359-8000 Fax: (206) 359-9000 |

*First*, Zillow has a legitimate private interest in the protection of its confidential and proprietary business information. The law is clear that the release of proprietary business information constitutes a "compelling reason" that is "sufficient to outweigh the public's interest in disclosure and justify sealing court records." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Universal Life Church Monastery Storehouse v. Am. Marriage Ministries*, 2022 WL 971561, at *2 (W.D. Wash. Mar. 31, 2022) (finding "compelling business reasons" to grant motion to seal).[2]

*Second*, and relatedly, Zillow may be injured without such relief. For example, Zillow still relies on its proprietary home valuation models in its generation of a "Zestimate" home value for the homes listed on its website. (Declaration of Sheryl Peacock ("Peacock Decl.") ¶ 4.) However, if confidential information regarding Zillow's home valuation models were released to the public, Zillow's competitors could leverage this information to undercut Zillow's relationships with customers or its product offerings. (*Id.* ¶ 5.) Courts in this district routinely seal documents when they contain business and proprietary interests that would harm the entity if publicly disclosed. *See, e.g.*, *Vance v. Amazon.com, Inc.*, 2022 WL 2905926, at *2 (W.D. Wash. July 22, 2022) (granting motion to seal because "the release of the information at issue could potentially harm Amazon's position in its industry").

*Third*, the parties' proposal—keeping an unredacted copy of the Amended Complaint under seal and filing a lightly-redacted version available to the public—strikes the appropriate balance between the public and private interest. Here, the parties seek to redact only 23 paragraphs of a 293-paragraph and 91-page Amended Complaint, and thus submit the least restrictive means possible to protect Zillow's confidential information. *See Bittitan, Inc. v. Skykick, Inc.*, 2015 WL 12159149, at *1 (W.D. Wash. Aug. 14, 2015) ("[T]o the extent the documents could be redacted, Plaintiff has publicly filed such redacted documents, allowing public access to the nature of the

---

[2] Unless otherwise noted, all emphases are added and all internal citations, quotation marks, and alterations are omitted for ease of reading.

DEFENDANTS' RESPONSE TO LEAD
PLAINTIFF'S MOTION TO SEAL
(No. 2:21-cv-01551-TSZ) – 2

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Reply and its supporting Declarations, while protecting the specific confidential information at issue in this motion.").

## II.   BACKGROUND

### A.   Certification Of Meet And Confer

Pursuant to LCR 5(g)(2)(B) and (1)(A), the Motion was filed before the Amended Complaint was filed, and is necessary because the Amended Complaint incorporates information that Zillow has designated confidential, sensitive, and proprietary during the discovery process. Pursuant to LCR 5(g)(3), Defendants' counsel met and conferred with counsel for Lead Plaintiff Jeremy Jaeger ("Plaintiff") over the phone on July 3, 2024, in an effort to reach agreement on the need to file the Amended Complaint under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal. (Motion at 1-2.) The parties have agreed on a method, proposed herein, to minimize the information to be sealed. (*Id*.) It is the parties' intent that, in the event this Motion is granted, an unredacted version of the AC be kept under seal (ECF No. 134), in addition to the already publicly-filed redacted version of the Amended Complaint, filed on August 16 (ECF No. 135).

### B.   Zillow's Confidential Information

The Amended Complaint centers around Zillow's operations and public statements concerning a past business segment known as Zillow Offers, which ended in 2021. However, the Amended Complaint includes new allegations that incorporate commercially sensitive information related to Zillow's proprietary home valuation models, internal strategy discussions, and confidential data and analyses. While Zillow Offers is no longer in operation, Zillow still relies on this information in running its business operations. (Peacock Decl. ¶ 4.) Accordingly, Defendants have redacted portions of the Amended Complaint that includes discussion of: (i) highly confidential consumer and market research related to Zillow's proprietary home valuation models and/or (ii) sensitive discussions relating to and/or revealing the inner workings and strategy-making process of Zillow and the metrics associated therewith. (*Id*. ¶ 3.) As noted, these redactions amount to 23

DEFENDANTS' RESPONSE TO LEAD
PLAINTIFF'S MOTION TO SEAL
(No. 2:21-cv-01551-TSZ) – 3

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

paragraphs of the 293-paragraph, 91-page Amended Complaint. (AC at 6-8, 11-13, 29-30, 33-37, 41, 53, 65-66 (¶¶ 19-22, 36-37, 40-41, 101-104, 112, 116, 119-123, 136, 177, 206-208).)

## III.   AUTHORITY & ARGUMENT

In the Ninth Circuit and this Court, when, as here, the parties are subject to a protective order, "a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal." LCR 5(g)(3)(B). The other party may then file a response complying with LCR 5(g)(3)(B), which requires:

> A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: i. the legitimate private or public interests that warrant the relief sought; ii. the injury that will result if the relief sought is not granted; and iii. why a less restrictive alternative to the relief sought is not sufficient.

*Id.* at 5(g)(3)(B). Alternatives to wholesale sealing, such as targeted redactions, are preferred. *See, e.g., id.* at 5(g)(1), 5(g)(3)(A).

"A party seeking to seal judicial records can overcome the strong presumption of public access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *see also Kamakana*, 447 F.3d at 1179–80 (same principle). To make this showing, pursuant to the Court's local rules, the proponent of a motion to seal must include an explanation of: (i) "the legitimate private or public interests that warrant the relief sought"; (ii) "the injury that will result if the relief sought is not granted"; and (iii) "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). Here, all three factors support granting the Motion.

***First***, Zillow has a legitimate private interest warranting the requested relief, namely, the protection of its commercially sensitive and proprietary business information. The law is clear that the release of proprietary business information constitutes a "compelling reason" that is "sufficient to outweigh the public's interest in disclosure and justify sealing court records." *Kamakana*, 447 F.3d at 1179; *see also Fairhaven Health, LLC v. Bio-Origyn, LLC*, 2023 WL 356453, at *1 (W.D. Wash. Jan. 23, 2023) ("The Court finds compelling reasons to GRANT the motion to seal in order to protect

DEFENDANTS' RESPONSE TO LEAD
PLAINTIFF'S MOTION TO SEAL
(No. 2:21-cv-01551-TSZ) – 4

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

the confidentiality of the parties' sensitive and proprietary business information."); *Universal Life*, 2022 WL 971561, at *2 (finding "compelling business reasons" to seal exhibits containing party's confidential website analytics); *Houserman v. Comtech TeleComms. Corp.*, 2021 WL 54766, at *3 (W.D. Wash. Jan. 6, 2021) ("The Court agrees that such confidential business strategy and compensation structures may be sealed to avoid harm from competitors.").

Here, the information proposed to be redacted from the public version of the Amended Complaint consists of commercially sensitive information regarding Zillow's proprietary home valuation models and highly confidential consumer and market research related thereto, and sensitive discussions relating to the inner workings of Zillow and the metrics associated therewith. (Peacock Decl. ¶ 3.) Public disclosure of this confidential and sensitive information would harm Zillow's competitive standing and reveal the internal mechanisms of its business operations to competitors. (*Id.* ¶ 5.) Filing under seal thus protects Zillow's legitimate business interests in protecting its trade secrets and confidential business information related to its home valuation models. *See Fairhaven Health*, 2023 WL 356453, at *1; *Universal Life*, 2022 WL 971561, at *2; *FTC v. Amazon.com, Inc.,* 2016 WL 4447049, at *2 (W.D. Wash. Aug. 24, 2016) ("[I]nformation regarding Amazon's specific refund rates, revenues, business strategies, and customer service practices is sensitive business information to which there is very little public interest.").

Conversely, the public does not have a legitimate interest in Zillow's confidential information sought to be sealed. The U.S. Supreme Court has established that the public's "right to inspect and copy judicial records is not absolute," and "has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978); *see also Bund v. Safeguard Props., LLC*, 2017 U.S. Dist. LEXIS 103798, at *9 (W.D. Wash. July 5, 2017) (granting motion to seal because "Safeguard's interest in protecting its confidential business information outweighs the public's interest in access to court files"). This is particularly true where disclosure of the confidential information is not necessary for the public to "understand [the] allegations." *Cf. Riverside Publ'g Co.*

DEFENDANTS' RESPONSE TO LEAD
PLAINTIFF'S MOTION TO SEAL
(No. 2:21-cv-01551-TSZ) – 5

**Skadden, Arps, Slate, Meagher &**
**Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

*v. Mercer Publ'g LLC*, 2013 WL 1346589, at *10 (W.D. Wash. Apr. 3, 2013). Here, although the Court may need to refer to the redacted information to evaluate the merits of Plaintiff's claims in the Amended Complaint, it is not necessary for the public to understand the nature of Plaintiff's claims or this action.

*Second*, Zillow will be competitively injured if the information is not redacted. Courts in this district routinely seal documents "when they contain business and proprietary interests that would harm the entity if publicly disclosed." *Vance*, 2022 WL 2905926, at *2 (granting motion to seal because "the release of the information at issue could potentially harm Amazon's position in its industry"); *see also Genuine Enabling Tech. LLC. v. Nintendo Co.*, 2020 WL 4366181, at *2 (W.D. Wash. July 30, 2020) (sealing exhibits "contain[ing] business and proprietary interests that would harm Nintendo if publicly disclosed"); *PTP OneClick, LLC v. Avalara, Inc.*, 2019 WL 6213167, at *3 (W.D. Wash. Nov. 21, 2019) (sealing exhibits "contain[ing] PTP's trade secrets, which PTP maintains as confidential, the disclosure of which would 'facilitate serious harm to PTP's business'"); *Bittitan*, 2015 WL 12159149, at *1 (sealing exhibits because they "contain information that is proprietary in nature, and, if released to the public, has the potential to harm the parties' positions in the industry").

Here, public disclosure of Zillow's confidential information would harm its competitive standing by revealing its proprietary home valuation models or the Company's inner workings to competitors. While this securities lawsuit pertains to Zillow's now-closed Zillow Offers business, the Company still relies on its proprietary information in its ongoing business operations. (Peacock ¶ 4.) For example, Zillow still uses its proprietary home valuation models to generate a "Zestimate" value for the homes currently listed on its website. (*Id*.) If information regarding Zillow's proprietary home valuation models were released to the public, Zillow could face competitive harm in the marketplace, as competitors could leverage this information to undercut Zillow's relationships with customers or its product offerings. (*Id*. ¶ 5.)

DEFENDANTS' RESPONSE TO LEAD
PLAINTIFF'S MOTION TO SEAL
(No. 2:21-cv-01551-TSZ) – 6

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Similarly, if sensitive discussions regarding business strategies, strategic planning, and internal business decision-making were publicly disclosed, Zillow's competitors could use that information to gain insights into Zillow's confidential business strategies and internal decision-making processes. (*Id.*) This justifies granting the parties' requested relief. *See Bund*, 2017 U.S. Dist. LEXIS 103798, at \*9 (granting motion to seal because "[d]isclosure of Safeguard's confidential documents and information would permit its competitors to unfairly duplicate Safeguard's processes, compete for its customers, and interfere with its business plan").

Indeed, courts have held that sealing of such information is warranted, not only simply to protect the disclosure of specific contents of deliberations and strategies, but to also avoid a potential chilling effect on *future* such internal deliberations and strategy-making that public disclosure may create. *See, e.g.*, *Disney v. Walt Disney Co.,* 2005 WL 1538336, at \*4 (Del. Ch. June 20, 2005) ("If any shareholder can make public the preliminary discussions, opinions, and assessments of board members and other high-ranking employees, it would surely have a chilling effect on board deliberations."); *Clark v. Metro. Life Ins. Co.,* 2010 WL 1006823, at \*1 (D. Nev. Mar. 16, 2010) (finding "compelling reasons for sealing" documents reflecting "confidential internal business deliberations, organization, and capabilities").

*Third*, filing a very narrowly redacted public copy of the Amended Complaint with an unredacted copy of the Amended Complaint under seal is the least restrictive option available. Courts in this district have approved this filing method as striking the appropriate balance between the public and private interest. *See Bittitan*, 2015 WL 12159149, at \*1 (approving same method because "to the extent the documents could be redacted, Plaintiff has publicly filed such redacted documents, allowing public access to the nature of the Reply and its supporting Declarations, while protecting the specific confidential information at issue in this motion"). Here, as noted, Defendants have redacted 23 paragraphs out of a 293-paragraph, 91-page complaint, and have done so only because those portions contain Zillow's sensitive non-public information. Thus, the parties have made the redactions as "narrowly tailored as possible in order to balance Defendants' interest in maintaining

DEFENDANTS' RESPONSE TO LEAD
PLAINTIFF'S MOTION TO SEAL
(No. 2:21-cv-01551-TSZ) – 7

**Skadden, Arps, Slate, Meagher &
Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

the confidentiality of business-related and proprietary information with the right of public access." *Fairhaven Health*, 2023 WL 356453, at *1; *see also Moussouris v. Microsoft Corp.*, 2018 WL 1159251, at *11 (W.D. Wash. Feb. 16, 2018) (allowing redactions where they were "narrowly tailored to protect its confidential product development information"), *report and recommendation adopted*, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018).

## IV.   CONCLUSION

For these reasons, Defendants respectfully request that this Court grant the Motion to Seal.

DATED: August 19, 2024

By:   */s/ Peter B. Morrison*
Peter B. Morrison (admitted pro hac vice)
Virginia F. Milstead (admitted pro hac vice)
Winston Hsiao (admitted pro hac vice)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile: (213) 521-5000
Peter.Morrison@skadden.com
Virginia.Milstead@skadden.com
Winston.Hsiao@skadden.com


By:   */s/ Sean C. Knowles*
Sean C. Knowles, WSBA No. 39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SKnowles@perkinscoie.com

*Attorneys for Defendants*
*Zillow Group, Inc., Richard Barton,*
*Allen Parker, and Jeremy Wacksman*

DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S MOTION TO SEAL (No. 2:21-cv-01551-TSZ) – 8

**Skadden, Arps, Slate, Meagher & Flom, LLP**
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071
Phone: (213) 687-5000

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000