The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY JAEGER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ZILLOW GROUP, INC., et al.,

Defendants.

No. 2:21-cv-01551-TSZ

**JOINT STATUS REPORT**

Pursuant to the Court's October 17, 2025, Minute Order (Dkt. 153), Lead Plaintiff Jeremy Jaeger, together with Defendants Zillow Group, Inc., Richard Barton, Allen Parker, and Jeremy Wacksman (the "Parties"), respectfully submit this Joint Status Report:

On August 23, 2024, the Court granted Plaintiff's Motion for Class Certification. Dkt. 137. On October 24, 2024, the Ninth Circuit granted Defendants' Federal Rule of Civil Procedure 23(f) petition seeking permission to appeal the Court's class certification order (the "Appeal"). Dkt. 147. On November 1, 2024, this Court sua sponte entered a stay of this action pending resolution of the Appeal (the "Stay Order"). Dkt. 149.

On September 26, 2025, the Ninth Circuit issued a decision affirming this Court's class certification order, and on January 6, 2026, it denied Defendants' petition for a panel rehearing

JOINT STATUS REPORT (No. 2:21-cv-01551-TSZ) – 1

and their petition for rehearing en banc. These orders resolved Defendants' Appeal, and therefore the case mandate was issued from the Ninth Circuit back to this Court on January 14, 2026.

### A.     Stay Order

The Parties met and conferred on January 21, 2026, and disagree as to the appropriateness of lifting the stay at this time.

Plaintiff's Position: This case has been pending since 2021, and class notice and discovery have been frozen since October 2024. Continuing the stay would prolong this litigation indefinitely without any showing that further delay is justified. The stay was entered solely because the Ninth Circuit granted Defendants' Rule 23(f) petition. Dkt. 149. That appeal has now concluded. With the basis for the stay gone, the case should move forward.

And yet, Defendants now seek to prolong the stay while they pursue a petition for certiorari. But a stay pending certiorari is an extraordinary remedy, not a procedural entitlement. It is also "not a matter of right," and here Defendants bear the burden of showing that the circumstances justify such relief. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). The most critical factors are a strong showing of likely success and irreparable harm. *Id.* at 434. Defendants satisfy neither factor.

First, Defendants cannot plausibly claim a meaningful likelihood of Supreme Court review. The Ninth Circuit's decision was unanimous, unpublished, fact-bound, and reviewed under the deferential abuse-of-discretion standard. Defendants then failed to obtain a rehearing, and ***no*** judge voted for en banc review. As Judge Pechman recently explained in a case where a defendant had also failed to secure an appellate panel rehearing or en banc review: "there is little likelihood that the petition for certiorari will be granted," and that the absence of ***any*** en banc votes is "a strong indication that the petition is unlikely to be taken up." *Ngethpharat v. State Farm Mut. Auto. Ins. Co.*, 2025 WL 672730, at *1–2 (W.D. Wash. Mar. 3, 2025). This case presents an even weaker basis for certiorari, as it falls squarely within the ordinary run of Rule 23(f) securities litigation appeals that have a less than one percent chance of reaching the Supreme Court.

Defendants also fail as to the second factor as they identify below no irreparable injury beyond the ordinary burdens of litigation. That is legally insufficient. *Nken*, 556 U.S. at 435; *Ngethpharat*, 2025 WL 672730, at *2 (holding that being required to litigate does not constitute

JOINT STATUS REPORT (No. 2:21-cv-01551-TSZ) – 2

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

hardship). By contrast, continued delay inflicts concrete and asymmetric harm on Plaintiffs and the class. As *Ngethpharat* emphasized, "further delay … does not serve the interest of justice and will inject yet more delay in this aging matter." *Id.*

Finally, Defendants' conduct further undermines their request. Had they believed a stay was warranted, they should have sought a stay of the mandate in the Ninth Circuit as it is "far better positioned" than the district court to determine whether a stay pending certiorari is appropriate. *Ngethpharat*, 2025 WL 672730, at *1. But Defendants chose not to do so here. Plaintiffs should not bear the consequences of that strategic choice.

On balance, the equities decisively favor lifting the stay. If certiorari is denied—as is overwhelmingly likely—the lost time cannot be recovered. If certiorari is granted—an extraordinary event—this Court retains full authority to address any resulting consequences. Continued suspension of proceedings on this record would serve neither judicial economy nor fairness.

*Defendants' Position*: Defendants believe that the stay should be extended through the resolution of Defendants' anticipated petition for writ of certiorari in the Supreme Court. The Appeal raises significant issues that affect securities litigation nationwide, and, notwithstanding Plaintiff's characterization of the currently anticipated certiorari petition as "weak[]," the Court need not pre-judge the merits of any petition in order to decide whether to extend the stay in this case. Nor, contrary to Plaintiff's suggestion, do Defendants need to meet what amounts to a preliminary injunction standard. District courts in the Ninth Circuit stay proceedings pending certiorari petitions because "a ruling on [a certiorari] petition has the potential to clarify and streamline the issues in this case with minimal hardship." *Puget Soundkeeper All. v. Port of Tacoma*, 2024 WL 4799761, at *1-2 (W.D. Wash. Nov. 15, 2024) (staying action where "[a]waiting a determination on the petition will clarify the issues and questions of law for this litigation" and plaintiff "will not have to wait long to see whether its prediction that Defendants' petition is 'futile' comes true"); *Bank of New York Mellon v. Blackrose Invs., LLC*, 2017 WL 11883465, at *1-2 (D. Nev. Apr. 12, 2017) (staying action to "permit the parties to present arguments and evidence in the context of complete and resolved precedent, and . . . allow [the

JOINT STATUS REPORT (No. 2:21-cv-01551-TSZ) – 3

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

court] to evaluate the claims in light of this legal authority"; finding "[a]ny possible damage that a stay may cause is minimal" where the "stay will be reasonably brief and is not indefinite").

Here, the Supreme Court's consideration of the issues to be raised in Defendants' currently anticipated certiorari petition has "the potential to be dispositive of this case or at least of discrete issues that it presents." *Deutsche Bank Nat'l Tr. Co. v. Copper Sands HOA*, 2017 WL 773863, at *2 (D. Nev. Feb. 28, 2017). Thus, extending the stay will prevent "unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be wasted—or at least prematurely spent—should the Supreme Court take up [the case]." *Id.* Further, any potential hardship or further delay would be minimal. *Murguia v. Langdon*, No. 2023 WL 6308325, at *3 (E.D. Cal. Sept. 28, 2023) ("After the nearly two-year delay between the district court's order and the issuance of the Ninth Circuit's mandate, a brief delay pending resolution of the petition for certiorari will not make a greater difference in witness' memories or the loss of evidence."); *Puget*, 2024 WL 4799761, at *1 (finding potential damage from stay pending certiorari petition "minimal and manageable"). Consequently, the most efficient course for both the Court and the Parties is to maintain the status quo, as the Court already recognized when it ordered the stay to remain in effect through the resolution of Defendants' en banc petition. (Dkt. 153.)

**B.      Class Notice Plan**

As for the class notice plan, at the time of the Stay Order, the Parties were days away from filing a proposed notice dissemination plan, long form class notice, summary class notice, postcard notice, class member opt-out form, and a declaration from the class notice administrator for the Court's review. Dkt. 146 at 2-3. Plaintiffs believe that class notice should proceed now that Defendants' Appeal has been resolved and that the class notice materials have already been prepared. Dkt. 149. Defendants believe that continuing with the preparation of a proposed class notice plan is premature until the currently anticipated certiorari petition is resolved.

**C.      Status of Discovery Prior to Stay**

Prior to the November 2024 Stay Order, the Parties were working cooperatively on completing discovery. Defendants substantially completed document production on January 29, 2024, having produced over 240,000 documents. This was followed by additional rolling

JOINT STATUS REPORT (No. 2:21-cv-01551-TSZ) – 4

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

productions to address various discovery issues raised by Plaintiff. Depositions commenced in July and August 2024 but were temporarily paused in September and October to allow the Parties to complete a targeted supplemental production for the reasons described in the September 26, 2024, Stipulated Motion to Amend Scheduling Order. Dkt. 144. The Parties were planning to restart depositions in November 2024, but these were cancelled due to the Stay Order.

Additionally, Zillow made a series of productions in November and December 2025 for the reasons described in the October 2025 Joint Status Report. Dkt. 152. The Parties also expect additional productions will be made over the next few months relating to the discovery issues described below.

### D.    Status of Discovery Disputes

At the time of the Stay Order, the Parties were negotiating responsiveness, burden, and scope related to five discovery issues: (1) outstanding Slack communications; (2) interim drafts from cloud-based documents; (3) outstanding video requests; (4) Zillow board of directors communications; and (5) privilege log entries. The Parties have worked cooperatively on all five issues and are close to resolving issues 1-3. The Parties will continue to meet and confer over issues related to (4) board of directors communications and (5) privilege log entries regardless of this Court's decision regarding the requested stay.

### E.    Anticipated Future Discovery

The Parties will continue to meet and confer over the next several weeks and agree to seek judicial resolution of any discovery disputes if the Parties remain at an impasse by the end of March. If a stay is not granted, the Parties expect to substantially complete this tranche of discovery by May 2026 and will proceed with taking approximately 10-15 fact depositions during the summer.

### F.    Mediation Developments

The Parties completed a mediation with Robert Meyer of JAMS on August 22, 2025. No agreement was reached.

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**G.      Proposed Schedule**

In the event the Court declines to extend the stay, the Parties propose the below case schedule, with Plaintiff's and Defendants' respective proposed deadlines in separate columns.

Plaintiff's Position: Defendants elected to pursue an interlocutory appeal that predictably halted progress in this case for more than fifteen months. While Defendants were entitled to seek appellate review, equity does not require that Plaintiffs absorb the full cost of that delay while Defendants emerge with the benefit of both the appellate pause and the original pre-appeal scheduling intervals. An accelerated schedule regarding future deadlines is therefore the most equitable way to account for the substantial appellate delay while preserving Defendants' full opportunity to litigate on the merits. In short, the case should move forward with urgency proportionate to the time already lost.

Defendant's Position: Defendants believe more time for discovery is warranted in order to give the Parties sufficient time to schedule all necessary depositions, taking into account scheduling challenges when there are multiple witnesses, including witnesses located in different parts of the country, necessitating travel.

Defendants' proposed schedule otherwise is largely consistent with the schedule that was in place before the Court sua sponte issued the Stay Order. (See Dkt. 145.) Whereas that schedule contemplated 326 days between the cut-off for fact discovery motions and the pretrial conference, Defendants' proposed schedule below contemplates 329 days. By contrast, Plaintiff's proposed schedule truncates that time to only 196 days, imposing unrealistic timelines for the Parties and making it likely the Parties will have to come back to the Court to ask for more time.

While the time between events in Defendants' proposed schedule largely tracks that of the Parties' most recent stipulated and approved scheduling order, in order to avoid potential scheduling conflicts from compressed timetables, Defendants propose to adjust the time between certain events as follows:

•        Add 13 days between the cut-off for fact discovery motions and the completion of fact discovery, for a total of 49 days (7 weeks), to allow a briefing schedule of 4 weeks for any oppositions and 3 weeks for any replies;

JOINT STATUS REPORT (No. 2:21-cv-01551-TSZ) – 6

HAGENS BERMAN

1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

- Add 19 days between the completion of fact discovery and expert witness reports, for a total of 29 days, to account for multiple expert reports from the Parties;

- Add 1 week between the exchange of expert witness reply reports and the completion of expert discovery, for a total of 3 weeks, to account for the need to schedule multiple expert depositions;

- Add 2 weeks between the completion of expert discovery and the deadline to file dispositive and Daubert motions, for a total of 4 weeks, to allow sufficient time after the close of discovery, including expert discovery, to prepare dispositive and Daubert motions.

Plaintiff's proposed schedule would give the Court limited time to rule on any dispositive motions prior to the start of trial. Plaintiff's proposed condensed timeline leaves just 4 weeks between the completion of dispositive motion briefing and the Parties' deadline to submit the pretrial order, motions in limine, trial briefing, voir dire, and jury instructions. Whereas, Defendants' proposed schedule allows over 4 weeks between the completion of dispositive briefing and motions in limine, and then an additional 4 weeks before the deadline to submit the pretrial order, trial briefing, voir dire, and jury instructions. Not only does this timeline offer the Court more time to decide any dispositive motion before trial, but it also prevents the Parties from expending time and resources preparing for a trial that may not be necessary.

Further, for reasons that are not clear, Plaintiff has proposed to shrink the time between certain events, in a manner that Defendants do not believe is practical or feasible. For example, Plaintiff proposes:

- 0 days between the completion of fact discovery and expert witness reports, rendering it infeasible for expert reports to capture all that is produced in discovery up to the deadline, meaning expert reports may be incomplete;

- 1 week between the exchange of expert witness rebuttal reports and the exchange of expert witness reply reports, when there will be multiple experts from the Parties;

- 2 weeks between the exchange of expert witness reply reports and the completion of expert discovery, when there will be multiple experts from the Parties who will likely need to be deposed in different parts of the country;

JOINT STATUS REPORT (No. 2:21-cv-01551-TSZ) – 7

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

In addition, Plaintiff proposes that document production be completed by March 1, 2026, which Defendants find unrealistic given that, as noted, the Parties expect additional productions will be made over the next few months and potentially through May 2026, and are continuing to meet and confer over disputed issues.

If the Court declines to extend the stay, Defendants respectfully request a status conference to discuss the proposed schedule.

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Completion of Document Production | March 1, 2026 | May 1, 2026 |
| Fact Discovery Motions Cut-off | July 3, 2026 | September 3, 2026 |
| Oppositions to any Fact Discovery Motions | July 17, 2026 | October 1, 2026 |
| Replies to any Fact Discovery Motions | July 24, 2026 | October 22, 2026 |
| Completion of Fact Discovery | August 21, 2026 | October 22, 2026 |
| Expert Witness Reports | August 21, 2026 | November 20, 2026 |
| Exchange of Rebuttal Reports | September 11, 2026 | January 8, 2027 |
| Exchange of Reply Reports | September 18, 2026 | February 5, 2027 |
| Completion of Expert Discovery | September 25, 2026 | February 26, 2027 |
| Deadline to File Dispositive Motions and Daubert Motions | October 2, 2026 | March 26, 2027 |
| Oppositions to any Dispositive or Daubert Motions | October 30, 2026 | April 23, 2027 |
| Replies to any Dispositive or Daubert Motions | November 20, 2026 | May 14, 2027 |
| Motions in Limine | December 18, 2026 | June 4, 2027 |
| Pretrial Order Due | December 18, 2026 | July 2, 2027 |
| Trial Briefs, Voir Dire, Jury Instructions | December 18, 2026 | July 2, 2027 |
| Pretrial Conference | January 15, 2027 | July 29, 2027 |
| Jury Trial Date Start | February 1, 2027 | August 16, 2027 |

JOINT STATUS REPORT (No. 2:21-cv-01551-TSZ) – 8



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

DATED: January 28, 2026

By: */s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
Catherine Y. N. Gannon (WSBA No. 47664)
Sean R. Matt (WSBA No. 21972)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
catherineg@hbsslaw.com
sean@hbsslaw.com

Lucas E. Gilmore (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
lucasg@hbsslaw.com

Raffi Melanson (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
raffim@hbsslaw.com

*Lead Counsel for Lead Plaintiff Jaeger*

Stacey M. Kaplan (*pro hac vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
skaplan@ktmc.com

Gregory M. Castaldo (*pro hac vice*)
Evan R. Hoey (*pro hac vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
gcastaldo@ktmc.com
ehoey@ktmc.com

*Additional Counsel for Lead Plaintiff Jaeger*

By: */s/ Peter B. Morrison*
Peter B. Morrison (*pro hac vice*)
Virginia F. Milstead (*pro hac vice*)
Winston Hsiao (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**
2000 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (213) 687-5000
peter.morrison@skadden.com
virginia.milstead@skadden.com
winston.hsiao@skadden.com

By: */s/ Sean C. Knowles*
Sean C. Knowles, WSBA No. 39893
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Telephone: (206) 359-8000
sknowles@perkinscoie.com

*Attorneys for Defendants*
*Zillow Group, Inc., Richard Barton,*
*Allen Parker, and Jeremy Wacksman*

JOINT STATUS REPORT (No. 2:21-cv-01551-TSZ) – 9

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX