The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JEREMY JAEGER, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>ZILLOW GROUP, INC., *et al.*,<br><br>                              Defendants. | No. 2:21-cv-01551-TSZ<br><br>**STIPULATED MOTION & [PROPOSED] ORDER FOR APPROVAL OF CLASS NOTICE**<br><br>**NOTE ON MOTION CALENDAR:**<br>March 16, 2026 |

The parties, by and through their attorneys of record, respectfully request the Court enter the proposed order set forth below regarding approval of Class Notice.

In support of their request the parties represent the following to the Court:

WHEREAS, by an Order dated August 23, 2024, the Court certified the above-captioned action (the "Action") to proceed as a class action on behalf of a Class consisting of:

> All persons or entities who purchased or otherwise acquired Zillow Group, Inc. Class A common stock or Class C capital stock during the period from August 5, 2021, to November 2, 2021, inclusive (the "Class Period"), and were damaged thereby.

WHEREAS, Defendants filed a petition for leave to review the certification Order under Rule 23(f), which was granted on October 24, 2024, and therefore this Court entered a stay of proceedings until Defendants' Rule 23(f) Appeal was resolved. Dkt. 149.

WHEREAS, the Ninth Circuit entered a memorandum opinion on September 26, 2025, affirming the Court's certification Order and remanded the case back to the district court on January 14, 2026.

WHEREAS, on February 19, 2026, this Court lifted the stay, entered a new case schedule, and directed the parties to file a joint status report on a proposed class notice plan no later than March 16, 2026. Dkt. 157.  The Parties, having conferred, stipulate and, subject to the Court's approval, agree as follows:

1.     The Parties agree to the use of the form of the Notice of Pendency of Class Action (the "Long Notice"), the Summary Notice of Pendency of Class Action (the "Summary Notice"), and the proposed Postcard Notice of Pendency of Class Action ("Postcard Notice") attached as Exhibits 1, 2, and 3, respectively.[1] The Parties also agree to use the proposed form entitled Request to be Excluded from the Class ("Opt-Out Form"), attached as Exhibit 4. The Parties also attach as Exhibit 5, the Declaration of Paul Mulholland, President of Strategic Claims Services, Inc., Regarding Providing Notice of Class Certification to Members of the Class ("Mulholland Declaration") which sets out additional detail on the qualification and experience of Strategic

---

[1] The Long Notice, Summary Notice, and Postcard Notice are collectively referred to as the "Notices."

STIPULATED MOTION & [PROPOSED] ORDER FOR
APPROVAL OF CLASS NOTICE – 1
No. 2:21-cv-01551-TSZ
011060-11/2847587 V2

Claims Services, Inc. ("SCS"), as well as its proposed role in disseminating class notice in this matter.

2.     The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B), as they clearly and concisely state in plain and easily understood language all of the following: (a) the nature of the Action; (b) the definition of the certified Class; (c) the Class claims, issues, or defenses; (d) a Class Member's right to enter an appearance through an attorney if the member so desires; (e) a Class Member's right to be excluded from the Class; (f) the time and manner for requesting exclusion; and (g) the binding effect of a Class judgment on members under Federal Rule of Civil Procedure 23(c)(3). The Notices, method, and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and of due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3.     Plaintiff selects Strategic Claims Services, Inc. as the Notice Administrator.

4.     Defendant Zillow Group, Inc. ("Zillow") shall use reasonable efforts to, within twenty-one (21) calendar days after entry of the accompanying Order for Approval of Notice and Summary Notice (the "Order") and at no cost to the Class, have its transfer agent provide or cause to be provided to the Notice Administrator security holder records (consisting of the security holder names, addresses, and email addresses to the extent the transfer agent has access to them) in electronic form, identifying all persons or entities who purchased Zillow securities during the period from August 5, 2021 to November 2, 2021, both dates inclusive. Class Counsel shall be responsible for all other costs associated with disseminating the Notices.

5.     Not later than thirty (30) calendar days from entry of the Order ("Notice Date"), the Notice Administrator shall distribute the Notices, as outlined in the Mulholland Declaration, and substantially in the form attached hereto as Exhibits 1-3, to be either (a) emailed to Class Members for whom the Notice Administrator is able to obtain email addresses or (b) mailed, by first-class mail, postage prepaid, to Class Members at the addresses set forth in the records

provided by Zillow's transfer agent, if no email address can be obtained, or who may otherwise be identified with reasonable effort.

6.    The Notice Administrator shall use reasonable efforts to give notice to Nominees[2] such as brokerage firms and other persons and entities who may have, for the beneficial interest of any person or entity other than itself or themselves, purchased Zillow securities during the period from August 5, 2021, to November 2, 2021, both dates inclusive. Ex. 5 at ¶¶ 6-7. Such Nominees shall, within seven (7) calendar days of receipt of the Notice, either:

(a) request sufficient copies of the Postcard Notice from the Notice Administrator to mail to the beneficial owners and, within seven (7) calendar days of receipt of those Postcard Notices, mail the Postcard Notice to all such beneficial owners; or

(b) request the link to the electronic copy of the Long Notice from the Notice Administrator and, within seven (7) calendar days of receipt of the link to the electronic Long Notice, email the Long Notice to beneficial owners; or

(c) provide a list of the names, addresses, and email addresses, to the extent email addresses are available, of all such beneficial owners to the Notice Administrator, where after the Notice Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners.

7.    If the Notice Administrator receives an email address for a beneficial owner, the Notice Administrator shall email the Notice to the beneficial owner. Nominees who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing of the Postcard Notice and/or emailing of the link to the electronic Long Notice was made and shall retain their mailing and/or emailing records for use in connection with any further notices that may be provided in the Action. *Id.* Upon full compliance with these directions, such Nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Notice Administrator with proper documentation supporting

---

[2] It is anticipated that a large majority of Class Members will be beneficial purchasers who hold their securities in "street name," i.e., the securities are purchased by banks, brokers, and other entities known as Nominees. The Notice Administrator has identified approximately 2,400 Nominees and this list is continuously monitored and updated as needed.

STIPULATED MOTION & [PROPOSED] ORDER FOR
APPROVAL OF CLASS NOTICE – 3
No. 2:21-cv-01551-TSZ

011060-11/2847587 V2

the expenses for which reimbursement is sought. The reimbursement to Nominees shall not exceed $0.02 per name, address, and email address provided to the Notice Administrator; $0.02 per link to the Long Notice actually emailed by Nominees; or $0.02 plus postage at the current pre-sort rate used by the Notice Administrator per Postcard Notice mailed directly to beneficial owners by Nominees.

8.    Contemporaneously with the mailing of the Postcard Notice, the Notice Administrator shall cause a copy of the Notices, substantially in the form attached as Exhibits 1-3, to be posted on the Notice Administrator's website, www.JaegervZillowLitigation.com. Ex. 5 at ¶¶ 5,8. Class Members will be able download copies of the Notices. *Id.* at ¶ 8. The case website will also provide an overview of the case and highlight important dates, such as the Exclusion Deadline. The Notice Administrator will also post on the case website the proposed Opt-Out Form.

9.    The Notice Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published once in *Investor's Business Daily* and issued once over *Globe Newswire, each* within ten (10) calendar days of the mailing of the Postcard Notice. *Id.* at ¶ 5.

10.    The Notice Administrator will also maintain a toll-free telephone number and email address that will be staffed with customer service representatives trained to answer questions about the Action. *Id.* at ¶ 8.

11.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons and entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to be excluded from the Class shall mail a written request by first class mail, postmarked no later than 60 calendar days from the Notice Date, to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member requests exclusion from the Class in *Jaeger v. Zillow Group Inc., et al.*, Case No.: 2:21-cv-01551-TSZ, and it must: (i) state the name, address, telephone number, and email address of the person or entity requesting exclusion; (ii) state the number of Zillow securities purchased, acquired, sold, and/or disposed during the Class

Period, as well as the dates and prices of each such purchase, acquisition, sale, and/or disposition; (iii) be signed by the person or entity requesting exclusion, or an authorized representative thereof; and (iv) include account documentation reflecting the person or entity's purchase and sale of Zillow securities during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12.    Any Class Member who retains separate counsel in connection with this matter must enter an appearance, as set out in the Long Notice, no later than seventy-five (75) calendar days after the Notice Date. Within eighty (80) calendar days after the Notice Date, Class Counsel will forward to counsel for Defendants any notices of appearance that were mailed to Class Counsel but not filed with the Court.

13.    Class Counsel shall file with the Court proof of mailing of the Postcard Notice, proof of publication of the Summary Notice, and proof of posting of the Notice on the Notice Administrator's website within ten (10) calendar days following the Summary Notice publication date. Class Counsel shall also file with the Court an affidavit setting forth a list of all persons and entities who have validly and timely requested exclusion from the Class within fourteen (14) calendar days following the expiration of the exclusion deadline.

14.    At minimum, the Notice Administrator will perform the following tasks to complete adequate notice to Class Members: (1) set up a case website which will host copies of the Long Notice, Summary Notice, Postcard Notice, Opt-Out Form, operative Complaint, relevant Court orders, and all other pertinent information for Class Members; (2) assist in preparing the Long Notice, Summary Notice, Postcard Notice, Opt-Out Form, and the email link to the electronic Long Notice; (3) notify Nominees of the appropriate manner to provide the Notices to potential Class Members who are beneficial holders; (4) set-up a database for Class Members' information, a phone system, and a frequently asked questions protocol for use by the Notice Administrator's customer service representatives; (5) perform email verification for all emails received and perform National Change of Address search for pre-mailings of the Postcard Notice; (6) disseminate, by email, where possible, or by mailed Postcard Notice, notice to Class

STIPULATED MOTION & [PROPOSED] ORDER FOR
APPROVAL OF CLASS NOTICE – 5
No. 2:21-cv-01551-TSZ

Members who can be identified with reasonable effort; (7) publish the Summary Notice once over the *Globe Newswire* and once in the *Investors' Business Daily*; (8) perform skip-tracing for Postcard Notices returned to SCS as undeliverable; (9) update the Class information database to include updated contact information and other updated information regarding Class Members; (10) handle and respond to all phone call questions from Class Members; (11) respond to all other questions via e-mails, letters, and other correspondence from Class Members; (12) correspond with brokers and institutions to answer any questions and assist with any information concerning administrative matters regarding the Action; (13) review and process all opt-out requests; (14) prepare declarations as required by the Court throughout the administration process; and (15) perform all other actions as directed by Lead Plaintiff's counsel or the Court. Ex. 5 at ¶ 9.

15.    Below is a table of the material notice dates described above.

| Event | Date |
| --- | --- |
| Order granting stipulation for class notice and summary notice ("Order Date") | Order Date |
| Zillow or its transfer agent provides security holder records identifying all persons or entities who purchased Zillow securities during the Class Period to the Notice Administrator | 21 days after Order Date |
| Notice Administrator distributes Notices and publishes case website ("Notice Date") | 30 days after Order Date |
| Notice Administrator facilitates publication of the Summary Notice in *Investor's Business Daily* and in *Globe Newswire* ("Notice Publication Date") | 10 days after Notice Date |
| Exclusion Deadline | 60 days after Notice Date |
| Appearance Deadline for attorneys acting as separate counsel on behalf of any Class Members | 75 days after Notice Date |
| Class counsel files proof of dissemination of Notices | 10 days after Notice Publication Date |

STIPULATED MOTION & [PROPOSED] ORDER FOR
APPROVAL OF CLASS NOTICE – 6
No. 2:21-cv-01551-TSZ
011060-11/2847587 V2

| Class counsel files affidavit identifying all persons and/or entities who have requested exclusion | 14 days after Exclusion Deadline |
|---|---|

IT IS SO STIPULATED.

DATED: March 16, 2026

By:     /s/ Steve W. Berman
Steve W. Berman, WSBA No. 12536
By:     /s/ Catherine Y. N. Gannon
Catherine Y. N. Gannon, WSBA No. 47664
By:     /s/ Sean R. Matt
Sean R. Matt, WSBA No. 21972
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
catherineg@hbsslaw.com
sean@hbsslaw.com

Lucas E. Gilmore (admitted pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com

Raffi Melanson (admitted pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Lead Counsel for Lead Plaintiff Jaeger*

Stacey M. Kaplan (admitted pro hac vice)
**KESSLER TOPAZ MELTZER
& CHECK, LLP**
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

By:     /s/ Peter B. Morrison
Peter B. Morrison (admitted pro hac vice)
Virginia F. Milstead (admitted pro hac vice)
Winston Hsiao (admitted pro hac vice)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile: (213) 521-5000
Peter.Morrison@skadden.com
Virginia.Milstead@skadden.com
Winston.Hsiao@skadden.com

By:     /s/ Sean C. Knowles
Sean C. Knowles, WSBA No. 39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SKnowles@perkinscoie.com

*Attorneys for Defendants
Zillow Group, Inc., Richard Barton,
Allen Parker, and Jeremy Wacksman*

STIPULATED MOTION & [PROPOSED] ORDER FOR
APPROVAL OF CLASS NOTICE – 7
No. 2:21-cv-01551-TSZ

011060-11/2847587 V2

skaplan@ktmc.com

Gregory M. Castaldo (admitted pro hac vice)
Evan R. Hoey (admitted pro hac vice)
**KESSLER TOPAZ MELTZER**
**& CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com
ehoey@ktmc.com

*Additional Counsel for Lead Plaintiff Jaeger*

STIPULATED MOTION & [PROPOSED] ORDER FOR
APPROVAL OF CLASS NOTICE – 8
No. 2:21-cv-01551-TSZ

011060-11/2847587 V2

# [PROPOSED] ORDER

IT IS SO ORDERED.


DATED: _____          _____

THOMAS S. ZILLY
United States District Judge

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

/s/ <i>Steve W. Berman</i>
Steve W. Berman

STIPULATED MOTION & [PROPOSED] ORDER FOR
APPROVAL OF CLASS NOTICE – 10
No. 2:21-cv-01551-TSZ

011060-11/2847587 V2